UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:23-cr-241 (TSC) |
| | : | |
| **CINDY YOUNG,** | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR TRAVEL TO INSPECT THE UNITED STATES CAPITOL**

The United States of America, by and through the undersigned Assistant U.S. Attorneys, respectfully asks this Court to deny Defendant Young's motion to inspect the United States Capitol on May 5, 2024. This is a private tour, approved by Congress and the United States' Capitol Police, for attorneys and investigators only. The government does not, however, oppose Defendant Young's request to travel to Baltimore, Maryland on May 4 through May 6, 2024 in order for her to meet and confer with her counsel in preparation of trial.

First, Defendant Young's motion to inspect the Capitol includes a key misstatement and omission. Counsel for Defendant Young states that he was invited to tour the Capitol on April 22, 2024. ECF No. 29 at 1. This is incorrect. The government invited counsel to tour the Capitol via email on April 1, 2024.[1] The motion omits that this email included instructions regarding specifically ***who*** could attend the tour. Additionally, attached to the email was a letter detailing the parameters of the tour such as the: prospective dates, instructions on how to sign up, restrictive number of attendees per case, and the type of attendees permitted to visit. *See* Exhibit 1. The

---

[1] On April 22, 2024, one of the undersigned AUSAs sent an invitation letter to counsel for a *separate* January 6 case. At this time, counsel did have an out-of-office automatic reply. Counsel is not seeking permission for his client in that case to attend the tour.

government did not receive an "out-of-office" reply. On April 4, 2024, counsel for Defendant Young sent an email related to Defendant Young's case but did not acknowledge the April 1, 2024 invitation email. On Sunday, April 28, 2024, counsel emailed the government asking for its position of Defendant Young attending the tour. On April 29, 2024, the government reiterated it's position that the tour is for investigators and attorneys only. On May 2, 2024, counsel for Young filed this present motion (ECF No. 29) after the United States Capitol Police have already received a list of named investigators and attorneys (including counsel for Defendant Young) approved to visit.

Second, Cindy Young has not cited a single case supporting a discovery right to inspect the crime scene—especially at a location as sensitive as the U.S. Capitol. *See United States v. Bullcoming*, 22 F.4th 883, 889 (10th Cir. 2022) ("[Defendant] has pointed us to no support for the proposition that a federal court has authority to order access to the property of a third party for purposes of discovery in a criminal case.").[2] Defendant Young's request to tour sensitive areas of the Capitol is inappropriate and not necessary for trial prep. Beyond a pro se defendant[3], no other January 6 defendants are scheduled to attend the May 5, 2024, private tour. This tour, approved by Congress and the United States' Capitol Police, has been permitted *only* for attorneys and investigators, on both sides, exclusively as they will be touring sensitive areas of the Capitol. Defendant Young

---

[2] Several states have recognized a constitutional right to inspect the crime scene, but those decisions are based on state constitutions and discovery rules that provide broader rights than their federal equivalents. *See, e.g.*, *State v. Tetu*, 386 P.3d 844, 852 (Haw. 2016); *Henshaw v. Commonwealth*, 451 S.E.2d 415, 419 (Va. Ct. App. 1994).

[3] In *United States v. William Pope*, 21-cr-128 (RC), Judge Contreras granted the pro se Defendant's request to tour the Capitol, ruling "The fact that the government has seen fit to give tours of the Capitol to defense counsel in January 6 cases seems to be an acknowledgment that inspections of the U.S. Capitol Building and grounds are material to all January 6 defendants' defenses. Because William Pope as a pro se defendant is entitled to those same rights, he has a right to inspect the Capitol Building and grounds." Dkt Entry 4/25/24. This is not the case of Cindy Young, who is represented by Counsel who is scheduled to attend the tour on May 5, 2024.

(who stood outside the House of Representative floor while the mob chanted "Break it down!" as members and staff evacuated) is charged with crimes relating to the breach of the Capitol on January 6, 2021. To allow her access to restrictive areas on the Capitol is a security concern. Additionally, Defendant Young has access, through her attorney, to both case specific and global discovery. Within both case specific and global discovery, Defendant Young can view all Capitol CCTV cameras and maps, which will allow her to properly prepare for trial and eliminates the need for Defendant Young to personally tour sensitive areas herself.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests this Court deny Defendant Young's motion in part and grant her request to travel to Baltimore, Maryland for trial prep.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Rebekah E. Lederer*
Assistant United States Attorney
Pennsylvania State Bar No. 320922
601 D St., NW
Washington, D.C. 20530
(202) 252-7012
rebekah.lederer@usdoj.gov

*/s/ Pavan S. Krishnamurthy*
PAVAN S. KRISHNAMURTHY
Assistant United States Attorney D.C. Bar No. 252831
601 D Street NW
Washington, DC 20001
(202) 252-7862
pavan.krishnamurthy@usdoj.gov