UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                   )     No. 23-cr-241 (GMH)<br>)<br>CINDY YOUNG,                                           )<br>)<br>                            Defendant.              )<br>) | |

**ORDER**

      Among the many conditions of Defendant Cindy Young's pretrial release is one requiring her to "[s]tay away from Washington, D.C. except for attendance at Court proceedings, meeting with counsel, and required [Pretrial Services Agency] business."  On May 2, 2024, Defendant filed a "Motion for Permission to Travel to DC to Inspect the Capitol."[1]  ECF No. 29.  In it, Defendant's counsel asserts that the government has invited the attorneys of defendants charged in connection with the events at the Capitol on January 6, 2021, to participate in a guided tour of the Capitol on May 5, 2024, that will include access to areas normally restricted to the public.  *Id.* at 1.  Defendant seeks permission "to travel to Baltimore and Washington, D.C. from May 4 through May 6 to visit her attorney and participate" in that tour because "many of the areas relevant to her case are restricted to public access and can only be viewed on the special tour being offered by the Government for January 6 attorneys on May 5, 2024."  *Id.* at 2.  The Pretrial Services Agency does not oppose the request.  *See id.* at 1.

      The government has no objection to permitting Defendant to travel to Washington, D.C., to confer with her attorney.  It does, however, oppose Defendant's request to take part in a tour

---

[1] It is not clear why Defendant's counsel waited so long to make his application.  The government points out that his invitation to take part in the tour was emailed on April 1, 2024.  *See* ECF No. 30 at 1; ECF No. 30-1.

that has been "approved by Congress and the U.S. Capitol Police . . . *only* for attorneys and investigators" and will access "sensitive areas of the Capitol," because including Defendant is "a security concern," she "has not cited a single case" in support of her request, and she "has access, through her attorney, to both case specific and global discovery," including "all Capitol CCTV cameras and maps, which will allow her to properly prepare for trial and eliminates the need for Defendant Young to personally tour sensitive areas herself." ECF No. 30 at 2–3.

The government (rather than Defendant) has identified one case in which judge of this court—Judge Contreras—permitted a January 6 defendant to participate in a similar tour of the Capitol, but distinguishes it because the court in that case relied on the fact that the defendant was proceeding *pro se*. *See id.* at 2 n.3 (citing Minute Order, *United States v. Pope*, No. 21-cr-128 (D.D.C. Apr. 25, 2024). The legal basis for Judge Contreras' decision was Rule 16(a)(1)(E) of the Federal Rule of Criminal Procedure, which provides that "[u]pon a defendant's request, the government must permit the defendant to inspect . . . buildings or places . . . if the item is within the government's possession, custody and control and . . . the item is material to preparing the defense," among other things. The advisory committee's notes to that provision (which used to be found in Rule 16(b)) state that "[b]ecause of the necessarily broad and general terms in which the items to be discovered are described," the defendant has the burden "to make a showing of materiality to the preparation of his defense and that his request is reasonable." Fed. R. Crim. P. 16, advisory committee's note to 1966 amendment. Defendant has not even attempted to make such a showing here. She has already toured the public areas of the Capitol with her attorney to help prepare her defense. *See* ECF No. 29 at 2. She has not explained why it is necessary that she view the restricted areas that will be toured, except for the conclusory assertion that "many of the areas relevant to her case are restricted to public access." *Id.* She has not explained why it is not

sufficient for her counsel and an investigator to tour those areas. She has not explained why the evidence to which she already has access, which includes maps and CCTV footage, are inadequate for her needs. In sum, she has not met her burden to show that her attendance on this restricted tour is "material to preparing [her] defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Accordingly, it is hereby

**ORDERED** that Defendant's motion is **GRANTED IN PART** to the extent that she may travel to Washington, D.C., to confer with her attorney from May 4, 2024, through May 6, 2024; it is **DENIED IN PART** to the extent that she is not permitted to participate in the May 5, 2024 tour of the Capitol including restricted areas that has been approved by Congress and the U.S. Capitol Police for attorneys and investigators.

**SO ORDERED.**

Date: May 3, 2024.

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE