<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF COLUMBIA**</u>

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-241 |
| | ) | |
| YOUNG | ) | |
| _____ | ) | |

<u>**DEFENDANT CINDY YOUNG'S PROPOSED JURY INSTRUCTIONS**</u>

Pursuant to the Court's Pretrial Scheduling Order of December 21, 2023, Defendant Cindy Young, by and through counsel, respectfully requests that the Court provide the jury with the following instructions relating to the elements of the offenses.

## COUNT ONE  - ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS.

Count 1 of the information charges the defendant with entering or remaining in a restricted building or grounds.

<u>Elements[1]</u>

In order to find the defendant guilty of entering or remaining in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

---

[1] The Government's proposed instructions do not include a heading for "Elements." The Defendant requests that a heading be added to emphasize to the jury the importance of meeting the elements. The same applies to headings for "definitions" so as not to confuse the jury.

Second, that the defendant did so knowingly.

<u>Definitions</u>

The term "restricted building or grounds" means any area where the President or other person protected by the Secret Service is or will be temporarily visiting, that is restricted by means of a post, barrier,[2] or other means.[3]

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

A person who enters or remains in a restricted area with a good faith belief that she is entering or remaining with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of Count 1 unless you are convinced beyond a reasonable doubt that she did not have a good faith belief of her lawful authority to enter or remain in the restricted building.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may

---

[2] To avoid confusion for the jury, the Defendant requests the use of the word "barrier" instead of the word "cordoned off" because the two words are synonymous without a material distinction, except that the former is more familiar.

[3] The Government proposes the same definition, but structures the sentence differently. The Defendant submits that her proposal is easier to understand than the Government's proposal.

consider all of the evidence, including what the defendant did or said.[4]

      A person who enters or remains in a restricted area with a good faith belief that she is entering or remaining with lawful authority is not guilty of this offense.  Thus, you cannot find the defendant guilty of Count 1 unless you are convinced beyond a reasonable doubt that she did not have a good faith belief of her lawful authority to enter or remain in the restricted building.[5]

---

[4] The Government's proposal adds the word "or perceived." This proposal should not be adopted. There is no authority for including such language. There is no evidence that the Government can produce that proves what Ms. Young "perceived." Her "perception" is subject to speculation and "mere speculative inferences are never allowable, and cannot be regarded as evidence." *Goodman v. Simonds,* 61 U.S. 343, 359 (1857).

[5] The Government requests that the Court not include language in the definition of knowingly that her good faith is a defense to the charged crimes. The Government acknowledges that such language has been allowed in January 6 cases, but cites out of circuit cases to support its request. There is no compelling reason for the Court to deprive the jury of information regarding a possible defense to the charges that may impact their decision. Accordingly, the Defendant respectfully requests that the language be included in the instructions.

## COUNT TWO – DISORDERLY OR DISRUPTIVE CONDUCT IN A
## RESTRICTED BUILDING OR GROUNDS

Count Two of the Information charges Cindy Young with Disorderly or Disruptive Conduct in a Restricted Building or Grounds which is a violation of federal law.

Elements

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.[6]

Definitions[7]

---

[6] The Defendant's proposed language was used in *United States v. Thompson,* 1:21-cr-161, ECF No. 83 and *United States v. Niemela,* 1:21-cr-623, ECF No. 91. The Defendant proposes this language because the Government's proposal is confusing and means the same thing as what the Defendant proposes. The Government proposes "the defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions." Taken separately, "the defendant's conduct occurred when her conduct in fact impeded…" or "the defendant's conduct occurred such that her conduct impeded…" To say that conduct occurred when said conduct impeded, is the same as saying the conduct impeded; and to say that conduct occurred such that said conduct impeded, is the same as saying the conduct impeded. The extra language adds nothing but confusion, and the jury will be better served without it.

