UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   No. 23-cr-241 (GMH) |
| | ) |
| **CINDY YOUNG,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Cindy Young, who is charged with four misdemeanors in connection with the events at the Capitol on January 6, 2021, has filed a motion for a bill of particulars as to three of those crimes contending that she has insufficient information about the conduct with which she is charged to prepare a defense. The motion is denied.

**I.      BACKGROUND**

Defendant was originally charged by criminal complaint on June 21, 2023, with violations of 18 U.S.C. § 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G). *See generally* ECF No. 1. As relevant here, Section 1752(a)(2) criminalizes "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engag[ing] in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds," 18 U.S.C. § 1752(a)(2); Section 5104(e)(2)(D) prohibits willfully and knowingly "utter[ing] loud, threatening, or abusive language, or engag[ing] in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress," 40 U.S.C. § 5104(e)(2)(D); and Section 5104(e)(2)(G) proscribes willfully and knowingly

"parad[ing], demonstrat[ing], or picket[ing] in the Grounds or any of the Capitol Buildings," *id.* § 5104(e)(2)(G).

On July 24, 2023, Defendant was charged by Information with the same crimes. *See* ECF No. 12. Judge Chutkan arraigned her on those charges on August 1, 2023. Minute Entry (Aug. 1, 2023). On October 19, 2023, upon the parties' consent to the jurisdiction of a magistrate judge for all purposes, the case was reassigned to the undersigned. *See* ECF Nos. 17–18. Thereafter, Defendant's former attorneys moved to withdraw, requests which the Court granted. *See* ECF Nos. 19–20; Minute Order (Nov. 2, 2023). Defendant's current counsel entered an appearance on November 20, 2023. *See* ECF No. 21.

Defendant filed her motion for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure on May 17, 2024. *See* ECF No. 32. In it, she asserts that the statement of facts supporting the criminal complaint "makes [only] six (6) allegations regarding [her] 'conduct' on January 6": (1) that she "scaled a staircase" on the Capitol grounds; (2) that she entered the Capitol building; (3) that she "traveled through varying areas of the Capitol; (4) that "[a]t some point" she "came into possession of a Trump 2020 and an American flag"; (5) that she "filmed and/or photographed the Rotunda"; and (6) that she stood with a crowd "outside the Chamber doors." *Id.* at 1–2 (quoting ECF No. 1 at 3, 5, 7). She objects that "it is not apparent" from those alleged facts which conduct, "if any, constitutes the 'disorderly' or 'disruptive' conduct that [is] the basis for the charges" under Section 1752(a)(2) and Section 5104(e)(2)(D) and "which of [her] actions constituted parading, demonstrating, and picketing" under Section 5104(e)(2)(G). ECF No. 32 at 2.

## II.     LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure provides in relevant part that "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). "A bill of particulars is 'a formal written statement by the government that provides details of the charges in the indictment'" and is used "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Brown*, No. 22-cr-170, 2024 WL 50977, at *2 (D.D.C. Jan. 4, 2024) (first quoting *United States v. Warnagiris*, 2023 WL 6926491, at *13 (D.D.C. Oct. 19, 2023), and then quoting *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006)). Requests for bill of particulars are "routinely denied," 1 Andrew D. Leipold, Federal Practice and Procedure Criminal § 130 (5th ed.) [hereinafter, Fed. Prac. & Procedure Crim. § 130], and should be ordered only when a court, in the exercise of its discretion, "believes it is *necessary* to allow the defendant[] to adequately prepare for and avoid surprise at trial," *Brown*, 2024 WL 50977, at *2 (emphasis in original) (quoting *United States v. Sutton*, No. 21-cr-598, 2022 WL 1183797, at *2 (D.D.C. Apr. 1, 2022)); *see also* Fed. Prac. & Procedure Crim. § 130 ("Courts . . . will deny a motion if the requested information would simply be helpful to the defense rather than strictly necessary to a fair trial."). As such, it is not to be used "as a discovery tool or a device to preview the government's evidence or theory of the case." *Brown*, 2024 WL 50977, at *2 (quoting *Sutton*, 2022 WL 1183797, at *2). More, "a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery." *United States v. Vaughn*, 722 F.3d 918, 927–28 (7th Cir. 2013). Thus, in ruling on a motion seeking a bill of particulars, a court should consider factors such as "the complexity of the

3

crime charged, the clarity of the [charging document], and the degree of discovery and other sources of information that are available to the defense." *Brown*, 2024 WL 50977, at *2 (quoting *United States v. Connell*, No. 21-cr-84, 2023 WL 4286191, at *2 (D.D.C. June 30, 2023)).

