UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 23-cr-241 (GMH) |
| ) | |
| CINDY YOUNG, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This Order memorializes the Court's decisions on the parties' motions *in limine* and objections to witnesses and evidence, as discussed on the record at the hearings on July 12, 2024, and August 1, 2024.

Defendant's motion seeking to exclude the so-called "Resistance" video, Government Exhibit 424A, ECF No. 35, is **GRANTED IN PART AND DENIED IN PART.** It is denied to the extent that the government may present to the jury the video—truncated as described at the hearings on July 12, 2024, and August 1, 2024, to begin with footage in Statuary Hall moving toward the main doors to the House of Representatives and end before the footage of the shooting—along with its audio track; it is granted to the extent that the government shall obscure in black the banner "RESISTANCE.VIDEO" before showing the video to the jury. Similarly, any still images from the video that are to be admitted as evidence must have the banner redacted in black.

Defendant's motion seeking to admit to maps of the U.S. Capitol building with the locations of CCTV cameras marked, Defendant's Exhibits 201 and 202, ECF No. 36, is **DENIED AS MOOT**. Defendant no longer seeks to admit those maps.

Defendant's motion seeking to preclude the government from "mentioning any police who died or w[ere] injured" in connection with the events in and around the U.S. Capitol on January 6, 2021, ECF No. 38, is **DENIED** in light of the government's assertion that does not plan to elicit such testimony unless it becomes relevant.  The Court will rule on any objections to testimony regarding violence or assaultive conduct against law enforcement as they are raised at trial.  *See, e.g.*, *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) ("[I]n some instances it is best to defer rulings until trial, [when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole.").

Defendant's motion seeking permission to introduce the fact that Defendant has not been accused of violating 18 U.S.C. §§ 2383, 2384, 1512(c)(2), 231(a)(3), or 111(a) or (b), and to explain to the jury during opening and closing arguments the nature of those statutes, ECF No. 39, is **DENIED.**  Defendant has withdrawn the motion.

The government's omnibus motion *in limine*, ECF No. 44, is **GRANTED IN PART AND DENIED IN PART** as noted below:

The government's request to preclude Defendant from presenting evidence or seeking to elicit testimony regarding the specific position of U.S. Capitol Police surveillance cameras is **GRANTED**.  Defendant has withdrawn her request to introduce maps of the Capitol with locations of CCTV cameras marked and will not elicit testimony as to the specific locations of CCTV cameras in the U.S. Capitol.

The government's request to limit Defendant's cross-examination of any United States Secret Service witnesses on their specific tactics and emergency operations is **GRANTED**.

The government's request to prohibit the defendant from making arguments, introducing evidence, or suggesting that "former President Trump or other officials gave the defendant

permission to attack the U.S. Capitol in what are commonly known as 'entrapment-by-estoppel' or 'public authority" defenses,'" ECF No. 44 at 8, is **GRANTED**.  Defendant has agreed not to make a legal argument that the former President or any other government official had authority to give Defendant permission to enter the Capitol building.  Defendant may, however, argue that she did not have the requisite intent, knowledge, or willfulness based on her own observations and she is not precluded from presenting evidence of statements of former President Trump as long as a reasonable inference can be drawn that she was aware of such statements and that the evidence is probative of her state of mind.

The government's request to prohibit Defendant from "arguing that any act or omission of law enforcement to act rendered her conduct legal," ECF No. 44 at 1, is **GRANTED**.  As above, Defendant may argue that she did not have the requisite intent, knowledge, or willfulness based on her own observations and she is not precluded from presenting evidence of police action or inaction as long as a reasonable inference can be drawn that she was aware of such conduct and that the evidence is probative of her state of mind.

The government's request to preclude Defendant from arguing or eliciting evidence that on January 6, 2021, she enjoyed a First Amendment right to protest inside the restricted area around the U.S. Capitol or inside the U.S. Capitol building itself is **GRANTED**.  Argument or testimony regarding the First Amendment will not be permitted.  The Court will revisit this issue outside the presence of the jury at the close of evidence to determine what Defendant will be permitted to argue in closing.  Defendant is not precluded from testifying or arguing that she was at the U.S. Capitol to protest.

The government's request to prohibit Defendant from arguing or introducing evidence that encourages jury nullification, whether during *voir dire* or at trial, including an argument or

evidence that she may face a prison sentence if she's found guilty in this case or about the hardships of prison or the potential effect of incarceration on her family or employment prospects is **GRANTED**. In connection with her argument on this portion of the government's omnibus motion *in limine*, Defendant expressed concern about the government's potential characterization of the events of January 6, 2021, as, for example, an "attack on democracy." As the Court explained on the record at the July 12, 2024 hearing, the government shall avoid characterizing the events of January 6, 2021, during opening statements or while eliciting testimony as an "insurrection," a "coup," a "mob," an "assault on democracy," an "assault on the Capitol," or their equivalent, although it may refer to those events as a "riot." The Court will revisit this issue outside the presence of the jury prior to closing arguments.

