UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, | ) |
| v. | ) Case No. 1:23-cr-241 |
| CINDY YOUNG<br>*Defendant.* | ) |

### DEFENDANT'S POST VERDICT RULE 33 MOTION FOR A NEW TRIAL

Defendant Cindy Young, by and through counsel, pursuant to the Federal Rules of Criminal Procedure Rule 33, submits this Motion for a New Trial.

The Supreme Court has held that a Defendant is entitled to a new trial if a juror's failure to disclose information denies the Defendant her right to an impartial jury. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 549 (1984). In this case, it was obvious that several jurors were dishonest when answering the most material question during voir dire, namely, the final question:

> INTRODUCTION TO LAST QUESTION: Most of you have heard, read about, or seen media coverage of events at the Capitol on January 6, 2021, and you may have thoughts and opinions about those events. It is only natural to have opinions about such events. However, I am going to instruct the jury in this case that every defendant in a criminal case is presumed innocent, and you must presume the defendant innocent throughout the trial unless and until the defendant is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty of each element of the offense beyond a reasonable doubt. The defendant does not have to produce any evidence at trial because she is not required to prove her innocence. Nor is the defendant required to prove any fact in dispute in this case. The law requires that jurors weigh the evidence in a case and reach a verdict fairly and impartially and based solely upon the admitted evidence and instructions of law, which I will give to you. That will be your duty as a juror in this case.
>
> 32. So the question is, no matter what you have heard or seen about events at the Capitol on January 6, 2021, and no matter what feelings or opinions you may

1

>   have formed, do you believe you can put all of that aside and decide this case only on the evidence you receive in court, follow the law that I give you, and decide the case in a fair and impartial manner?

This final question had the effect of negating all prior *voir dire* questions because no matter what the juror said during *voir dire*, the Court could overrule any motion from the Defense to strike for cause so long as the juror answered affirmatively to question 32.

>   Questions 30 and 31 asked the following:

>   30. Do you have strong feelings or opinions about former President Donald Trump or people who support him—whether positive or negative—that would make it difficult for you to serve as a fair and impartial juror in this case?

>   31. Do you have strong feelings or opinions about persons who do not accept the validity of the results of the 2020 Presidential Election—whether positive or negative--that would make it difficult for you to serve as a fair and impartial juror in this case?

These questions are critical in selecting a jury in a January 6 case, especially given the multitude of motions filed by January 6 defendants to transfer venue and the Court's repeated assurances that "the standard *voir dire* process will be sufficient" to ensure a fair trial. *See, e.g., United States v. Nassif*, 628 F. Supp. 3d 169, 188 (D.D.C. 2022).

>   Affirmative answers to Questions 30 and 31 by themselves should have been sufficient for the Court to strike for cause. Were race a central issue and a juror affirmatively volunteered that he or she "has strong feelings or opinions about a person's race - whether positive or negative - that would make it difficult for he or she to serve as a fair and impartial juror in this case," that juror would rightly be struck for cause, regardless of whether they also stated that they could put their repugnant racist views aside and decide the case in a fair and impartial manner. The same law should apply here. *See Smith v. Phillips*, 455 U.S. 209, 226-28 (1982) (Marshall, J., dissenting) (finding that juror bias exists whenever there is "the absence of a balanced perspective").

2

Here, there is no dispute that part of the Government's trial strategy was to portray the Defendant to the jury as a supporter of Donald Trump that had questions about the 2020 election by, for example, introducing evidence of the Defendant waiving a Trump flag and showing a clip from a news interview from prior to January 6. Moreover, her presence at the Capitol on January 6 would be enough for potential jurors to presume that she supported Donald Trump. It is equally obvious that support for Donald Trump is at issue in, and indeed central to, all January 6 cases. This Court has held repeatedly that January 6 is a *sui generis,* and protests for Black Lives Matter or Hamas are not comparable. The unique nature of January 6 is not because of the intensity of the riot - Black Lives Matter riots were more intense as they lasted in many cases for days and weeks with widespread assaults on police and the burning of buildings, whereas January 6 only lasted a few hours and was centered around a single building. The Court's and the Government's position is that January 6 is unique because it was an attack on Democracy and the peaceful transition of power - specifically, the transition from Donald Trump to Joe Biden. Just as a person who openly admits to being racist such that it would be "difficult" to be "fair and impartial" should be struck for cause even if they also said they can be "fair and impartial," potential jurors who answered that it would be difficult to be "fair and impartial" with respect to questions 30 and 31 should have been struck for cause, even if they also answer that despite the prejudices that they openly admitted to holding, they believe they could "put all that aside" and "decide the case in a fair and impartial manner."

