UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| v. | ) Case No. 1:23-cr-241 |
| CINDY YOUNG<br>*Defendant.* | ) |

### DEFENDANT'S POST VERDICT RULE 29 MOTION

Defendant Cindy Young, by and through counsel, pursuant to the Federal Rules of Criminal Procedure Rule 29, submits this Motion for acquittal.

In considering a Rule 29 motion, the Court must view the evidence in the light most favorable to the government and must determine whether the evidence presented at trial is sufficient to sustain a conviction as a matter of law; in other words, the Court must decide whether a reasonable jury could conclude that the government met its burden of proving each element of the offense beyond a reasonable doubt. See United States v. Treadwell, 760 F.2d 327, 333 (D.C. Cir. 1985).

Here, the Government did not meet its burden to sustain a conviction on the two charges under 18 U.S.C. 1752, and it did not meet its burden on the two charges for disorderly conduct.

Regarding the 1752 charges, the evidence at trial showed that the Secret Service did not adopt the Capitol Police's "restricted area." The testimony of Secret Service Agent Elizabeth Glavey was that the Secret Service was completely unaware of what was happening outside the Capitol until Glavey, by happenstance, saw a rioter actually at the window of the Capitol at approximately 2:12 p.m. That means that the Secret Service charged with guarding Vice President Pence inside the Capitol on January 6, 2021, was blissfully unaware of the situation

1

outside the building, including the breach at 12:54 p.m., the decision to fire less lethal weapons at protestors, or the necessity to call the MPD. Even in the light most favorable to the Government, it is not credible that the Secret Service would adopt a "restricted area" and would not be notified of these significant events inside its restricted area. The preponderance of the evidence showed that the Secret Service did not adopt a "restricted area" that day, and accordingly, there was no way to convict the Defendant beyond a reasonable doubt that she entered or remained in or acted disorderly in a restricted area for the purposes of the 1752 charges.

Regarding the disorderly conduct charges, the evidence showed that the Defendant was objectively peaceful. First, the video does not show her acting disorderly in any way. Second, not one but two FBI agents charged with investigating her case indicated that they found her conduct to be peaceful. The first FBI witness admitted on the stand that he had indicated that after reviewing her case he decided not to open a criminal case against the Defendant. The second FBI witness admitted on the stand that he viewed the video of the Defendant on January 6 and concluded that she was peaceful. The jury could not conclude, against the testimony of these witnesses, that the Defendant's conduct, beyond a reasonable doubt, was disorderly. Therefore, the Court should grant acquittal for Counts 2 and 3.

## CONCLUSION

It is for those reasons that the Court should grant this Rule 29 Motion.

Dated: August 23, 2024

                                                  Respectfully Submitted,
/s/ Jonathan Gross
JONATHAN GROSS
Bar ID: MD0162
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

/s/ Jonathan Gross