UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CINDY YOUNG, )<br>)<br>Defendant. )<br>) | Case No. 1:23-cr-241 (GMH) |

## ORDER

On July 2 and 3, 2024, in the lead up to the trial of Defendant, who was charged with (and has now been convicted of) various misdemeanors stemming from her conduct at and around the U.S. Capitol on January 6, 2021, the government filed two motions under seal—one objecting to a potential defense exhibit Defendant had recently disclosed and one objecting to a potential defense witness Defendant had recently disclosed. *See* ECF Nos. 63–64. Defendant then filed a motion to unseal those two documents, referencing generally the "presumption in favor of public access to judicial proceedings." ECF No. 65 at 1 (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). The government opposed the motion to unseal in a filing that focused at least as much on why the proposed exhibit (which was designated highly sensitive pursuant to the protective order entered in this case) should not be admitted into evidence and the proposed witness should not be allowed to testify as it did on why the filings Defendant sought to unseal should remain protected. *See generally* ECF No. 66.

Since the briefing on that motion was completed, Defendant withdrew her request to enter the relevant proposed exhibit into evidence and the Court sustained the government's objection to the testimony of the proposed witness, finding it irrelevant. *See* ECF No. 69 at 6. Because the

changed circumstances are likely to change the analysis of whether the presumption of public access to judicial records militates in favor of unsealing the two filings at issue, it is hereby

**ORDERED** that Defendant's motion to unseal ECF Nos. 63 and 64 is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that the parties shall meet and confer to discuss a resolution to this dispute—assuming this continues to be a live dispute—that does not involve judicial intervention.  It is further

**ORDERED** that the parties shall file a status report on November 15, 2024, informing the Court if the parties have agreed on a proposal to resolve the dispute or seek to pursue the issue through full briefing.

**SO ORDERED.**

Date: November 1, 2024.

                                               G. MICHAEL HARVEY
                                               UNITED STATES MAGISTRATE JUDGE