**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:23-cr-241 (GMH)** |
| | **:** | |
| **CINDY YOUNG,** | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY**
**CONDITIONS OF RELEASE**

The United States of America, by and through the undersigned Assistant U.S. Attorneys, respectfully asks this Court to deny defendant Cindy Young's motion to modify conditions of release. *See* ECF No. 112. Specifically, Young asks this Court to "modify her conditions of release to allow her to travel to Washington, D.C. on January 20, 2025, to attend the inauguration ceremony." *Id*. The assigned probation officer opposes this request. Contrary to Young's self-designation that she "poses no threat of danger to the community," Young presents a danger to the D.C. community, including the very law enforcement officers who defended the Capitol on January 6, 2021.

Young was convicted of four misdemeanor crimes following a jury trial before this Court in August 2024. Young was sentenced to four months' incarceration and 12 months of supervised release on November 24, 2024. Part of Young's sentence included a special condition of supervision that the defendant not knowingly enter Washington, D.C., nor the United States Capitol Building or surrounding grounds without the permission of the probation officer. ECF 113 at 6. Young's criminal conduct on January 6, 2021, as well as her failure to recognize the seriousness of her actions, was egregious and concerning enough for this Court to impose a sentence of incarceration along with certain conditions of release--including restrictions on travel

to Washington, D.C. ECF No. 113 at 6. This Court also imposed standard conditions, one of which forbids communication and interaction with those convicted of felonies. *Id*. at 7. Young has not put forth a compelling nor necessary reason to travel to Washington, D.C.

The last organized event Young attended in Washington, D.C., was a riot that resulted in hundreds of injured officers and even multiple deaths. A jury determined that Young joined the mob that descended upon restricted Capitol grounds, bringing violence and threats of violence with them. This Court, in denying the application of §4C1.1 at sentencing, acknowledged the very threat Young presented. Unambiguously, Young not only ignored the violence before her on the West Plaza but became a part of the violent force that threated staff and members of the House of Representatives at not one, but two locations. Outside the House Main Doors, Young interrupted the Electoral College certification by chanting and overrunning the police line guarding the Main Doors. The actions of Young and her fellow rioters forced the evacuation of the House of Representatives. That was not enough for Young. Young encountered the evacuating staff and members at the Speaker's Lobby which was defended by a barricade of furniture and only a few officers. Fellow rioters passed up chairs, towards the officers, and smashed out the Lobby windows, resulting in the shooting death of a rioter who climbed through the window. Only then did Young leave.

The risk Young presents to those in D.C. did not end with her exit from the Building. As outlined in the government's sentencing memorandum, over the pendency of her trial and sentencing, Young has continuously endorsed calls for retribution against those involved in January 6 prosecutions -- specifically jurors, judges, and law enforcement -- all whom help make up the "D.C. community." *See* ECF No. 98 at 14-18.

Beyond seeking retribution, Young has also mocked officer victims. *See* ECF No. 98 at 18. Many of these officers will, once again, be tasked in protecting the Capitol and Constitution on January 20, 2025. As such, her presence at an event staffed by law enforcement would not only present a danger but would cause further victimization for the officers who Young has publicly mocked. Young attempts to support her motion by pointing to prior trips to Washington, D.C. with "no incidents" as evidence of why she should be able to travel on January 20, 2025. ECF No. 112. However, those trips were specific to and necessary for Young's trial preparation. Presently, there is no necessity for Young to travel to Washington, D.C.

For the reasons described above, the United States respectfully requests that this Court to deny Young's motion to modify condition of release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Rebekah E. Lederer*
REBEKAH LEDERER
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D St., NW
Washington, D.C. 20001
(202) 252-7012
rebekah.lederer@usdoj.gov

*/s/ Pavan S. Krishnamurthy*
PAVAN S. KRISHNAMURTHY
Assistant United States Attorney
D.C. Bar No. 252831
601 D Street NW
Washington, DC 20001
(202) 252-7862

pavan.krishnamurthy@usdoj.gov