## EXHIBIT INDEX – MOTION FOR POST-CONVICTION RELIEF

Submitted in support of Defendant Cindy Lou Young's motion for relief based on juror misconduct and denial of impartial jury rights.

- EXHIBIT A – Voir Dire Transcript (Juror #0374 – ███████████)
- EXHIBIT B – Jury Foreperson Confirmation and Transcript Excerpt
- EXHIBIT C – Texas Bar Membership and Attorney Obligations
- EXHIBIT D – Voir Dire Questionnaire (with Omission of Question 30)
- EXHIBIT E – Verdict Transcript Excerpt
- EXHIBIT F – Declaration of Cindy Lou Young
- EXHIBIT G – Evidence of Juror ███████████ Prior Political Bias (Emails and Salary Record)

Respectfully submitted,

Cindy Lou Young

Pro Se Defendant

## EXHIBIT A – Jury Seating Chart

Case No. 1:23-cr-00241 – United States v. Cindy Lou Young

### Juror and Seating Information

Juror #0374, █████████, was seated in Seat 12 during the trial of Cindy Lou Young. Based on defense observation and official court transcript, this juror stood and read the verdict aloud, indicating he served as jury foreperson.

The defense team observed the seating and created a visual chart during voir dire. Seat 12 was marked and confirmed during the final polling and delivery of verdict.

## EXHIBIT B – Jury Foreperson Confirmation and Transcript

Case No. 1:23-cr-00241 – United States v. Cindy Lou Young

### Transcript Excerpt – Jury Verdict

THE COURT: Sir, just remain standing. I'm going to have my clerk take the verdict, so you'll be answering her questions. All right?

DEPUTY CLERK: Will the defendant please rise?
DEPUTY CLERK: Mr. Foreman, has the jury agreed upon a verdict?
FOREPERSON: We have.

DEPUTY CLERK: What is your verdict as to Defendant Cindy Young on the offense charged in Count 1 of the Information, entering and remaining in a restricted building or grounds?
FOREPERSON: Guilty.

DEPUTY CLERK: Count 2 – disorderly and disruptive conduct in a restricted building or grounds?
FOREPERSON: Guilty.

DEPUTY CLERK: Count 3 – disorderly conduct in a Capitol building or grounds?
FOREPERSON: Guilty.

DEPUTY CLERK: Count 4 – parading, demonstrating or picketing in a Capitol building?
FOREPERSON: Guilty.

THE COURT: Thank you. You can have a seat.

### Jury Poll Confirmation

THE COURT: I'm going to poll the jury on my own motion…
DEPUTY CLERK: Members of the jury, as your number is called, please indicate whether your individual verdict is the same as that just announced…

[Each juror responded "Yes," including Juror No. 12 – ████████ seat.]

### Summary

This confirms that the jury unanimously found Cindy Lou Young guilty on all four counts. The verdict was delivered by the jury foreperson — identified by seat and observation as ████████████, Juror #0374, Seat 12.

## EXHIBIT C – Bar Status and Legal Obligations

Case No. 1:23-cr-00241 – United States v. Cindy Lou Young

### Bar Membership and Status

███████████ is a licensed attorney with the State Bar of Texas, Bar Card ███████. He was admitted in 2022 and is in active standing.

As a licensed attorney, ███████ is bound by professional obligations including the duty to disclose potential conflicts of interest and to uphold integrity in all legal matters, including jury service.

### Connection to U.S. Attorney's Office

During voir dire, ███████ acknowledged limited criminal involvement but failed to fully disclose his participation as counsel in a sealed case involving the U.S. Attorney's Office for D.C.

He appeared in the appellate briefing in ██████████████████, D.C. Cir., opposing that office. This was the same office prosecuting the case against Cindy Lou Young.

## EXHIBIT D – Voir Dire Questionnaire Summary

Case No. 1:23-cr-00241 – United States v. Cindy Lou Young

### Voir Dire Responses

During voir dire, Juror #0374 ███████████ responded affirmatively to Questions 10, 15, 27, and 32, providing partial background about his legal career and personal experiences.

He disclosed being an attorney with minimal criminal exposure, a prior robbery victim, and living/working in proximity to Capitol Hill.

### Critical Omission – Question 30

███████████ left blank or failed to answer Question 30, which read:
"Do you have strong feelings or opinions about former President Donald Trump or people who support him, whether positive or negative, that would make it difficult for you to serve as a fair and impartial juror in this case?"

This question was central to evaluating bias in a politically charged trial. His failure to answer warrants scrutiny.

## EXHIBIT E – Verdict Transcript Excerpt

Case No. 1:23-cr-00241 – United States v. Cindy Lou Young

### Transcript Excerpt

THE COURT: Sir, just remain standing. I'm going to have my clerk take the verdict, so you'll be answering her questions. All right?

DEPUTY CLERK: Will the defendant please rise?
DEPUTY CLERK: Mr. Foreman, has the jury agreed upon a verdict?
FOREPERSON: We have.

