## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America

v.

Cindy Young, Defendant

Criminal Action No. 1:23-cr-00241

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 4, 2025 MINUTE ORDER

**I. INTRODUCTION**

This motion challenges the Court's August 4, 2025 Minute Order imposing post-trial restrictions on the Defendant based on a retroactive and erroneous application of Local Criminal Rule 24.2. The Order purports to enforce a rule that the Court openly misunderstood during trial, failed to apply when properly invoked, and now misuses to impose blanket limitations unsupported by the rule's text or the trial record. Defendant seeks reconsideration of this Order as it violates due process, distorts the factual history, and chills constitutionally protected activity.

**II. FACTUAL BACKGROUND**

At the conclusion of trial, defense counsel Jonathan Gross formally invoked Local Criminal Rule 24.2, stating on the record:

"Pursuant to Local Rule 24.2, the defendant requests leave of the Court that she and/or her attorney speak with members of the jury after they are discharged."

Rather than rule on the request, the Court responded with confusion. Judge Harvey asked, "What else does the rule say?" and later admitted, "I must say, I'm not — as much as I should be, it's not my understanding of the rule." Government counsel echoed this ignorance, stating, "Admittedly, I'm not familiar with this local rule."

Despite defense counsel reading the rule aloud in full, the Court issued no formal ruling, and no objection was sustained. Instead, the Court allowed limited juror contact in its presence.

Incredibly, the same judge who disclaimed understanding of Rule 24.2 on the record, and who declined to apply it when properly invoked, is now issuing a Minute Order as if he had ruled and inventing a new, expansive interpretation of the rule that exists nowhere in its language. This post hoc enforcement not only mischaracterizes the record it constitutes judicial lawmaking.

The Court is effectively rewriting the rule to impose a no-contact and no-speech directive

untethered to the actual scope of LCrR 24.2. This is not judicial interpretation; it is judicial invention.

**III. ARGUMENT**

A. The Court Is Misapplying Rule 24.2 to Justify Its Own Inaction

The Court's Order falsely suggests that Rule 24.2 was enforced or ruled upon at trial. It was not. Instead, the record shows that the Court did not understand the rule, did not enforce the rule, and took no action to inform jurors or constrain the defense. The Court's current invocation is a retroactive attempt to rewrite that record and justify a punitive restriction against the Defendant.

B. The Court Has Fabricated a Broader Rule Than What Exists

Rule 24.2 addresses only direct contact with jurors about deliberations or the verdict. It does not restrict a defendant from referring to, researching, or publicly discussing a juror's conduct using lawful means. The Court's sweeping restriction now includes contact, reference, identification, and investigation effectively rewriting the rule's scope. That is not lawful judicial discretion. That is fabrication.

C. This Overreach Violates Defendant's Constitutional Rights

The Court's newly created interpretation of Rule 24.2 imposes unlawful and prejudicial restrictions on Defendant's First Amendment rights. It impedes her right to investigate juror misconduct and present post-conviction relief under Rule 33. It punishes lawful conduct retroactively and undermines the integrity of the judicial process. This must be rejected.

**V. PRAYER FOR RELIEF**

Defendant respectfully requests that this Court:

- Reconsider and strike the August 4, 2025 Minute Order to the extent it imposes restrictions on juror reference or contact;
- Acknowledge that Rule 24.2 was not ruled upon or properly applied at trial;
- Clarify that Defendant has not violated Rule 24.2 and has acted lawfully and in good faith;
- Reject any expansion or reinterpretation of Rule 24.2 that is unsupported by its text;
- Grant such other and further relief as is just and proper.

Respectfully submitted,

*Cindy L Young*

Cindy Young
20 Central Street, Bristol, NH. 03222

clyoung@breezeline.net

Pro Se Defendant

Date: August 04, 2025