**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

United States of America

v.

Cindy L. Young, Defendant.

Crim. No. 1:23-cr-00241 (GMH)

**DEFENDANT'S MOTION TO RECONSIDER AUGUST 4 AND AUGUST 11, 2025 SEALING ORDERS**

Defendant Cindy L. Young, proceeding pro se, respectfully moves this Court to reconsider its sealing orders of August 4, 2025 (Minute Order regarding ECF No. 134) and August 11, 2025 (Minute Order regarding ECF No. 135), both of which direct that Defendant's Rule 33 motion, supporting exhibits, and related filings be filed entirely under seal.

While Defendant acknowledges the Court's obligation under Local Criminal Rule 24.1(b)(1) to protect juror-identifying information, the current orders impose blanket sealing on materials that do not contain such information, contrary to the presumption of public access to judicial records under both the First Amendment and common law.

1. Juror Privacy Rules Do Not Require Blanket Sealing
Local Criminal Rule 24.1(b)(1) requires parties to maintain the confidentiality of 'identifying information about petit jurors,' such as names, addresses, telephone numbers, email addresses, and employment information. This rule can be satisfied through targeted redactions rather than complete sealing.

2. Public Right of Access Requires Narrow Tailoring
Judicial records are presumptively open to the public under:
- Common-law right of access: Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)
- First Amendment right of access: Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 8–9 (1986)

The D.C. Circuit has made clear that sealing is permissible only where it is essential to preserve higher values and narrowly tailored to serve that interest. See In re Leopold to Unseal Certain Electronic Surveillance Applications, 964 F.3d 1121, 1127 (D.C. Cir. 2020). Courts must also make specific, on-the-record findings explaining the need for sealing and why alternatives such as redaction are insufficient.

Neither the August 4 nor August 11 orders include such findings.

3. Overbreadth of the Current Orders

The Court's orders seal entire filings, including portions that:
- Contain no juror-identifying information
- Do not implicate personal privacy or safety
- Are of substantial public interest, including matters affecting the impartiality of jury selection and judicial process

This is overbroad under Press-Enterprise, Nixon, and D.C. Circuit precedent, and unnecessarily withholds from public scrutiny filings that go to the heart of public confidence in the justice system.

4. Proposed Narrowly Tailored Alternative

Defendant requests that the Court:
1. Maintain redactions to any juror-identifying information in compliance with Local Criminal Rule 24.1(b)(1);
2. Unseal all remaining portions of Defendant's Rule 33 motion, supporting exhibits, and related motions;
3. Permit public access to non-identifying portions of filings raising substantial questions of juror bias and the integrity of the judicial process.

5. Public Interest in Transparency

The allegations in Defendant's Rule 33 motion involve potential juror misconduct and bias in a criminal case—issues that strike at the core of the Sixth Amendment and the public's trust in the fairness of trials. The public's ability to evaluate the functioning of the courts is diminished when filings are sealed beyond what is necessary to protect legitimate privacy interests.

Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court reconsider its sealing orders of August 4 and August 11, 2025, and adopt the proposed narrowly tailored alternative of limited redactions with public release of all remaining content.

Respectfully submitted,

*Cindy L. Young*

Cindy L. Young

Pro Se Defendant

Dated: August 11, 2025

### Declaration of Cindy L. Young

I, Cindy L. Young, declare as follows:

1. I am the Defendant in this matter, proceeding pro se.

2. On August 4, 2025, and again on August 11, 2025, the Court ordered my Rule 33 motion, supporting exhibits, and related filings to be filed entirely under seal.

3. While I understand and respect the need to protect juror-identifying information, the current orders seal the entirety of my filings, including large portions that contain no such information.

4. These filings raise substantial questions of public concern, including allegations of juror misconduct and bias in a criminal trial.

5. I believe the public has a right to access the non-identifying portions of these filings in order to evaluate the fairness of judicial proceedings.

6. I respectfully request that the Court reconsider its orders and allow public access to all non-identifying portions, with only those redactions necessary to comply with Local Criminal Rule 24.1(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2025, in Bristol, New Hampshire.

*Cindy L. Young*
Cindy L. Young