UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

United States of America,

    v.                    Criminal No. 1:23-cr-00124-GMH-1

CINDY YOUNG,

    Defendant.

## SUPPLEMENT TO MOTION TO RECONSIDER SEALING ORDER

Defendant Cindy Young, pro se, respectfully submits this supplement to her pending Motion to Reconsider the Court's August 11, 2025 Minute Order sealing her recent filing in its entirety (ECF 135). This supplement is submitted to provide additional context demonstrating that the Court's sealing order is part of an ongoing pattern of judicial interference that has systematically deprived the Defendant of a fair trial, a complete record for appellate review, and the public's confidence in the integrity of these proceedings.

### 1. Juror Misconduct – Pattern of Suppression

As set forth in prior filings, the Court's handling of juror misconduct evidence in this case demonstrates a deliberate suppression of relevant and material facts critical to the defense. The restriction on identifying information concerning Juror 0374, despite post-verdict evidence of bias, fits into a broader pattern of interference.

### 2. ECF 63 & 64 – Suppression of Publicly Known Witness Evidence

In December 2023, journalist Lara Logan publicly identified the witness at issue during an interview with Congressman Barry Loudermilk regarding events of January 6th. This interview was broadcast nationally and posted publicly on X (formerly Twitter) on December 1, 2023, where it remains available: https://x.com/Truth_InMedia/status/1730601080763875495.

On July 3, 2024, Defendant filed a Motion to Access Sealed Documents (ECF 65), seeking access to government filings ECF 63 and 64, which concerned this same witness. On July 5, 2024, the Court ordered the government to respond by July 12, 2024, and permitted Defendant to reply by July 19, 2024.

Subsequent proceedings regarding this witness were conducted entirely under seal, excluding Defendant from the discussion. Despite the fact that the witness's identity had already been disclosed months earlier by a national journalist and a sitting member of Congress, the Court treated the matter as if it involved confidential juror-type information.

This approach misapplied the 'balancing' test contemplated under Local Criminal Rules 24.1 and 24.2. In this instance, hypothetical concerns for privacy or safety were weighed more heavily than the Defendant's actual and constitutionally protected right to prepare and present a defense. Because the identity of the witness was already public knowledge, there was no legitimate basis to withhold the related filings from Defendant.

The blocked access to this evidence deprived the defense of a potentially exculpatory witness and fits squarely within the broader pattern of judicial interference that has characterized these proceedings — including, as detailed above, restrictions on the presentation of juror misconduct evidence.

### 3. Latest Action – Complete Sealing of Defendant's Motion (ECF 135)

On August 11, 2025, the Court entered the following Minute Order:

"MINUTE ORDER re 135 Request for Leave to File Review, as to CINDY YOUNG. Leave to file UNDER SEAL is granted. The Clerk is directed to file the attached document UNDER SEAL. Signed by Magistrate Judge G. Michael Harvey on 8/11/25. (MFB) (Entered: 08/11/2025)."

In this instance, Defendant had filed her motion accompanied by exhibits under seal in good faith to comply with the Court's stated interpretation of Local Criminal Rule 24.1. Nevertheless, the Court sealed the entire motion, including portions that contained no juror-identifying information or any content that could reasonably be considered confidential under Rule 24.1 or 24.2.

Such overbroad sealing serves no legitimate purpose. It conceals from the public record not only the evidence but also the legal arguments and claims themselves, thereby depriving the Defendant of a transparent record for purposes of appeal and undermining public confidence in the fairness of these proceedings.

This latest action is consistent with the broader pattern of judicial interference documented herein — a pattern that includes: (1) restricting post-verdict juror misconduct evidence; (2) blocking access to publicly known witness evidence under a misapplied 'balancing' test; and (3) sealing an entire motion despite Defendant's adherence to the Court's own confidentiality standard.

These cumulative actions have systematically impaired the Defendant's ability to present her case, preserve a full and accurate record for review, and maintain public accountability in a matter of significant public concern.

### Applicable Law on "Balancing"

Local Criminal Rule 24.2(d) expressly requires that, in determining whether to disclose identifying information, the Court must balance "the interests in protecting the safety and privacy of jurors" against "the defendant's interest in preparing and presenting a defense."

This balancing must be fact-specific and grounded in evidence, not hypothetical or generalized concerns.

Controlling case law reinforces this requirement. In United States v. Hines, 55 F.3d 1448 (D.C. Cir. 1995), the D.C. Circuit held that post-verdict requests for juror information require the Court to weigh the defendant's Sixth Amendment rights against any demonstrated privacy or safety concerns, and that restrictions must be narrowly tailored. In United States v. Henderson, 565 F.3d 648 (10th Cir. 2009), the court emphasized that speculative fears cannot outweigh a defendant's right to prepare and present a defense. Similarly, in Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982), the Supreme Court held that blanket closures or sealing orders are unconstitutional absent a showing of an overriding interest supported by specific findings.

Where, as here, the information sought is already in the public domain, the privacy and safety interests are significantly diminished, and the defendant's constitutional rights to confrontation, compulsory process, and a public trial must carry controlling weight.

**Relief Requested**

For the reasons stated in Defendant's Motion to Reconsider filed on August __, 2025, and as supplemented herein, Defendant respectfully requests that the Court:

1. Vacate its August 11, 2025 Minute Order sealing Defendant's filing in its entirety (ECF 135);
2. Direct that the body of Defendant's motion be filed on the public docket, with only those exhibits containing juror-identifying information maintained under seal;
3. Vacate the sealing of all filings, orders, and related materials concerning the witness identified in ECF 63 and 64 (known publicly as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), except for any narrowly tailored redactions necessary to protect legitimate safety concerns; and
4. Take judicial notice that recent reporting by The Epoch Times (Apr. 2024), Headline USA (Apr. 2024), and Washington City Paper (Mar. 2025) confirms:
    - ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of the Metropolitan Police Department was present at the Capitol on January 6th, 2021, in an undercover capacity;
    - Video captured by ▮▮▮▮▮▮ and later leaked to the public shows him encouraging the crowd with shouts of "keep going!" and "go, go, go!";
    - ▮▮▮▮▮▮ was disciplined in 2023 for violating MPD undercover conduct policies, receiving a ten-day suspension (half served, half held in abeyance).
   These facts, including his name and conduct, have been published and widely disseminated, eliminating any reasonable claim that sealing this Court's pre-trial discussions is necessary to protect privacy, security, or investigative integrity; and
5. Grant such other and further relief as the Court deems just and proper.

In the D.C. Circuit, the controlling standard for sealing judicial records is set forth in United States v. Hubbard. 650 F.2d 293 (D.C. Cir. 1980).

The Court must consider six factors:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact of objection to disclosure and the identity of the objector;

(4) the strength of the property and privacy interests involved;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purpose for which the documents were introduced. These factors must be addressed with specific findings and cannot be satisfied by generalized or speculative concerns.

Here, factors (1) and (2) weigh heavily in favor of disclosure given the public interest and the extensive reporting of ▮▮▮▮▮ dentity and conduct, and none of the remaining factors supports continued sealing.

Respectfully submitted,

*Cindy L. Young*

/s/ Cindy L. Young

Cindy L. Young, Pro Se

▮▮▮▮▮