UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 23-cr-241 (GMH) |
| ) | |
| CINDY YOUNG, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Cindy Young, who now proceeds *pro se*, has filed a motion to reconsider the Court's "sealing orders" dated August 4, 2025, and August 11, 2025, "both of which," she asserts, "direct that Defendant's Rule 33 motion, supporting exhibits, and related filings be filed entirely under seal." ECF No. 140 at 1. Defendant misunderstands the Court's rulings. Nothing in the Court's August 4, 2025, requires that any of Defendant's submissions "be filed entirely under seal." To the contrary, that order reminds the parties of this Court's Local Criminal Rule 24.1, which "provide[s] that parties and counsel who are provided identifying information about petit jurors, 'including names, addresses, telephone numbers, email addresses, and employment information, shall maintain the confidentiality of that information, unless disclosure is authorized by the Court' after an application to the presiding judge," a rule "in keeping with the policy of the Judicial Council of the United States, which mandates that documents 'containing information about jurors or potential jurors' in a criminal case 'shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access.'" Minute Order (Aug. 4, 2025) (first quoting LCrR 24.1(b)(1); and then quoting The Judicial Conference of the United States, Policy on Privacy and Public Access to Electronic Case Files,https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-

files). The August 4 Order therefore directed the Clerk of Court to file a version of Defendant's Rule 33 motion and a related motion "in which all identifying information about the individual she believes was a juror in her case, including but not limited to 'names, addresses, telephone numbers, email addresses, and employment information,' has been *redacted* pursuant to Local Criminal Rule 24.1. *Id.* (emphasis added). Redacted versions have accordingly been publicly filed. *See* ECF Nos. 126, 127.

At the August 5, 2025, status conference, the Court informed the parties that, going forward, any submission that includes material protected by this Court's Local Criminal Rules and/or Judicial Conference Policy must be filed under seal and a redacted version removing the juror-identifying information would then be filed on the public docket.[1] The Court's August 11, 2025, Order, which directed the Clerk of Court to file a submission that included confidential information under seal, is in keeping with that directive. What has been missing is a process by which redactions of confidential information in documents originally filed under seal shall be made to prepare such documents to be filed publicly. That is among the purposes of this Order. Accordingly, it is hereby

**ORDERED** that any submission by a party that includes material deemed confidential under this Court's Local Criminal Rules, Judicial Conference Policy, or any other rule or source of law, shall be filed under seal. Once the submission has been filed under seal on the docket,[2] the parties shall have a period of seven days to meet and confer to agree upon appropriate redactions. When such redactions have been agreed upon, a redacted version of the submission shall be filed under seal on the docket of this case for the Court's review. If the parties cannot agree on

---

[1] Material deemed confidential under any other law or rule should also initially be filed under seal.

[2] Submissions of *pro se* parties, which require leave of Court to be filed, will be deemed filed on the date the Clerk's Office has filed the document on the docket, which will occur only after the Court has granted leave to file.

redactions, that sealed filing shall include a version with the government's proposed redactions and a separate version with Defendant's proposed redactions.[3]   The Court will review the proposed redactions and thereafter direct the Clerk of Court to file a copy of the document with Court-approved redactions on the public docket.  It is further

**ORDERED** that Defendant's motion to reconsider the August 4, 2025, and August 11, 2025, Orders is **DENIED AS MOOT**.

**SO ORDERED.**

Date: August 14, 2025

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

---

[3] As to the sealed filing at ECF No. 136, the parties shall have seven days from the date of this Order to submit their proposed redactions.