# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

United States of America

v.

Cindy L. Young

Crim. No. 1:23-cr-00241

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF AND TO UNSEAL RECORDS

### I. INTRODUCTION

The Government's opposition confirms the central point: the Court has never conducted an adequate Hubbard analysis of the sealed records, and it now seeks to distract by recasting this as a Rule 33 or §2255 issue. Neither tactic resolves the core defect—continued sealing without the constitutionally required balancing.

### II. RULE 33: TIMELINESS AND NEWLY DISCOVERED EVIDENCE

The Government argues that Defendant's renewed Rule 33 motion is untimely and that the evidence was discoverable online. This misconstrues both the law and the record:

1. Not Reasonably Discoverable: Key information (including ECF 63 and 64) was under seal. Defendant could not reasonably have known to search for or piece together disparate fragments without context that was deliberately withheld.
2. Materiality: The evidence directly bears on juror bias and witness credibility—issues central to fairness of the trial.
3. Timeliness: Under Rule 33(b)(1), the three-year window applies for newly discovered evidence. At minimum, the Court should order an evidentiary hearing to determine diligence and materiality.
4. Lack of Outside Support: Neither Defendant nor her counsel had the benefit of well-resourced outside groups (e.g., the so-called "Sedition Hunters") that might have accelerated discovery of online fragments. Defendant proceeded in good faith with limited means, further underscoring diligence and timeliness.
5. Absence of Concern by the Government and Court: It is extraordinary that neither the Government nor the Court has shown concern that a juror was not truthful during voir dire. This undermines confidence in the verdict itself. Moreover, the sealed witness material in ECF 63 and 64 may contain truthful testimony that would have discredited the Government's narrative of January 6th, making unsealing essential.

6. Fundamental Fairness: It is frankly ridiculous that neither the Government nor the Court appears troubled by these revelations. When the integrity of the jury is compromised, justice itself is compromised. And if the sealed witness materials in ECF 63 and 64 included testimony contradicting the Government's storyline, the withholding of that evidence further taints the entire proceeding.

7. Unequal Burden: Defendant emphasizes that she did not have access to institutional tools or investigative networks. The Government's suggestion that she should have independently unearthed this evidence ignores the reality that she and her counsel were navigating without the benefit of outside support, amplifying the unfairness of expecting rapid discovery in these circumstances.

## III. POST-CUSTODY REMEDIES: ACCESS DOES NOT DEPEND ON §2255

The Government asserts that Defendant cannot seek unsealing because she is no longer "in custody." That is incorrect:

- Access Rights Are Independent: The First Amendment and common law rights of access to judicial records do not depend on custody or collateral relief.
- Alternative Relief Exists: Even if §2255 is unavailable, the writ of coram nobis remains viable to address fundamental errors. Either way, factual development (including juror identity and sealed witness material) is necessary.

## IV. HUBBARD ANALYSIS REQUIRED

The Government insists the Court already "weighed" Hubbard. But no detailed, factor-by-factor analysis appears on the record. Under Hubbard v. United States, 650 F.2d 293 (D.C. Cir. 1980), courts must evaluate:

1. Need for public access;
2. Extent of previous public access;
3. Objections to disclosure;
4. Strength of any property/privacy interests;
5. Possibility of prejudice;
6. Purpose for seeking access.

Here, broad sealing cannot survive scrutiny given the extraordinary public interest in January 6 trials, the already-public reporting on the undercover witness, and the feasibility of narrow redactions.

## V. PRESIDING JUROR AND VERDICT FORM

Post-trial juror disclosure is a matter of balancing, not absolute prohibition. D.D.C. LCrR 24.1 applies to sitting or prospective jurors; once verdict is returned, limited disclosure is appropriate.

- Purpose: Defendant seeks disclosure solely for lawful post-trial review.
- Safeguards: The Court can order disclosure under protective order or in camera review, ensuring privacy while allowing meaningful examination.

At minimum, an unredacted verdict form should be placed on the docket, with true PII redacted.

## VI. GOVERNMENT'S REQUEST FOR DELAY

The Government's request for a 30-day status report on a Texas bar complaint is irrelevant. The unsealing decision is a question of judicial transparency and can be resolved now.

## VII. GOVERNMENT'S CALL FOR ADMONISHMENT

The Government suggests admonishing Defendant for "attacks" on a juror. This mischaracterizes the record. Defendant has:

- Complied with redaction rules;
- Filed a lawful, confidential bar complaint;
- Exercised her First Amendment right to petition without disclosing PII or threatening conduct.

There is no basis for sanction or admonishment.

## VIII. PRAYER FOR RELIEF

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Grant her renewed Rule 33 motion, or at minimum set an evidentiary hearing;
2. Unseal ECF 63 and 64 together with all related transcripts and underlying proceedings subject to narrow redactions under Hubbard;
3. Direct disclosure of the presiding juror's identity and/or an unredacted verdict form subject to appropriate safeguards;
4. Order the immediate unsealing of any prior hearings, filings, or judicial rulings connected to ECF 63 and 64, including but not limited to transcripts currently under seal, so that the public record is complete;
5. Recognize that neither the Government nor the Court has adequately addressed the risk of juror misconduct and that the integrity of the process requires correction;
6. Emphasize that the absence of concern about juror dishonesty and sealed testimony discrediting the Government's January 6 narrative is unacceptable, and that continued silence would erode public confidence in justice;
7. Deny the Government's request for delay or admonishment.

## SEPARATE PRAYER FOR RELIEF

Defendant additionally requests that the Court:

1. Explicitly acknowledge the timeliness of her motion given her lack of outside support or investigative resources that might otherwise have accelerated discovery;

2. Issue a finding that the Government's failure to show concern over juror dishonesty and the possible exculpatory content of sealed witness materials reflects a breach of the duty to ensure fairness;

3. Provide such other and further relief as justice requires, including any corrective orders necessary to restore confidence in the proceedings.

Respectfully submitted,

*Cindy L Young*

Cindy L. Young
Pro Se Defendant

Dated: August 18, 2025

**Certificate of Service**

I hereby certify that on August 18, 2025, I caused a true and correct copy of the foregoing Reply Brief for Relief to be served via CM/ECF and by email upon:

**Shehzad Akhtar**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: shehzad.akhtar@usdoj.gov

Respectfully submitted,

*Cindy L Young*

Cindy L. Young
Pro Se Defendant