# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

United States of America,
    Plaintiff,

v.

Cindy L. Young,
    Defendant.

Crim. No. 1:23-cr-00241

## DEFENDANT'S MOTION TO REQUIRE DOCKETING AND TO UNSEAL THE GOVERNMENT'S PROPOSED REDACTIONS

### Introduction

Defendant Cindy L. Young, pro se, respectfully moves this Court to require the government to docket its proposed redactions and to unseal those proposals, in whole or in part. Although the government transmitted its proposed redactions to the undersigned by email, consistent with the Court's order, that process leaves the public docket incomplete. The docket reflects only that Defendant objects, without showing what the government actually proposed or the basis of Defendant's objections. Transparency requires that the proposals themselves be filed on the docket so that the record reflects both the scope of the government's request and Defendant's opposition.

### Background

1. On August 20, 2025, the government filed under seal an unredacted version of its proposed opposition brief.
2. On August 21, 2025, consistent with Judge Harvey's order, the government transmitted to Defendant by email a .pdf file containing red boxes around passages it sought to redact.
3. The government has not filed those proposals on the docket, and therefore the public record does not show what passages were marked for redaction.
4. As a result, while the Court may file a notice stating that Defendant objects to the proposed redactions, the docket will not reflect the specific content of those proposals or the substance of Defendant's objections.

### Legal Standard

The D.C. Circuit recognizes a strong presumption of public access to judicial records. United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Filings that inform the Court's sealing decisions are judicial records, even if they were initially transmitted under seal. The public's right to know what redactions the government requested is central to evaluating both prosecutorial conduct and judicial decision-making.

### Argument

A. The proposals are judicial records.

The proposed redactions, though conveyed by email per Court instruction, were prepared for and considered by the Court in deciding sealing. They are therefore judicial records and should appear on the docket.

B. The public cannot meaningfully assess objections without the proposals themselves.
If only Defendant's objection is noted, without the underlying proposals, the record is incomplete. The public cannot evaluate whether Defendant's objection was well-founded or what the government sought to conceal.

C. The Hubbard factors favor disclosure.
1. Public Access: The public has a right to see what was proposed for redaction.
2. Prior Access: The underlying filing is in the record; the proposals are a missing component.
3. Objections: Defendant objects to all proposed redactions; this objection has little meaning without the proposals themselves.
4. Privacy Interests: No significant privacy interests are implicated by disclosing what passages the government requested be sealed.
5. Prejudice: Disclosure will not prejudice the government, since the Court has already reviewed the proposals.
6. Purpose: The redaction proposals were prepared for the Court's adjudication; transparency in that process is vital.

### Relief Requested

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Direct the government to file its proposed redactions formally on the docket, so the record reflects the scope of what was requested; and
2. Unseal those proposals, in whole or in part, with only narrowly tailored redactions permitted where the Court finds a compelling interest outweighs the presumption of access.

Respectfully submitted,

*Cindy L. Young*
Cindy L. Young
Pro Se Defendant

Dated: August 21, 2025