UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 23-cr-241 (GMH) |
| ) | |
| CINDY YOUNG, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

There is a pending dispute in this case about the continued sealing of two documents on the docket, which are found at ECF No. 63 and ECF No. 64. The government's most recent submission regarding this dispute is largely unhelpful, particularly because it seems to misunderstand the procedural posture of this long-simmering dispute. That is unsurprising as the government attorneys who prosecuted this case appear to have left the U.S. Attorney's Office for the District of Columbia earlier this year. Defendant's submissions are also largely unhelpful, which is unsurprising because she is proceeding *pro se*. Therefore, the Court provides an outline that should allow the parties to better address the dispute as it now stands.

In July 2024, during pretrial proceedings, the government filed two motions under seal—one objecting to a potential defense exhibit Defendant had recently disclosed and one objecting to a potential defense witness Defendant had recently disclosed. *See* ECF No. 63; ECF No. 64. Defendant then filed a motion to unseal those submissions, which the government opposed. *See* ECF No. 65; ECF No. 66. Defendant thereafter withdrew her request to enter the proposed exhibit into evidence and the Court sustained the government's objection to the witness testimony, finding it irrelevant. *See* ECF No. 69 at 6; *see also* ECF No. 100 at 1. The Court did not, however, rule on the motion to unseal at that time. *See* ECF No. 100.

Defendant was convicted of the crimes with which she was charged on August 9, 2024. *See* ECF No. 74.  On November 1, 2024, the Court entered an order denying Defendant's motion to unseal without prejudice, noting that "[s]ince the briefing on that motion [to unseal] was completed, Defendant withdrew her request to enter the relevant proposed exhibit into evidence and the Court sustained the government's objection to the testimony of the proposed witness, finding it irrelevant." ECF No. 100.  Because the changed circumstances were "likely to change the analysis of whether the presumption of public access to judicial records militates in favor of unsealing the two filings at issue," the Court ordered the parties to meet and confer to seek to resolve the dispute without further court intervention.  *Id.* The parties were unable to do so, *see* ECF No. 106, and at the Court's request, supplemental briefing was submitted, *see* ECF No. 110; ECF No. 111.  Thereafter, the Court took the issue under advisement.

Defendant was sentenced on November 21, 2024, and judgment of conviction was entered on December 11, 2024.  *See* Minute Entry (Nov. 21, 2024); ECF No. 113. Defendant was then pardoned on January 22, 2025.  *See* Minute Order (Jan. 22, 2025).  Then, in briefing connected with Defendant's second Rule 33 motion, she renewed her request to unseal ECF No. 63 and ECF No. 64—noting, accurately, that the Court had not made a final ruling on the issue. *See, e.g.*, ECF No. 149 at 2.

The briefing in this issue has not been robust.  The government's most recent brief asserts that the Court should weigh the six-factor test adopted in this jurisdiction to determine whether documents should be sealed—the D.C. Circuit's decision in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), sets them out—but fails to analyze them.  And, yet again, the circumstances have changed.  Defendant has been pardoned.  She also alleges that some of the information in the sealed filings is now public.  Accordingly, it is hereby

**ORDERED** that the government shall file a brief substantively addressing the current dispute over the unsealing of the documents found at ECF No. 63 and ECF No. 64. That filing should address not only whether, in light of the developments in this case, those documents are "judicial documents" entitled to a presumption of public access, but also whether, assuming that they are, the *Hubbard* factors counsel in favor or against unsealing all or some of the information included therein, especially given Defendant's assertion that some of it is in the public domain. That brief shall be filed under seal and served on Defendant on or before September 22, 2025. It is further

**ORDERED** that Defendant shall file under seal and serve on the government any response to the government's submission on or before October 14, 2025. It is further

**ORDERED** that the procedure for submitting proposed redactions outlined in ECF No. 143 shall apply to the filings ordered herein.

**SO ORDERED.**

Date: August 29, 2025

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE