UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 23-cr-241 (GMH) |
| ) | |
| CINDY YOUNG, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On August 25, 2025, pursuant to the Court's Order setting a procedure for the parties to submit proposed redactions to documents that may include protected information, *see* ECF No. 143, the parties filed under seal copies of the government's Opposition to the bulk of Defendant's pending motions with the government's proposed redactions,[1] apparently having been unable to agree as to what material should be available on the public docket. *See* ECF No. 156. On August 28, 2025, using that same procedure, the parties filed under seal a copy of Defendant's supplement to her second Rule 33 motion[2] with agreed-upon proposed redactions. *See* ECF No. 157. Prior to either of those filings, Defendant filed a motion to unseal the government's proposed redactions to allow "[t]he public" to "evaluate" them and learn "what the government sought to conceal." ECF No. 153 at 2.

As to the dueling redacted versions of the government's Opposition, Defendant has asserted that only "names, personal identifiers, [and] genuinely confidential details" should be redacted and has proposed filing the Opposition with no redactions at all. *See* ECF No. 156 at 1,

---

[1] An unredacted copy of that Opposition is filed under seal at ECF No. 148.

[2] An unredacted copy of that supplement is filed under seal at ECF No. 136.

19–32. The government proposed redactions only to the section of its brief dealing with Defendant's motion to unseal the documents found at ECF Nos. 63 and 64, which the Court has described elsewhere. *See* ECF No. 100; ECF No. 158. Neither party has gotten it exactly right. The government proposes to redact general descriptions of the documents at ECF No. 63 and 64, but similar general descriptions are already publicly available. *See* ECF No. 100; ECF No. 158. Defendant proposes to redact nothing, failing to recognize that the government's Opposition includes material that should remain sealed at least until the Court rules on Defendant's motion to unseal those documents. The Court thus finds that the following information shall be redacted from the public filing of the government's opposition: (1) the first paragraph on page 10 of that document; and (2) the second paragraph on page 11 of that document.[3]

As to the redactions of Defendant's supplement to her Rule 33 motion, the parties have agreed on proposed redactions and the Court finds those redactions appropriate.

Defendant's motion to unseal the document with the government's proposed redactions will be denied. She contends that, because "the proposed redactions . . . were prepared for and considered by the Court in deciding sealing," they are "judicial records" subject to the common law presumption of access. ECF No. 153 at 2. But binding precedent explicitly forecloses that argument. As noted by the D.C. Circuit, "not all documents filed with courts are judicial records"; indeed, that court has "refus[ed] to find [a] right of access [to a document] merely because a court examined the documents in question to determine whether they might be filed under seal or because the court was called upon to determine whether they were subject to a right of access." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3–4 n.1 (D.C. Cir. 2013) (citing *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997)).

---

[3] The page numbers refer to the original pagination of the document, not any page numbers assigned by the Court's CM/ECF system. The government has proposed to redact both of the paragraphs identified.

Accordingly, it is hereby

**ORDERED** that, on or before September 9, 2025, the government shall file on the public docket of this case, a copy of its Opposition to the bulk of Defendant's pending motions (currently filed under seal at ECF No. 148), with only the following information redacted: (1) the first paragraph on page 10 of that document; and (2) the second paragraph on page 11 of that document. It is further

**ORDERED** that, on or before September 9, 2025, the government shall file on the public docket of this case a copy of the supplement to Defendant's second Rule 33 motion (currently filed under seal at ECF No. 136) with the redactions to which the parties have agreed.   It is further

**ORDERED** that Defendant's motion to unseal the government's proposed redactions, ECF No. 153, is **DENIED.**

**SO ORDERED.**

Date: September 2, 2025

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE