UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-00241 (GMH) |
| | : | |
| CINDY YOUNG | : | |
| | : | |
| Defendants. | : | |

NOTICE OF FILING

Consistent with the Court's order, ECF 159, attached is Defendant's Redacted Second Rule 33 Motion, ECF 136. (Exhibit 1).

Respectfully submitted,

JEANINE PIRRO
United States Attorney

KACIE WESTON
Chief, Special Proceedings Division
MD Bar

By:     */s/ Shehzad Akhtar*
SHEHZAD AKHTAR
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W., 6th Floor
Washington, DC 20530
Phone: (220) 252-7498
Email: Shehzad.Akhtar@usdoj.gov

# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

United States of America, Plaintiff,

v.

Cindy Lou Young, Defendant.

**Criminal Case No. 1:23-cr-00241**

**SUPPLEMENT TO DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RULE 33**

## I. INTRODUCTION

This Supplement is submitted in support of Defendant Cindy Lou Young's original Motion for Relief.

Pursuant to Rule 33, filed on August 7, 2025. The purpose of this filing is to bring to the Court's attention significant newly discovered evidence and related developments that were not previously known and could not have been discovered with reasonable diligence at the time of trial or the earlier Rule 33 motion, which was denied by the Court during trial proceedings.

## Il. PROCEDURAL POSTURE AND TIMELINESS

During trial, defense counsel filed a Rule 33 motion for a new trial, which was denied by the Court.

However, this Supplement is not duplicative of that earlier motion. It is based entirely on newly discovered evidence that has come to light between July and August 2025—evidence that was not publicly available or reasonably accessible prior to this time. As such, this Supplement is timely under Rule 33(b)(1), which permits motions based on newly discovered evidence to be filed within three years of the verdict.

### Ill. NEWLY DISCOVERED EVIDENCE

Between July 20 and August 7, 2025, the Defendant uncovered multiple credible, independent sources confirming that juror 0374 served as Associate Research Director for the Democratic National Committee (DNC) during the 2016 presidential election cycle. This position placed him in a high-level operational role within the DNC's Communications Division—a fact confirmed by internal staff directories, leaked emails published by WikiLeaks, and independent media reports from 2016 to 2021.

Juror 0374's involvement was not passive or marginal. As Associate Research Director, he was engaged in developing partisan messaging, coordinating digital campaigns, and participating in internal political attacks against President Trump and other Republican officials. He failed to disclose this role during voir dire, including in response to questions about political affiliation and bias. It is now obvious that juror 0374 was a senior-level political actor, not a neutral fact-finder.

### IV. CONTINUING DISCOVERY AND DOUBLE STANDARDS

The Defendant continues to uncover new information about juror 0374 that would, in any other political context, disqualify him from service. The nature and scale of his partisan activities are so severe that his presence on the jury let alone his role as foreperson calls into question the integrity of the entire proceeding.

To illustrate the absurdity and constitutional danger of this precedent, consider a reverse scenario:   A Black defendant is tried in federal court for his involvement in the recent Los Angeles riots. Now imagine the jury foreperson is later revealed to be Steve Miller, a former senior advisor to President Trump, who failed to disclose that he worked in communications for the Trump campaign and helped craft racially charged narratives during the relevant period. That verdict would be vacated immediately, without controversy, on the grounds of juror bias and due process.

### V. SEALED EXHIBITS

To comply with the Court's August 4, 2025 Minute Order and Local Criminal Rule 24.1, all exhibits supporting this Supplement have been submitted under seal. These include documents identifying juror 0374 by name, bar number, and public records of political

activity. The Defendant respectfully moves for leave to file the Exhibit Table of Contents and Exhibits A through F under seal, contemporaneously with this filing.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Defendant respectfully requests that the Court grant the following relief:

1. Accept this Supplement as part of the original Motion for Relief under Rule 33;

2. Vacate the judgment of conviction based on the new evidence presented and admit on the record that this was a result of juror misconduct;