[7] The Government and the Defendant dispute what language should be used for the definitions of "disorderly" and "disruptive." Defendants position is that these terms are within the common understanding of the jury and need not be defined in the jury instructions. To the extent that the Court finds that definitions are necessary, they should be concise and generic in that they should

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances.[89]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" has the same meaning as described in Count One.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident.[10]

A person who engages in conduct with a good faith belief that her conduct is not disorderly or disruptive is not guilty of this offense.   Thus, you cannot find the defendant guilty of Count 2 unless you are convinced beyond a reasonable doubt that she did not have a good faith belief that her conduct was disorderly or disruptive.[11]

_____

not provide examples of conduct that serve no valid purpose and can potentially mislead or improperly influence the jury.

[8] The Government does not cite to other January 6 cases where there proposed language is used. The language suggested by Defendant was used in*, e.g., United States v. Gillespie,* 22-cr-60, ECF No. 62; *United States v Niemela,* 1:21-cr-623, ECF No. 91; *United States v. Thompson,* 1:21-cr-161, ECF No. 91, though those cases add the words, "or interferes with another person by jostling against or unnecessarily crowding that person." The Defendant submits that these examples are unnecessary.

[9] The Government adds "even passive, quiet, nonviolent conduct can be 'disorderly,' if the conduct is likely to cause a public disturbance." These instructions are unnecessary and unfairly prejudicial to the Defendant. The Government cites to *United States v. Alford,* 89 F.4[th] 943, 950 (D.C. Cir. 2024), but that case does not discuss jury instructions. It discusses the outer limits of "disruptive conduct." If this outer limit is to be included, it is only fair that the other extreme also be included, such as, "even jumping up and down and screaming violently can be orderly conduct if done in such a way that it does not cause a public disturbance." Such instructions are not necessary. Whether conduct is disruptive is a matter of common sense that the jury can decide for itself and does not need help from the Government's prejudicial language. *Cf. Keys v. Washington Metropolitan Area Transit Auth.,* 577 F. Supp. 2d 282, 285 (D.D.C. 2008) (the jury can decide for itself matters that relate to common sense).

[10] The Government omits this definition of "knowingly."

[11] The Government omits this good faith defense instruction.

## COUNT THREE – DISORDERLY CONDUCT IN A CAPITOL BUILDING OR

## GROUNDS

Count 3 of the indictment charges the defendant with disorderly or disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted knowingly.

Fourth, that the defendant acted willfully.[12]

<u>Definitions</u>

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The terms "disorderly or disruptive conduct" and "knowingly" have the same meaning described in the instructions for Count Two.

A person acts "willfully" if she acts with an evil-meaning mind, that is to say, that she acted with knowledge that her conduct was unlawful.[13]

---

[12] Willfully and knowingly are two separate standards and should be listed as two separate elements to avoid confusion.

[13] This is the exact language of the definition for willfully provided by the Supreme Court in *Bryan v. United States,* 524 U.S. 184, 194 (1998), *see also, id.,* at 192, (collecting cases that define

**COUNT FOUR – PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL**

**BUILDING.**

Count 4 of the indictment charges the defendant with parading, demonstrating, or picketing in a capitol building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted knowingly.

Third, the defendant acted willfully.

<u>Definitions</u>

The terms "parade" and "picket" have their ordinary meanings.

The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying, walking or standing quietly, or filming or photographing.[14]

---

"willfully" as meaning more than just knowledge that the conduct is unlawful, but that the defendant had a "bad purpose."). In this case it only makes sense that "willful" have a heightened requirement of evil intent. "Knowingly" is defined in Count One as knowledge that the area that she was in was restricted and her presence there was unlawful, yet she intended to be there even though the law forbid her being there. Accordingly, for "willful" to do any work, it must mean more than "she knew her conduct was unlawful and she intended to do something that the law forbids."

[14] The Government includes "gathering with others to express support for or disapproval of an identified action or viewpoint" but this cannot be the definition because that would clearly include constitutionally protected acts such as "gathering" with a small group in silent prayer for

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count 3 defining "United States Capitol Buildings."

The term "knowingly" has the same meaning as that described in the instructions for Count 3.

The term "willfully" has the same meaning as that described in the instructions for Count 3.

---

Congress to vote in a certain way. The Government's footnote acknowledges as much because it adds the words "drawing attention to themselves."

Dated: May 31, 2024

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

*Counsel for Defendant Cindy Young*