### III.   DISCUSSION

Defendant's motion will be denied for two independent reasons.  First, it is untimely.  The rule allows a motion for a bill of particulars to be brought "before or within 14 days after arraignment." Fed. R. Crim. P. 7(f).  Here, Defendant was arraigned on August 1, 2023, *see* Minute Entry (Aug. 1, 2023); she filed her motion on May 17, 2024, *see* ECF No. 32, 290 days after her arraignment.[1]  The motion is therefore late by more than nine months.  To be sure, the rule allows such a motion to be filed at a later time "if the court permits." Fed. R. Crim. P. 7(f).  But here, Defendant did not seek permission from the Court to file an untimely motion and failed to provide any reason in her opening brief that would support such a request (and she did not file a reply to the government's opposition).  *See, e.g.*, *United States v. Homaune*, 898 F. Supp. 2d 153, 165 (D.D.C. 2012) (denying a motion for a bill of particulars where "the motion came fifty-two days after arraignment—far beyond Rule 7(f)'s fourteen-day default—with no explanation for why his request took so long to lodge"); *see also United States v. Marquez*, No. 21-cr-1510, 2024 WL 2302109, at *3 n.1 (D.N.M. May 21, 2024) ("Under Fed. R. Crim. P. 7(f), a defendant may move for a bill of particulars at a later time if the court permits. Here, Defendant has not provided this Court with good cause or sufficient grounds as to why a bill of particulars should be granted at this juncture. Therefore, in its discretion, this Court declines to permit a bill of particulars."); *United States v. Lorenzo*, No. 19-cr-20215, 2019 WL 3202996, at *2 (S.D. Fla. July 16, 2019) (denying a motion as untimely where it was "seven days late" and the defendant did "not provide any reason

---

[1] Although it is not strictly relevant, the Court notes that the motion was filed 179 days after her current counsel filed his notice of appearance in this case on November 20, 2023.  *See* ECF No. 21.

for the delay, much less offer any 'factual circumstances to indicate good cause for extending the 14-day limit of Rule 7(f)'" (some internal quotation marks omitted) (quoting *United States v. Hinton*, No. 13-cr-32, 2014 WL 12690115, at *3 (M.D. Ga. Apr. 15, 2014))); *United States v. Perez-Trevino*, No. 15-cr-2037, 2016 WL 1367187, at *1–2 (N.D. Iowa Apr. 5, 2016) (rejecting the defendant's explanation that his motion for a bill of particulars was untimely filed because counsel "had waited until he had reviewed the 'voluminous' discovery file" found "little evidence tying Defendant to the alleged conspiracy"); *United States v. Hesson*, No. 15-cr-152, 2015 WL 8273803, at *3 (E.D. La. Dec. 8, 2015) (reversing a magistrate judge's decision granting a motion for a bill of particulars in part because the motion was untimely).

Second, the motion fails on the merits. These are not complex crimes. To be convicted under 18 U.S.C. § 1752(a)(2), the government must show that

> (1) the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building; (2) the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and (3) the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

*United States v. Rivera*, 607 F. Supp. 3d 1, 8 (D.D.C. 2022). Violation of 40 U.S.C. § 5104(e)(2)(D) requires that the defendant (1) "engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings"; (2) "did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress"; and (3) "acted willfully and knowingly." *Id.* at 10. And 40 U.S.C. § 5104(e)(2)(G) prohibits a defendant from (1) "parad[ing], demonstrate[ing], or picket[ing] in any of the United States Capitol Buildings; and (2) doing so "willfully and knowingly." *Id.* "Even mere presence in an unlawful mob or riot" can be "both (1) 'disorderly' in the sense that it furthers the mob's 'disturb[ing] the public peace' and (2) 'disruptive' insofar as it disturbs the normal and peaceful condition of the Capitol grounds and