The government's request to preclude Defendant from introducing evidence of her own good character or conduct is **GRANTED IN PART AND DENIED IN PART**. It is denied to the extent the Defendant may offer a witness to testify as to her reputation for law-abidingness only, although evidence as to specific instances of Defendant's law-abidingness is precluded. As such, she is prohibited from submitting evidence or engaging in questioning to show that Defendant does not have a criminal record, has not had citizen's complaints lodged against her, or the like. *See, e.g.*, *Gov't of the V.I. v. Grant,* 775 F.2d 508, 512 (3rd Cir. 1985) ("[T]estimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a) [of the Federal Rules of Evidence]."). Relatedly, Defendant will not be permitted to ask testifying law enforcement officers if they checked Defendant's criminal record or if they visited police stations in areas where Defendant lived. To the extent the jury were to make the inference that the testimony showed that Defendant had no criminal record, it is inadmissible for the reasons stated above, *see id.*; to the

4

extent the jury did not make that inference, the testimony would be irrelevant and potentially confusing. The request is granted to the extent that Defendant is precluded from submitting evidence or engaging in questioning about any her reputation for any other character trait.

The government's request to preclude Defendant from comparing her culpability to the culpability of other January 6 Defendants is **GRANTED**. As discussed on the record at the July 12, 2024 hearing, she is not, however, precluded from eliciting testimony that she, herself, did not engage in conduct relevant to her charges, as long as there is no comparison between her conduct and that of other defendants.

The government's request to preclude Defendant from introducing her own out-of-court statements indirectly through other witnesses or evidence is **DENIED** at this stage. "[I]n some instances it is best to defer rulings until trial, [when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Barnes*, 924 F. Supp. 2d at 78.

The government's request to preclude testimony of other January 6 defendants unless and until Defendant presents evidence as to the relevance of such testimony. The motion is **DENIED** as the Court cannot make a blanket ruling on the issue in the absence of further context. *See, e.g.*, *Barnes*, 924 F. Supp. 2d at 78. However, at the hearing on July 12, 2024, the Court addressed some of the issues raised in this motion in connection with a specific witness that Defendant expects to call to testify. The Court ruled that David Sumrall, if he is called to testify, may testify as to what he observed on January 6, 2021, when he was in the proximity of Defendant, as well as other events that he observed if Defendant shows either that she was aware of those events or that the events are relevant to some other issue in this case. He will also be permitted to act as a "pointer" for Defendant, pointing out obvious, relevant occurrences in video evidence that has

been admitted into evidence. The Court reserves any ruling on potential testimony that is not within that witness' personal knowledge until trial.

The government's request that it be permitted to authenticate photo and video evidence in any manner allowed by the Federal Rules of Evidence is **GRANTED** as unopposed. The parties are encouraged to reach stipulations as to the authenticity of exhibits prior to trial.

The government's objections to the testimony of Jacob Chansley, William Watson, Ivan Ranklin, Bao Chau Kelley, and Kirstyn Niemala are **OVERRULED** as Defendant no longer intends to call those witnesses. Its objections to the testimony of Defendant's character witness Noreen Powers and the testimony of Sumrall are resolved as described above.

The government's objection to the testimony of the individual who took the video footage included in Defendant's Exhibit Nos. 401–406 is **SUSTAINED**. That individual will not be permitted to testify.[1]

As to the government's objections to Defendant's proposed exhibits, in light of the Court's prior ruling as to the government's proffer regarding the timeline and path of Defendant's movements on January 6, 2021, and the Court's ruling limiting the admissibility of evidence of her reputation for law-abidingness, Defendant has asserted as to the following proposed exhibits that she does not intend to seek their admission into evidence in her case or through any other witness, although she reserves the right to use appropriate exhibits to refresh witness' recollection or as impeachment: Defendant's Exhibit Nos. 101–163, 301–305, 401, and 407.[2] Any government objections as to Defendant's use of any such exhibits to refresh a witness' recollection or as impeachment will be addressed as interposed at trial.

---

[1] As noted below, the exhibits themselves may be admitted.

[2] Defendant previously withdrew proposed Defendant's Exhibits Nos. 201 and 202.

As to Defendant's Exhibit Nos. 402–406, the government asserted at the August 1, 2024 conference that it does not object to the admission of these exhibits based on authenticity, lack of foundation, relevance, or hearsay.  Therefore, they may be admitted at trial.

In light of this Court's prior ruling as to the government's proffer regarding the timeline and path of Defendant's movements on January 6, 2021, Defendant has withdrawn her objections to Government Exhibit Nos. 101, 102 (as long as the government can lay a proper foundation), 423A (the government has indicated that it will truncate the video prior to the black screen identifying the alleged time and place of the images portrayed), 426, 427, 428, and 429.[3]

**SO ORDERED.**

Date: August 1, 2024.

```
_____
```
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The objection to Government's Exhibit No. 424A—the "Resistance" video—is resolved above.