As one example, one juror was allowed to be empanelled despite answering affirmatively to Question 30 and further indicating upon questioning that they harbored overt prejudices against someone who would wear a MAGA hat. The Court overruled Defendant's objection to

strike for cause because the juror answered affirmatively to Question 32. Defendant had to use one of her three peremptory strikes to remove that juror.

Obviously jurors who openly admitted that they would have difficulty being fair and impartial to Trump supporters were not being honest when they answered affirmatively to Question 32. But more troubling were potential jurors who were not honest when they answered Questions 30 and 31. As one example, since the trial, Defendant has learned through publicly available and easily accessible sources[1] that one of the jurors works for a law firm that filed a brief in one of the high profile cases about Donald Trump that clearly demonstrates at the very least bias against those who believe that the 2020 election was stolen - if not an outright belief that everyone who was present at the Capitol on January 6, including the Defendant, was involved in a conspiracy with Donald Trump to subvert the results of the 2020 election. The juror works for a law firm where several of their fellow lawyers took a position in a related legal case that was directly opposed to Donald Trump and by extension this Defendant. The juror's employment at a law firm that publicly advocated a position that clearly demonstrates bias was relevant information that the juror should have disclosed in response to Questions 30, 31, and/or 32 so that the Defendant could question them about it. The failure to do so is grounds for a mistrial.

There were several other examples where the jurors answered dishonestly to Question 32. These examples are apparent from the transcript and Defendant reserves the right to argue this point in more detail if necessary on appeal.

It is also worth noting that the Court allowed, over Defendant's objection, a juror who had previously sat on a jury for another January 6 case. This is a *sui generis* situation that can

---

[1] These sources are provided under seal as Exhibit A. As these sources are matters of public record and not reasonably in dispute, the Court may take judicial notice of them.

only apply to January 6, namely, a juror who previously sat on a different case involving the same crime on the same day at the same place at the same time with the same evidence and the same witnesses. There is no need for speculation as to how this juror voted on the previous January 6 case because in the hundreds of trials not a single juror has voted against conviction. Here, the Government was able to get a free vote in its favor, while the Defendant on the other hand only had three peremptory strikes to use, and there were other jurors that in Defendant's opinion based on the *voir dire* were equally or more obviously biased against Trump supporters necessitating her to use her strikes on those jurors instead.

The mere fact that it is known that at least one juror has sat on two January 6 cases should inform the Court that the District of Columbia is no longer a suitable venue to try January 6 cases - if it ever was to begin with. One of the reasons this Court has denied motions to transfer venue in January 6 cases is because "Washington, D.C.'s size and characteristics weigh against transfer." *United States v. Brock*, 628 F. Supp. 3d 85, 95 (D.D.C. 2022). The fact that a juror can be chosen for a jury not once but twice suggests that the Government's calculations as to the actual size of the D.C. jury pool needs to be reconsidered. Moreover, this juror was not being honest when she said that she could be impartial because she has already made a decision about a similarly situated person in a previous case.

Respectfully, the Court abused its discretion by allowing this juror over the Defendant's objection. It became especially apparent when the Defendant made a request to communicate with the jurors pursuant to Local Criminal Rule 24.2(b) ("After a verdict is rendered or a mistrial is declared but before the jury is discharged, an attorney or party may request leave of court to speak with members of the jury after their discharge. Upon receiving such a request, the Court shall inform the jury that no juror is required to speak to anyone but that a juror may do so if the

juror wishes."). Without going into detail about what occurred after trial when the Defendant, the Court and the Government together went back to the jury room, there was reason to believe that there was at least some surprise among at least one member of the jury that a juror who had previously served on another January 6 trial was allowed to serve a second time.