DEPUTY CLERK: What is your verdict as to Defendant Cindy Young on the offense charged in Count 1 of the Information, entering and remaining in a restricted building or grounds?
FOREPERSON: Guilty.

DEPUTY CLERK: Count 2 – disorderly and disruptive conduct in a restricted building or grounds?
FOREPERSON: Guilty.

DEPUTY CLERK: Count 3 – disorderly conduct in a Capitol building or grounds?
FOREPERSON: Guilty.

DEPUTY CLERK: Count 4 – parading, demonstrating or picketing in a Capitol building?
FOREPERSON: Guilty.
THE COURT: Thank you. You can have a seat.

### Polling Confirmation

THE COURT: I'm going to poll the jury on my own motion…
DEPUTY CLERK: Members of the jury, as your number is called, please indicate whether your individual verdict is the same as that just announced…

Each juror, including Seat 12, responded affirmatively.

# EXHIBIT F – Declaration of Cindy Lou Young

Case No. 1:23-cr-00241 – United States v. Cindy Lou Young

## Declaration Pursuant to 28 U.S.C. § 1746

I, Cindy Lou Young, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am the defendant in the above-captioned criminal case. I was tried before a jury in the United States District Court for the District of Columbia in August 2024 and found guilty on four counts.

2. Juror #0374, [redacted], served as a juror on my trial and, to my knowledge, acted as jury foreperson, delivering the verdict on behalf of the panel.

3. During voir dire on August 5, 2024, [redacted] affirmatively answered multiple questions (including Q10, Q15, Q27, Q32, and Q120), confirming his attentiveness and understanding of the process.

4. However, he failed to answer Question 30, which asked whether any juror had strong feelings or opinions about former President Donald Trump or his supporters that would impact their ability to be impartial. This was a critical omission in a politically sensitive trial.

5. [redacted] also failed to disclose that he was a licensed attorney (Texas Bar [redacted]) actively involved in a sealed legal matter involving the U.S. Attorney's Office for the District of Columbia — the same office prosecuting my case. He later appeared on the appellate brief in that case ([redacted] D.C. Cir.), arguing against that office.

6. Despite this, he only vaguely mentioned the existence of a 'sealed matter' involving a grand jury subpoena. He omitted the fact that he was listed as counsel in a pending legal challenge.

7. He also acknowledged being a victim of an armed robbery in D.C. in March 2022 — a traumatic and unresolved incident. While he claimed this would not impair impartiality, it introduces potential unconscious bias.

8. Based on the voir dire transcript and courtroom observation, [redacted] seat — Seat 12 — was the juror who stood and read the verdict aloud. The Clerk referred to him as 'Mr. Foreman.'

9. These material omissions and conflicts, had they been disclosed, would have warranted a

strike for cause or, at minimum, inquiry by the Court.

10. I respectfully submit this declaration in support of my motion for post-conviction relief.

Executed on _July 29_, 2025

Signed: Cindy Lou Young

_Cindy Lou Young_

## Exhibit G – Evidence of Juror ▮▮▮▮▮ Prior Political Bias and Omission of Material Facts During Voir Dire

The following pages contain publicly sourced email communications and financial disclosures demonstrating ▮▮▮▮▮ active employment and participation with the ▮▮▮▮▮ during the 2014 and 2016 election cycles. These communications reflect partisan activity and strong political views concerning Donald J. Trump and Republican candidates.

▮▮▮▮▮ failed to disclose this information during voir dire — specifically leaving blank Question 30 regarding strong feelings about Donald Trump or his supporters.

These records suggest an intent to withhold material information relevant to his fitness as a fair and impartial juror, violating the integrity of the trial.

1. 1. Email: April 27, 2016 – ▮▮▮▮▮ regarding Russia/Trump connection.

> **Revoicer – Human Sounding Text To Speech**
> One Time Payment Offer Expires Soon – Don't Pay Monthly Fees Later
> Revoicer – Lifetime Deal
>
> **Revoicer - Human Sounding Text To Speech**
> $67 Lifetime Account (Normally $497). Zero Monthly Fees. Hurry Only 500 spots available
>
> Profile picture The_War_Economy
> @The_War_Economy
> 7 years ago, 4 tweets, 3 min read  Read on Twitter  @Mobile games
>
> April 27, 2016, ▮▮▮▮▮
>
> "We don't have a ton on [Dmitri] Simes, but the pro-Russia stuff ties in pretty well to the idea that Trump is too friendly with Putin/weak on Russia"
>
> A FORMER RAND PAUL FOREIGN POLICY ADVISER...
>
> wikileaks.org/▮▮▮▮▮.

2. 2. Email: May 19, 2016 – ▇▇ communication involving ▇▇ about Trump profiting off voters.



3. 3. Financial Record: 2014 salary payments from ▇▇ to ▇▇ (OpenSecrets).

\

4. 4. Email: May 17, 2016 – ▇▇▇ included in ▇▇▇ discussion about Trump's trans policy.



5. 5. Email: May 11, 2016 – ▇▇▇ involved in messaging about Trump's tax plan ▇▇▇