3. In the alternative, order an evidentiary hearing on juror misconduct and due process violations;

4. Permit continued supplementation of the record as further evidence emerges

5. Grant such other and further relief as justice may require.


Respectfully submitted,

*Cindy Lou Young*

Cindy Lou Young


20 Central Street, Unit 1


Bristol, NH 03222


Dated: August 10, 2025

## Table of Contents – Exhibits Under Seal

Exhibit A – Juror ███████████ Political Bias and DNC Connections

Exhibit B – FOIA Request – AUSA ███████████ Assignment

Exhibit C – Judge Harvey's Review of Defendant's Social Media

Exhibit D – Voir Dire vs. Post-Trial Discovery – Concealed Bias by Juror ███████████

Exhibit E – Jury Confidentiality Redactions and 8/4/25 Minute Order

Exhibit F ███████████ Digital Footprint – Public Political Engagement

# EXHIBITS UNDER SEAL

## Submitted in Support of Defendant's Motion for Relief

## Cindy L. Young
## Case No. 1:23-cr-00241
## U.S. District Court for the District of Columbia

## Filed: August 7, 2025

**TABLE OF CONTENTS**

Exhibit A – Evidence of Political Bias – ████████ nd DNC Involvement
Exhibit B – FOIA Request to DOJ – AUSA █████████ Assignment Inquiry
Exhibit C – Judicial Bias – Judge Harvey's Review of Social Media
Exhibit D – Voir Dire vs. Post-Trial Discovery – Concealed Bias
Exhibit E – Jury List Redaction & 8/4 Minute Order
Exhibit F – ██████ Digital Footprint and Public Records

# EXHIBIT A

## Evidence of Political Bias – ███████████ and DNC Involvement

This exhibit presents public evidence showing that ▓▓▓▓▓ who served as Juror 0374 and foreperson in my 2024 criminal trial, was affiliated with Democratic Party operations, including the Clinton campaign and legal support efforts for the DNC. ▓▓▓▓ failed to disclose any strong opinions about President Donald Trump during voir dire—leaving blank Question 30, which asked specifically about such opinions. However, materials uncovered post-trial now demonstrate that ▓▓▓▓ was politically active in ways that should have disqualified him or, at minimum, triggered further voir dire. This exhibit includes his name on a Clinton campaign staff roster and references in published articles, establishing strong evidence of juror bias and misconduct.



Observer article screenshot showing DNC staffer ⬛⬛⬛⬛ receiving internal communication regarding press coordination on behalf of the Clinton campaign.



Washington Examiner article referencing ▇▇▇▇▇ as a DNC operative editing messaging for political framing related to Trump.



Clinton campaign staff directory listing ▮▮▮▮▮▮ as a research associate in July 2014.

# EXHIBIT B

## FOIA Request to DOJ – AUSA
## Assignment Inquiry

On August 7, 2025, I submitted a Freedom of Information Act (FOIA) request to the U.S. Department of Justice seeking records related to the assignment of Assistant U.S. Attorney ▓▓▓▓▓▓ to my criminal case. This request was made after observing unusual prosecutorial turnover and the late-stage involvement of ▓▓▓▓▓ in courtroom proceedings. The request seeks to determine whether ▓▓▓▓ ▓▓▓▓ was specially assigned, politically motivated, or otherwise connected to improper government coordination. A response is expected by September 6, 2025. This exhibit includes the original FOIA request submitted to the Office of Information Policy.

To: foiarequest@usdoj.gov
Cc: USAEO.FOIA@usdoj.gov
Subject: FOIA Request – AUSA ███████████
Date: August 7, 2025

Cindy L. Young
20 Central Street, Unit 1
Bristol, NH 03222
clyoung@breezeline.net

FOIA/Privacy Act Officer
U.S. Department of Justice
Office of Information Policy (OIP)
441 G Street, NW, 6th Floor
Washington, DC 20530-0001

Re: Freedom of Information Act Request – USA v. CINDY YOUNG, Assignment of AUSA ███████████

Dear FOIA Officer:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of any and all records related to:

1. The assignment, involvement, or case-related activity of Assistant U.S. Attorney ███████████ in connection with the criminal matter United States v. CINDY YOUNG, Case No. 1:23-cr-00241, including internal memos, staffing assignments, or communications indicating date of assignment, division, or supervisory designation.