5

buildings, its official proceedings, and the safety of its lawful occupants." *Id.* at 8 (alteration in original) (first quoting "Disorderly," *Black's Law Dictionary* (9th ed. 2009), and then quoting "Disruptive," *Merriam-Webster.com Dictionary*). A person can "parade" or "demonstrate" when she "[takes] part in a 'public manifestation' in furtherance of 'some political or other cause.'" *Id.* at 11 (quoting "Demonstration," *Oxford English Dictionary* (2nd ed. 1989)). The allegations in the statement of facts accompanying the criminal complaint adequately advise Defendant of the conduct that allegedly violated these statutes.

Additionally, as the government notes, it has provided voluminous discovery—both "case specific" and "global discovery of the riot as a whole"—to Defendant, including "surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, as well as citizen tips." ECF No. 45 at 3 & n.2; *see, e.g.*, *United States v. Ballenger*, No. 21-cr-719, 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022) ("If discovery would provide a defendant with sufficiently precise information, however, then a bill of particulars is not warranted. In this case, no bill of particulars is necessary given the voluminous discovery provided, including videos and still photographs. Defendants have sufficient understanding of the charges against them and the bases therefor." (internal citation omitted)); *see also United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 146–48 (D.D.C. 2015) (rejecting an argument that a bill of particulars was necessary because of "the large volume of material provided by the government apart from the [charging instrument]"), *aff'd*, 902 F.3d 285 (D.C. Cir. 2018). It has also provided a detailed account of Defendant's conduct in a draft statement of offense accompanying a proposed plea agreement (which Defendant has rejected). *See* ECF No. 45 at 3. More, the government's opposition to the motion under consideration contains a summary of Defendant's alleged conduct on January 6, 2021:

6

> On January 6, 2021, the defendant was among the crowd who breached the restricted perimeter and entered the U.S. Capitol Building. After entering the restricted ground, Defendant Young immersed herself in the crowd gathering on the West grounds, where with the assistance of two rioters was pulled up, scaling the Northwest staircase which leads to the Upper West Terrace. At approximately 2:22 p.m., she entered the U.S. Capitol Building through the Senate Wing doors. Young traveled from the first floor of the U.S. Capitol Building, to the second where she passed through the Rotunda and Statuary Hall before joining the growing crowd directly outside the House of Representative's Chamber—all while carry a political flag. Inside the House, members and staff had to be evacuated due to the crowd's presence. Outside the House floor, the crowd chanted "Stop the Steal" and "USA" before overrunning officers and pushing forward to the House Main Doors. Defendant Young was amongst the crowd as it surged forward towards the Main door. Here, the crowd chanted "break it down!" while referring to the final House Main Doors. Half of the crowd, including Young, eventually left the House Main Doors and made their way to the Speaker's Lobby where members of the crowd attempted to access the floor by smashing through the lobby door windows. During subsequent interviews, the defendant admitted that she had entered the U.S. Capitol Building on January 6, 2021, with the intended goal to get to the hearing room to have her voice heard.

*Id.* at 2. That is more than sufficient to allow Defendant to "understand the charges" and "prepare a defense." *Brown*, 2024 WL 50977, at *2 (quoting *Mejia*, 448 F.3d at 445); *see also Mosquera-Murillo*, 153 F. Supp. 3d at 147–48 ("[T]he indictment's failure to detail the government's case against the defendants alone does not trigger a requirement for the government to produce a bill of particulars so long as the information requested by the defendants has been made available in another form, including in the government's responses to this and other defense motions.").

Accordingly, Defendant's motion for a bill of particulars is **DENIED**.

**SO ORDERED.**

Date: June 10, 2024.

                                                   _____
                                                   G. MICHAEL HARVEY
                                                   UNITED STATES MAGISTRATE JUDGE