In sum, the jury was not fair and impartial and therefore a new trial should be granted.

## ARGUMENT

The court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Supreme Court has stated:

> One touchstone of a fair trial is an impartial trier of fact — "a jury capable and willing to decide the case solely on the evidence before it." *Smith* v. *Phillips*, 455 U.S. 209, 217 (1982). *Voir dire* examination serves to protect that right by exposing possible biases, both known and unknown, on the part of potential jurors. Demonstrated bias in the responses to questions on *voir dire* may result in a juror's being excused for cause; hints of bias not sufficient to warrant challenge for cause may assist parties in exercising their peremptory challenges. The necessity of truthful answers by prospective jurors if this process is to serve its purpose is obvious.

*McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984). "[T]he honesty or dishonesty of a juror's response is the best initial indicator of whether the juror in fact was impartial." *Id.*, at 556 (Blackmun, J. Concurring). As Justice O'Connor stated,

> Determining whether a juror is biased or has prejudged a case is difficult, partly because the juror may have an interest in concealing his own bias and partly because the juror may be unaware of it. The problem may be compounded when a charge of bias arises from juror misconduct, and not simply from attempts of third parties to influence a juror.
>
> …
>
> While each case must turn on its own facts, there are some extreme situations that would justify a finding of implied bias. Some examples might include a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction. Whether or not the state proceedings result in a

> finding of "no bias," the Sixth Amendment right to an impartial jury should not allow a verdict to stand under such circumstances.

*Smith v. Phillips*, 455 U.S. 209, 221-22 (1982) (O'Connor, J., Concurring).

This Court has put itself in a precarious position by denying the multitude of motions to transfer venue and insisting that *voir dire* could eliminate the potential for a biased jury. The data has shown that the Jury pool in Washington, D.C. skews overwhelmingly against Donald Trump - 92 percent. This trial shows that several potential jurors, to their credit, were willing to openly and without shame admit their bias, that the mere fact that a Defendant supported Donald Trump or believes that the 2020 election was unfair would by itself make it difficult for them to be fair and impartial. Though many of those same jurors would not also openly answer that their biases make it impossible or at least difficult for them to fulfill their civic duty and moral obligation to decide a case on evidence rather than their admitted prejudice against Trump supporters, the Court should not have taken their answers at face value because, as Justice O'Connor rightly noted, "the juror may have an interest in concealing his own bias" and/or "the juror may be unaware of it." All jurors who affirmatively admitted to having a bias against Trump supporters and/or people who have questions about the 2020 election, and then also answered that they would be fair and impartial, should have been struck for cause for at least two reasons: (1) their answers to Questions 30 and 31 should have disqualified them, and (2) their inconsistent answer to Question 32 demonstrates that they were either deliberately or at least unknowingly providing a dishonest or misleading answer to the most fundamental and material question. *McDonough*, 464 U.S. at 556 ("[T]he honesty or dishonesty of a juror's response is the best initial indicator of whether the juror in fact was impartial.").

Further, the discovery that at least one juror failed to disclose information that indicated bias against January 6 defendants, at least necessitates a hearing to determine if that juror or

others harbored relevant prejudices that were not disclosed and that may have been a cause for the Court to strike, or else would have provided information to the Defendant as to how to allocate her peremptory strikes.

And further, the allowance of a juror who sat on a substantially similar case and voted to convict should have been cause for the Court to strike. The Court's abuse of discretion in allowing that juror put the Defendant in a position to choose between losing one of only three peremptory strikes or else using the strikes on one of the more obviously biased jurors and going to trial before a jury where at least one of the twelve jurors had already made up its mind. This was an impossible choice that should have been avoided by striking the juror for cause.

## CONCLUSION

It is for those reasons that the Court should grant this Rule 33 Motion and grant the Defendant a new trial.

Dated: August 23, 2024

>Respectfully Submitted,
>/s/ Jonathan Gross
>JONATHAN GROSS
>Bar ID: MD0162
>2833 Smith Ave., Suite 331
>Baltimore, MD 21209
>(443) 813-0141
>jonathansgross@gmail.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

/s/ Jonathan Gross