2. Any internal communications between AUSA ███████ nd other DOJ personnel regarding the above case between July 1, 2025 and the present.

I am requesting these records in my capacity as the subject of the case referenced, and for the purpose of monitoring possible prosecutorial misconduct, retaliation, or violation of my constitutional rights.

If any portion of this request is denied, please provide a written justification citing the specific exemptions relied upon. I am willing to pay up to $25 in fees, but please notify me if costs will exceed that amount.

Thank you for your attention to this matter.

Sincerely,
Cindy L. Young

# EXHIBIT C

# Evidence of Judicial Bias – Judge Harvey's Review of Defendant's Social Media and Podcast Content

This exhibit documents a potentially prejudicial statement made by Judge Harvey during a hearing held on August 5, 2025, in the case United States v. Cindy Young, 1:23-cr-00241. During the proceeding, Judge Harvey stated that he had reviewed the defendant's public social media posts and podcast content. This extrajudicial review was not introduced into evidence or subjected to adversarial process and raises serious concerns about judicial impartiality, potential bias, and the integrity of the proceedings. The following is a reconstructed summary of the Court's remarks based on contemporaneous recollection.

**STATEMENT ATTRIBUTED TO THE COURT (Judge Harvey), AUGUST 5, 2025:**

"I've looked at your Twitter posts and reviewed some of your podcasts. You've made public statements about this juror and this case. In particular, I'm asking you to remove the repost of that podcast — the one with the woman with red hair."

*This statement was made in open court. No contemporaneous objection was entered, but it is preserved here for the record as potential evidence of judicial bias, improper surveillance of defendant's protected speech, and chilling of First Amendment activity.*

# EXHIBIT D

## Voir Dire vs. Post-Trial Discovery – Concealed Bias by Juror

This exhibit compares ███████████ voir dire responses with post-trial findings that demonstrate his political affiliations and preconceived views on Donald Trump. The following table presents a side-by-side analysis of the juror's omissions in voir dire against the publicly available information discovered after trial. These discrepancies form the basis for a claim of juror misconduct, bias, and denial of a fair trial.

| Voir Dire Question / Response | Post-Trial Discovery |
|---|---|
| Question 30: "Do you have strong opinions or beliefs about Donald Trump?" → Left blank by ▓▓▓ | Published sources show ▓▓▓ worked with Democratic legal tea |
| Question 32: "Can you be fair and impartial in this c → Answered "Yes." | ▓▓▓ artisan background and campaign involvement were not |

## Declaration

I declare under penalty of perjury that the comparison in this exhibit is accurate to the best of my knowledge and drawn from official court voir dire records and publicly available documents. These omissions materially affected the fairness of jury selection.

Executed on August 7, 2025

Cindy L. Young
[i][Signed electronically for submission][/i]

# EXHIBIT E

# Redacted Jury List & Judge Harvey's August 4, 2025 Minute Order

This exhibit addresses the redaction of juror information in this case under Judge Harvey's August 4, 2025 minute order. The Court cited Local Criminal Rule 24.1(b)(1) and Judicial Conference policy as justification for redacting identifying information about a juror the defendant believes to be ▮▮▮▮▮▮ ▮▮▮▮▮, Juror 0374. The Court further ordered that the defendant maintain the confidentiality of this information and prohibited any contact with the juror except in the presence of the Court under Local Rule 24.2. Despite the redactions, the public record of the trial includes a polling of each juror, and Juror 0374 confirmed the verdict on the record. This exhibit includes the quoted courtroom polling reference and the full text of the Court's 8/4/25 minute order.

**Excerpt from Trial Transcript – ECF No. 87 at 35:**

THE COURT: Let me ask each of you individually. Juror 0374, is this your true verdict?
JUROR 0374: Yes.

*This exchange confirms that Juror 0374 affirmed the guilty verdict on the record, corroborating the juror number assignment linked to*

**Minute Order – Filed August 4, 2025:**

Defendant, proceeding pro se, has submitted three documents for filing in this case--a motion under Rule 33 of the Federal Rules of Criminal Procedure seeking to vacate her conviction, exhibits in support of that motion, and a motion to unseal the name of a juror in her case--each of which includes the name of a person she believes served on the jury that convicted her. This Court's Local Criminal Rules provide that parties and counsel who are provided identifying information about petit jurors, "including names, addresses, telephone numbers, email addresses, and employment information, shall maintain the confidentiality of that information, unless disclosure is authorized by the Court" after an application to the presiding judge. LCrR 24.1(b)(1). That rule is in keeping with the policy of the Judicial Council of the United States, which mandates that documents "containing information about jurors or potential jurors" in a criminal case "shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access." The Judicial Conference of the United States, Policy on Privacy and Public Access to Electronic Case Files, https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files; see also, e.g., United States v. Williams, Crim. Action No. 03-0221-11, 2006 WL 3099631, at *4 (S.D. Tex. Oct. 30, 2006) ("A judge's authority to protect jurors' privacy does not end when the case ends." (citing United States v. Brown, 250 F.3d 907, 919 (5th Cir. 2001)). Accordingly, the Clerk of Court is directed to file a version of the documents submitted by Defendant in which all identifying information about the individual she believes was a juror in her case, including but not limited to "names, addresses, telephone numbers, email addresses, and employment information," has been redacted pursuant to Local Criminal Rule 24.1. It is also ORDERED that Defendant shall keep confidential all identifying information about that individual--including but not limited to "names, addresses, telephone numbers, email addresses, and employment information"--pending decision on her request to unseal. It is further ORDERED that, pursuant to Local Criminal Rule 24.2 and in conformity with the colloquy on the record at the conclusion of Defendant's trial, see ECF No. 87 at 35, Defendant shall have no communication with the individual she believes was a juror in her case, except in the presence of the Court. It is further ORDERED that, pursuant to Local Criminal Rule 47, the government shall file any responses to Defendant's Rule 33 motion and motion to unseal by August 18, 2025; Defendant shall file any replies by August 25, 2025. SO ORDERED. Signed by Magistrate Judge G. Michael Harvey on 8/4/25.

# EXHIBIT F

## Digital & Media Records – ███████ Public Affiliations and Online Footprint

This exhibit compiles digital evidence and published media records confirming ▆▆▆▆▆▆▆▆▆▆ affiliations with partisan political activity that was not disclosed during voir dire. These materials include his name in the Podesta email archive released by Wikileaks, and his mention in news media coverage related to Democratic legal efforts. While not collected from his personal social media accounts, these sources establish a public pattern of partisan alignment. ▆▆▆▆▆▆ omission of this activity during voir dire constitutes material misrepresentation. All records shown here were publicly accessible as of July–August 2025.



Observer article screenshot showing DNC staffer [REDACTED] receiving internal communication regarding press coordination on behalf of the Clinton campaign.



Washington Examiner article referencing [REDACTED] as a DNC operative editing messaging for political framing related to Trump.



Clinton campaign staff directory listing ▨ as a research associate in July 2014.

## Declaration

I declare under penalty of perjury that the records contained in this exhibit are true and correct copies of publicly available materials related to ▮▮▮▮▮▮▮▮ political affiliations and online presence. These materials were discovered only after the verdict in my case and were not disclosed during voir dire.

The evidence includes news articles and publicly archived documents from Wikileaks showing Mr. ▮▮▮▮▮ partisan legal work and affiliations with the Democratic Party and Clinton campaign. This post-trial discovery materially undermines the integrity of the jury selection process in my trial.

Executed on August 7, 2025

Cindy L. Young
*[Signed electronically for submission]*

**EXHIBIT A**

**Evidence of Political Bias –** ⬛⬛⬛⬛⬛⬛⬛ **and DNC Involvement**

This exhibit presents public evidence showing that ▓▓▓▓▓▓▓▓ who served as Juror 0374 and foreperson in my 2024 criminal trial, was affiliated with Democratic Party operations, including the Clinton campaign and legal support efforts for the DNC. ▓▓▓▓ failed to disclose any strong opinions about President Donald Trump during voir dire—leaving blank Question 30, which asked specifically about such opinions. However, materials uncovered post-trial now demonstrate that ▓▓▓▓ was politically active in ways that should have disqualified him or, at minimum, triggered further voir dire. This exhibit includes his name on a Clinton campaign staff roster and references in published articles, establishing strong evidence of juror bias and misconduct.



Observer article screenshot showing DNC staffer ▮▮▮▮▮▮▮ receiving internal communication regarding press coordination on behalf of the Clinton campaign.



Washington Examiner article referencing ▆▆▆▆▆▆ as a DNC operative editing messaging for political framing related to Trump.



Clinton campaign staff directory listing ▢ as a research associate in July 2014.

**EXHIBIT B**

**FOIA Request to DOJ – AUSA** ███████████
**Assignment Inquiry**

On August 7, 2025, I submitted a Freedom of Information Act (FOIA) request to the U.S. Department of Justice seeking records related to the assignment of Assistant U.S. Attorney ████████████ to my criminal case. This request was made after observing unusual prosecutorial turnover and the late-stage involvement of ████████ in courtroom proceedings. The request seeks to determine whether ████████ was specially assigned, politically motivated, or otherwise connected to improper government coordination. A response is expected by September 6, 2025. This exhibit includes the original FOIA request submitted to the Office of Information Policy.

To: foiarequest@usdoj.gov
Cc: USAEO.FOIA@usdoj.gov
Subject: FOIA Request – AUSA ███████████
Date: August 7, 2025

Cindy L. Young
20 Central Street, Unit 1
Bristol, NH 03222
clyoung@breezeline.net

FOIA/Privacy Act Officer
U.S. Department of Justice
Office of Information Policy (OIP)
441 G Street, NW, 6th Floor
Washington, DC 20530-0001

Re: Freedom of Information Act Request – USA v. CINDY YOUNG, Assignment of AUSA ███████████

Dear FOIA Officer:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of any and all records related to:

1. The assignment, involvement, or case-related activity of Assistant U.S. Attorney ███████████ in connection with the criminal matter United States v. CINDY YOUNG, Case No. 1:23-cr-00241, including internal memos, staffing assignments, or communications indicating date of assignment, division, or supervisory designation.

2. Any internal communications between AUSA ██████ and other DOJ personnel regarding the above case between July 1, 2025 and the present.

I am requesting these records in my capacity as the subject of the case referenced, and for the purpose of monitoring possible prosecutorial misconduct, retaliation, or violation of my constitutional rights.

If any portion of this request is denied, please provide a written justification citing the specific exemptions relied upon. I am willing to pay up to $25 in fees, but please notify me if costs will exceed that amount.

Thank you for your attention to this matter.

Sincerely,
Cindy L. Young

**EXHIBIT C**

**Evidence of Judicial Bias – Judge Harvey's Review of
Defendant's Social Media and Podcast Content**

This exhibit documents a potentially prejudicial statement made by Judge Harvey during a hearing held on August 5, 2025, in the case United States v. Cindy Young, 1:23-cr-00241. During the proceeding, Judge Harvey stated that he had reviewed the defendant's public social media posts and podcast content. This extrajudicial review was not introduced into evidence or subjected to adversarial process and raises serious concerns about judicial impartiality, potential bias, and the integrity of the proceedings. The following is a reconstructed summary of the Court's remarks based on contemporaneous recollection.

**STATEMENT ATTRIBUTED TO THE COURT (Judge Harvey), AUGUST 5, 2025:**

"I've looked at your Twitter posts and reviewed some of your podcasts. You've made public statements about this juror and this case. In particular, I'm asking you to remove the repost of that podcast — the one with the woman with red hair."

*This statement was made in open court. No contemporaneous objection was entered, but it is preserved here for the record as potential evidence of judicial bias, improper surveillance of defendant's protected speech, and chilling of First Amendment activity.*

## Supplemental Legal Authorities

The following authorities support the defendant's contention that Judge Harvey's extrajudicial review of social media and podcast material raises significant concerns under judicial ethics, due process doctrine, and federal policy.

• Canon 2(A) of the Code of Conduct for United States Judges: A judge must act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

• Canon 3(A)(4): A judge shall not independently investigate facts in a matter and shall consider only the evidence presented and any facts that may properly be judicially noticed.

• In re Murchison, 349 U.S. 133 (1955): 'A fair trial in a fair tribunal is a basic requirement of due process.'

• Williams v. Pennsylvania, 579 U.S. ___ (2016): Due process is violated where a judge had a significant role in a critical prosecutorial decision and later presides over the case. Even the appearance of bias may be constitutionally significant.

• Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009): Due process requires judicial recusal when a judge's impartiality might reasonably be questioned based on extrajudicial facts or actions.

• Judicial Conference Policy on Privacy and Public Access to Electronic Case Files: Limits court reliance on litigant media activity unless part of the record.

## EXHIBIT D

Voir Dire vs. Post-Trial Discovery – Concealed Bias by Juror

This exhibit compare ▚▚▚▚▚▚▚▚ voir dire responses with post-trial findings that demonstrate his politica a    at ons an   preconceived views on Donald Trump. The following table presents a side-by-side analysis of the juror's omissions in voir dire against the publicly available information discovered after trial. These discrepancies form the basis for a claim of juror misconduct, bias, and denial of a fair trial.

| Voir Dire Question / Response | Post-Trial Discovery |
|---|---|
| Question 30: "Do you have strong opinions or beliefs about Donald Trump?" <br> **→ Left blank by** ▉▉▉▉▉ | Published evidence shows ▉▉▉▉ worked with Democratic legal teams during the Trump-Clinton 2016 election and received internal DNC communications targeting Trum  messaging. |
| Question 32: "Can you be fair and impartial in this case?" <br> **→ Answered "Yes."** | ▉▉▉▉▉ artisan background and campa gn involvement were not disclosed. Public evidence strongly suggests preexisting bias. |

## Signature Page

I declare under penalty of perjury that the information in this exhibit is true and correct.

Executed on: _8/10/25_

Signature: _Cindy L Young_

Cindy L. Young

**EXHIBIT E**

**Redacted Jury List & Judge Harvey's August 4, 2025**
**Minute Order**

This exhibit addresses the redaction of juror information in this case under Judge Harvey's August 4, 2025 minute order. The Court cited Local Criminal Rule 24.1(b)(1) and Judicial Conference policy as justification for redacting identifying information about a juror the defendant believes to be ▮▮▮▮ ▮▮▮▮ Juror 0374. The Court further ordered that the defendant maintain the confidentiality of this information and prohibited any contact with the juror except in *the presence of the Court under Local* Rule 24.2. Despite the redactions, the public record of the trial includes a polling of each juror, and Juror 0374 confirmed the verdict on the record. This exhibit includes the quoted courtroom polling reference and the full text of the Court's 8/4/25 minute order.

**Excerpt from Trial Transcript – ECF No. 87 at 35:**

THE COURT: Let me ask each of you individually. Juror 0374, is this your true verdict?
JUROR 0374: Yes.

*This exchange confirms that Juror 0374 affirmed the guilty verdict on the record, corroborating the juror number assignment linked to* ▉▉▉▉▉▉▉▉

**Minute Order – Filed August 4, 2025:**

Defendant, proceeding pro se, has submitted three documents for filing in this case--a motion under Rule 33 of the Federal Rules of Criminal Procedure seeking to vacate her conviction, exhibits in support of that motion, and a motion to unseal the name of a juror in her case--each of which includes the name of a person she believes served on the jury that convicted her. This Court's Local Criminal Rules provide that parties and counsel who are provided identifying information about petit jurors, "including names, addresses, telephone numbers, email addresses, and employment information, shall maintain the confidentiality of that information, unless disclosure is authorized by the Court" after an application to the presiding judge. LCrR 24.1(b)(1). That rule is in keeping with the policy of the Judicial Council of the United States, which mandates that documents "containing information about jurors or potential jurors" in a criminal case "shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access." The Judicial Conference of the United States, Policy on Privacy and Public Access to Electronic Case Files, https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files; see also, e.g., United States v. Williams, Crim. Action No. 03-0221-11, 2006 WL 3099631, at *4 (S.D. Tex. Oct. 30, 2006) ("A judge's authority to protect jurors' privacy does not end when the case ends." (citing United States v. Brown, 250 F.3d 907, 919 (5th Cir. 2001)). Accordingly, the Clerk of Court is directed to file a version of the documents submitted by Defendant in which all identifying information about the individual she believes was a juror in her case, including but not limited to "names, addresses, telephone numbers, email addresses, and employment information," has been redacted pursuant to Local Criminal Rule 24.1. It is also ORDERED that Defendant shall keep confidential all identifying information about that individual--including but not limited to "names, addresses, telephone numbers, email addresses, and employment information"--pending decision on her request to unseal. It is further ORDERED that, pursuant to Local Criminal Rule 24.2 and in conformity with the colloquy on the record at the conclusion of Defendant's trial, see ECF No. 87 at 35, Defendant shall have no communication with the individual she believes was a juror in her case, except in the presence of the Court. It is further ORDERED that, pursuant to Local Criminal Rule 47, the government shall file any responses to Defendant's Rule 33 motion and motion to unseal by August 18, 2025; Defendant shall file any replies by August 25, 2025. SO ORDERED. Signed by Magistrate Judge G. Michael Harvey on 8/4/25.

**EXHIBIT F**

**Digital & Media Records –** ███████████ **Public Affiliations and Online Footprint**

This exhibit compiles digital evidence and published media records confirming ▮▮▮▮▮▮▮▮ affiliations with partisan political activity that was not disclosed during voir dire. These materials include his name in the Podesta email archive released by Wikileaks, and his mention in news media coverage related to Democratic legal efforts. While not collected from his personal social media accounts, these sources establish a public pattern of partisan alignment. ▮▮▮▮▮ omission of this activity during voir dire constitutes material misrepresentation. All records shown here were publicly accessible as of July–August 2025.



Observer article screenshot showing DNC staffer [REDACTED] receiving internal communication regarding press coordination on behalf of the Clinton campaign.



Washington Examiner article referencing ▮▮▮▮▮ as a DNC operative editing messaging for political framing related to Trump.



Clinton campaign staff directory listing [REDACTED] as a research associate in July 2014.

**Declaration**

I declare under penalty of perjury that the records contained in this exhibit are true and correct copies of publicly available materials related to ▓▓▓▓▓▓▓▓ political affiliations and online presence. These materials were discovered only after the verdict in my case and were not disclosed during voir dire.

The evidence includes news articles and publicly archived documents from Wikileaks showing ▓▓▓▓ ▓▓▓▓▓▓ partisan legal work and affiliations with the Democratic Party and Clinton campaign. This post-trial discovery materially undermines the integrity of the jury selection process in my trial.

Executed on August 7, 2025

Cindy L. Young
*[Signed electronically for submission]*

**Signature Page**

I declare under penalty of perjury that the information in this exhibit is true and correct.

Executed on: _8/10/25_

Signature: _Cindy L. Young_

Cindy L. Young