UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 23-CR-241 (GMH) |
| | : |
| CINDY YOUNG, | : |
| | : |
| Defendant. | : |

**UNITED STATES' OPPOSITION TO DEFENDANT'S "MOTION FOR RELIEF BASED ON JUROR MISCONDUCT AND VIOLATION OF THE SIXTH AMENDMENT RIGHT TO AN IMPARTIAL JURY," "MOTION TO UNSEAL THE NAME OF THE PRESIDING JUROR OR TO OBTAIN AN UNREDACTED VERDICT FORM FOR PURPOSES OF POST CONVICTION RELIEF UNDER RULE 33 AND 28 U.S.C. § 2255," AND "MOTION TO RECONSIDER AUGUST 4 AND AUGUST 11, 2025, SEALING ORDERS"**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to defendant Cindy Young's "Motion For Relief Based on Juror Misconduct And Violation of the Sixth Amendment Right To An Impartial Jury" and Supplemental Motion (ECF 126, ECF 135); "Motion to Unseal the Name Of the Presiding Juror or to Obtain an Unredacted Verdict Form For Purposes of Post Conviction Relief Under Rule 33 and 28 U.S.C. § 2255" (ECF 127), and defendant's "Motion to Reconsider August 4 and August 11, 2025 Sealing Orders" and Supplemental Motion (ECF 137, ECF 138). For the reasons described herein, all of defendant's motions should be summarily denied, and the government proposes filing a status report within 30 days as to the Texas bar complaint.

**OVERVIEW**

On August 9, 2024, a jury convicted defendant on four counts: (1) entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); (2) disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2); (3) disorderly conduct in a U.S. Capitol building or grounds in violation of 40 U.S.C. § 5104(e)(2)(D);

and (4) parading, demonstrating, or picketing in a U.S. Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G). Fourteen days later, on August 23, 2024, defendant, through counsel, filed a motion for a new trial arguing that she was denied her Sixth Amendment right to an impartial jury. (ECF 80 Defendant's First Rule 33 Motion). Defendant argued that several jurors, including juror 0374, failed to answer the *voir dire* questions truthfully. *Id.* This Court denied defendant's motion because defendant failed to show "any error on how the *voir dire* was conducted." (ECF 96 Memorandum Opinion and Order). Several months later, defendant was pardoned for the offenses pursuant to an Executive Order dated January 20, 2025. (ECF 120).

Defendant nevertheless continues to seek relief in this Court. In a *pro se* motion docketed on August 5, 2025, defendant argues, once again, that Juror 0374 failed to answer a *voir dire* question truthfully, and again seeks a new trial on that basis. (ECF 126 Defendant's Second Rule 33 Motion). In another *pro se* motion docketed that day, defendant asks to unseal the name of the presiding juror and to obtain an unredacted verdict form for purposes of post-conviction relief under Rule 33 and 28 U.S.C. § 2255. (ECF 127). Finally, on August 12, 2025, defendant filed a *pro se* motion asking the Court to reconsider the sealing of ECF 63 and ECF 64, which relate to a potential defense exhibit and witness. (ECF 138).[1]

I. **ARGUMENT**

Defendant's motions fail for the following reasons. As to her request for a new trial under Rule 33, the motion is untimely, as she does not present any qualifying newly discovered evidence. The motion must be denied on that basis. Moreover, even if it were timely, this Court has already

---

[1] Defendant has continued to file numerous other documents following the Court's status hearing of August 5, 2025. We welcome the opportunity to respond to any of these filings if the Court believes additional briefing would be beneficial to resolving defendant's various other claims or requests.

addressed and properly rejected defendant's arguments in its order denying her first Rule 33 motion. Regarding defendant's motion to unseal the name of the presiding juror to pursue post-conviction relief under Rule 33 and 28 U.S.C. § 2255, she conclusively cannot prevail under either Rule 33 or 28 U.S.C. § 2255. Accordingly, there is no basis on which to unseal the name of the presiding juror. Finally, with respect to defendant's motion to reconsider the sealing of ECF 63 and ECF 64, she has not shown that the Court's weighing of the *Hubbard* factors is no longer valid to now require that the two documents be unsealed.

### A. Defendant's Motion for a New Trial Is Untimely and Meritless.

A defendant may move for a new trial within three years of the jury's verdict so long as that motion is "grounded on newly discovered evidence." Fed. R. Crim. P. 33(b)(1). Here, there is no newly discovered evidence. When the motion rests on other grounds, it must be filed within 14 days after the verdict. Fed. R. Crim. P. 33(b)(2). Since defendant does not present any newly discovered evidence, her Rule 33 motion is untimely and must be denied on that ground.

In her current Rule 33 motion, defendant duplicates her arguments from her prior Rule 33 motion to request a new trial. Defendant again argues that juror 0374 failed to acknowledge any strong feelings about President Trump, references the juror's employment, and argues that juror 0374 must have lied when he stated that he could be a fair and impartial juror. (ECF 126 Defendant's Second Rule 33 Motion); *see also* (ECF 80 Defendant's First Rule 33 Motion) (setting forth similar arguments). Defendant's purported "new evidence" include four emails from 2016 and a financial record from 2014. (ECF 126 Defendant's Second Rule 33 Motion). In a supplement to the motion, defendant attaches a 2016 news article regarding Juror 0374, a 2021 news article regarding the juror, and a 2014 staff directory listing the juror as working on a political campaign. (ECF 135 Defendant's Second Rule 33 Motion Supplemental).

The emails, financial disclosures, staff directory, and news articles defendant attaches in support of her motion for a new trial are not newly discovered evidence because they were easily accessible to defendant during trial. *See United States v. Stone*, 613 F. Supp. 3d 1, 8 (D.D.C. 2020) (holding that social media posts do not meet the legal test for something that has been "newly discovered" because the information could have easily been found with the exercise of due diligence at trial). Specifically, the material was available on the internet on open-source websites, no different than social media posts. All four emails that defendant attaches in her Rule 33 motion are pulled from Wikileaks, a website whose most recent publication was from 2021.[2] In her supplement to the Rule 33 motion, defendant claims that she has discovered new evidence and that the evidence could not have been discovered through reasonable diligence. (ECF 135 Defendant's Second Rule 33 Motion Supplemental). This is false, as some of defendant's attachments could have been found through a simple Google search prior to trial. The August 2016 news article and the November 2021 news article can be easily Googled. Furthermore, the information that Juror 0374 was a research associate on a particular political campaign in July 2014 appears to be from an opensource website on the internet that was available to defendant prior to trial as well.

All of defendant's Rule 33 attachments were discoverable to defendant during *voir dire*, and defendant has not shown otherwise. To obtain a new trial based on newly discovered evidence, defendant must show "diligence in the attempt to procure the newly discovered evidence." *United v. Johnson*, 519 F.3d 478, 487 (D.C. Cir. 2008). Here, defendant has shown none, as she presents no evidence on how or when she obtained the emails, news articles, or other materials. And diligence has not "been exercised if the defendant or [her] counsel could have without unusual

---

[2] Defendant also attaches Juror 0374's 2014 compensation from the website Open Secrets but does not indicate how that information was unavailable to defendant during trial.

effort, acquired the evidence before or during the trial." *United States v. Alessi*, 638 F.2d 466, 479 (2d. Cir. 1980). In the instant case, it is most likely "not that the material *could not* be discovered; [but that] it *was* not discovered. And it was not discovered because no one was looking for it." *Stone*, 613 F. Supp. 3d 1, 42 (D.D.C. 2020).

Even if the Court were to consider defendant's time-barred motion for a new trial on its merits, it should be summarily denied for the same reasons the Court articulated in denying the same juror-misconduct claim defendant set forth in her prior Rule 33 motion. First, for example, Juror 0374's prior employment at a particular organization over seven years ago is of no consequence because it says nothing about any specific bias of the juror. (ECF 96 Memorandum Opinion and Order) at 14. Second, the emails and financial disclosure defendant attaches to her motion present no new substantive evidence about any potential bias that this Court has not already addressed in its October 25, 2024, opinion. (ECF 96 Memorandum Opinion and Order). Finally, this Court "did not find any suggestion that . . . [Juror 0374 was] . . . anything but truthful and straightforward" during the *voir dire*. *Id* at 14; *see also Rosales–Lopez v. United States,* 451 U.S. 182, 188 (1981) ("The trial judge's function [at voir dire] . . . is not unlike that of the jurors later on in the trial. Both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions."). Accordingly, defendant's Rule 33 motion is not only time-barred, but also meritless and should be summarily denied.[3]

---

[3] Given that defendant's motion is untimely, and the Court thoroughly addressed defendant's claim when denying defendant's first Rule 33 motion, we do not extensively analyze defendant's supposedly "newly discovered" evidence and why it forms an insufficient basis for a new trial under Rule 33 in this pleading. If the Court nevertheless finds that defendant's motion is timely and decides to address the merits in greater depth than it did in resolving defendant's first Rule 33 motion, the government respectfully requests an opportunity to further brief the merits of defendant's claim.

      **B.**      **Juror 0374's Identity Should Remain Sealed to Protect the Integrity of the Jury System and Because Defendant Is Ineligible for the Post-conviction Relief upon Which Her Request Is Predicated.**

This Court's Local Criminal Rules provide that parties and counsel who are provided identifying information about petit jurors, "including names, addresses, telephone numbers, email addresses, and employment information, shall maintain the confidentiality of that information, unless disclosure is authorized by the Court" after an application to the presiding judge. Local Criminal Rule 24.1(b)(1). That rule is in keeping with the policy of the Judicial Council of the United States, which mandates that documents "containing information about jurors or potential jurors" in a criminal case "shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access." *See* Privacy Policy for Electronic Case Files: https://www.uscourts.gov/privacy-policy-electronic-case-files (last visited August 18, 2025); *see also*, *United States v. Williams*, Crim. Action No. 03-0221-11, 2006 WL 3099631, at *4 (S.D. Tex. Oct. 30, 2006) ("A judge's authority to protect jurors' privacy does not end when the case ends.") (citing *United States v. Brown*, 250 F.3d 907, 919 (5th Cir. 2001)). This local rule, however, is specific to "sitting or prospective jurors." Local Criminal Rule 24.1(b)(1). The government is not aware of a local rule that addresses jurors' privacy rights post-trial.

      Regardless, courts across the country have recognized the privacy interests of jurors, post-trial. *United States v. Calabrese*, 515 F. Supp, 2d 880, 882 (7th Cir. 2007) ("It is well established that in certain circumstances, a trial court may decline to release jurors' names, even after the trial has concluded"); *In re Globe Newspaper Co.*, 920 F.2d 88, 91 (1st Cir. 1990) ("[T]here could be circumstances necessitating withholding juror identities after verdict . . . ."); *In re Disclosure of Juror Names and Addresses,* 233 Mich. App. 604, 592, 629 (Mich. Ct. App. 1999) ("[W]e hold that the trial court retains the discretion to formulate restrictions on the time and manner of

disclosure of jurors' names or, in some cases, perhaps, deny disclosure . . .").

In addition, courts have taken steps to protect the integrity of the jury system pre-trial, sometimes going as far as seating anonymous jurors. *See United States v. Ross*, 33 F.3d 1507, 1520 (11th Cir. 1994) (holding that "[s]ufficient reason for empaneling an anonymous jury has been found to exist upon a showing of some combination of several factors, including: (1) the defendant's involvement in organized crime, (2) the defendant's participation in a group with the capacity to harm jurors, (3) the defendant's past attempts to interfere with the judicial process, (4) the potential that, if convicted, the defendant will suffer a lengthy incarceration and substantial monetary penalties, and (5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation or harassment"); *United States v. Crockett*, 979 F.2d 1204, 1217 (7th Cir. 1992) (holding that district court did not abuse its discretion in deciding to impanel an anonymous jury and took adequate measures to ensure that defendant's constitutional rights were protected); *United States v. Scarfo,* 850 F.2d 1015, 1021-26 (3d Cir. 1988) (impaneling an anonymous jury is sometimes necessary in order to preserve both the jury's honest verdict as well as for their safety); *United States v. Barnes*, 604 F.2d 121, 140-41 (2d Cir. 1979) (rejecting defendant's contention that jurors have an obligation to publicly disclose their identities). In determining whether to seat anonymous jurors Courts must "balance the defendant's interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury member's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict." *United States v. Edmond*, 52 F.3d 1080, 1090 (D.C. Cir. 1995) (*citing United States v. Amuso*, 21 F.3d 1251, 1264 (2d Cir. 1994).

The above balancing test, which weighs the rights of defendants to properly challenge potential jurors both before and after trial versus the rights of jurors to be free from harassment, is

instructive in the instant case. Here, defendant has been pardoned and is no longer serving a sentence of any kind. It is even more appropriate to maintain the privacy of the juror's information here where defendant cannot even obtain the post-conviction relief underlying her request to unseal Juror 0374's information. Defendant claims she seeks the unsealing of Juror 0374's information for purposes of pursuing post-conviction relief under Rule 33 and 28 U.S.C. § 2255. (ECF 127). As discussed *supra,* defendant cannot seek relief under Rule 33 because her motion is untimely and without merit. Similarly, defendant cannot seek relief under 28 U.S.C. § 2255. Only prisoners who are "in custody" may seek section 2255 relief. *See* Section 2255 Rule 1(a). And while Section 2255's custody requirement covers virtually any restraint on an individual's liberty not shared by the public at large, including probation, *United States v. Lopez*, 704 F.2d 1382, 1384 n.2 (5th Cir. 1983); parole, *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963); federally mandated supervised release, *United States v. Scruggs*, 691 F.3d 660, 662 n.1 (5th Cir. 2012) (collecting cases); release on personal recognizance pending trial or sentencing, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300–01 (1984); *Hensley v. Mun. Court*, 411 U.S. 345, 349–52 (1973); and the issuance of a detainer by another jurisdiction. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488–89 & n.4 (1973), here, defendant is not in custody or under any supervision and thus not eligible for relief under § 2255. *United States v. Kramer,* 195 F.3d 1129, 1130 (9th Cir. 1999) (holding that to state a cognizable claim for relief under 28 U.S.C. § 2255 a defendant must challenge the validity or duration of his confinement); *see also Maleng v. Cook, 490 U.S. 488, 491* (the Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined to challenge his sentence on habeas corpus.").[4] Because defendant is

---

[4] We further note that to the extent the defendant seeks a general vacatur of her convictions on the grounds of her pardon she is not entitled to such relief. A pardon does not constitute a legal basis for vacatur of her convictions. Indeed, there is a "confession of guilt implied in the acceptance of

8

ineligible for the post-conviction relief underlying her motion to unseal, she has not established any legal basis to have Juror 0374's personal information unsealed.

As to the other side of the balancing test, the threat to Juror 0374 is real. Defendant has already threatened Juror 0374's livelihood by filing a baseless bar complaint against him in Texas. She has also published his personal identifying information, obtained through extensive online research targeting the juror, on a public docket and social media sources. This type of personal attack on a juror cannot be permitted. Not only does it threaten the individual juror, but it threatens the integrity of our entire judicial system. It can have a chilling effect on future jurors who may wish to serve or the candor with which they answer the Court's questions during *voir dire*. Therefore, the juror's personal information must remain sealed, and defendant, at the very least, should be admonished for her actions in this case.

      **C.    As This Court Has Already Ruled Pre-trial, ECF 63 (United States Objection to Supplemental Defense Exhibit) and ECF 64 (United States Objection to Supplemental Defense Witness) Should Remain Sealed Based on the *Hubbard* Factors.**

This Court has already correctly ruled that ECF 63 (United States' Objection to Supplemental Defense Exhibit) and ECF 64 (United States' Objection to Supplemental Defense Witness) should be sealed pre-trial. The Court's ruling should remain unchanged post-trial.

---

a pardon," because a person cannot be pardoned of conduct of which they are innocent. *Burdick v. United States*, 236 U.S. 79, 91 (1915). "Although Defendant also seeks vacatur of his conviction, he has not identified any basis to vacate the conviction. As has long been recognized, "a pardon relieves…the consequences of conviction of crime, but does not obliterate the conviction itself." *United States v. Denton*, 307 F.2d 336, 339 (6th Cir. 1962). *See also, Knote v. United States*, 95 U.S. 149 (1877) ("A pardon is an act of grace by which an offender is released from the consequences of his offence, so far as such release is practicable and within control of the pardoning power, or of officers under its direction."); *Bjerkan v. United States*, 529 F.2d 125, 128 n. 2 (7th Cir.1975) ("A pardon does not 'blot out guilt' nor does it restore the offender to a state of innocence in the eye of the law as was suggested in *Ex Parte Garland*.")."

As this Court knows, there is a "strong presumption in favor of public access to judicial proceedings." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). However, a seal may be maintained "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017) (citing *In re Nat'l Broad. Co.*, 653 F.2d 609, 612 (D.C. Cir. 1981) (internal quotation marks and citations omitted)).

There is a two-step inquiry when determining whether justice requires sealing. First, the Court must determine whether the materials sought to be unsealed are judicial records. *See Leopold v. United States*, 964 F.3d 1121, 1126–27 (D.C. Cir. 2020) (citing *Hubbard*, 650 F.2d at 317). "[N]ot all documents filed with courts are judicial records." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). Rather, "whether something is a judicial record depends on the role it plays in the adjudicatory process." *Id.* (internal quotation marks and citations omitted).

10

Second, the Court should weigh the six-factor test developed in *Hubbard*: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317–22).

[redacted]

Government further objects to unsealing this information now because defendant has been pardoned, and thus the unsealing of this information serves no legal purpose for defendant. In addition, there is no public need to access the documents, nor can defendant show any prejudice. For these reasons, in addition to the privacy interest of the officers, consistent with *Hubbard*, this Court should continue to seal ECF 63 (United States Objection to Supplemental Defense Exhibit) and ECF 64 (United States Objection to Supplemental Defense Witness).

---

[5] It is the government's position that the supplemental defense exhibit and witness are facially irrelevant and impermissible. Given that "not all documents filed with courts are judicial records," *SEC v. Am. Int'l Grp.*, 712 F.3d at 3, it is unclear whether the government's objections to essentially *non sequiturs* constitute judicial records. Consequently, it could be argued that the government's motions "ha[ve] played no role in any adjudicatory function—save, of course, those functions relating to its very disclosure." *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997). However, because the *Hubbard* factors favor maintaining the seal, this Court need not determine whether the objections are in fact judicial records. We assume, nonetheless, that such records are, since the *Hubbard* factors weigh appropriately in favor of maintaining the seal.

**II.     THIS COURT SHOULD DETERMINE THE STATUS OF DEFENDANT'S BAR COMPLAINT AGAINST JUROR 0374 AND THEN TAKE ANY FUTURE STEPS IF NEEDED.**

In Texas, the initial stage of a professional misconduct claim is the "classification stage" of the disciplinary process. A grievance that is determined not to allege Professional Misconduct or that is filed by someone not eligible to file a grievance is classified as an "Inquiry" and is dismissed. The classification stage is completed within 30 days. *See* State Bar of Texas: File a Grievance:https://www.texasbar.com/Content/NavigationMenu/ForThePublic/ProblemswithanAttorney/GrievanceEthicsInfo1/File_a_Grievance.htm (last visited August 14, 2025). Based on the language on the Texas Bar's website, it is possible that the Texas Bar may not have accepted defendant's "grievance." Specifically, the website states that "[i]f you are not a client or former client of the attorney you are reporting, the Texas Rules of Disciplinary Procedure set forth limitations regarding who may file a grievance." *Id.*

In order to check the status of the defendant's complaint, this Court can enter the juror's name and use the "Find a Lawyer" feature on the State Bar of Texas website. https://www.texasbar.com/ (last visited August 14, 2025). Additionally, if the Court orders, the government can check the status of the defendant's complaint by checking the website and filing a status report with the Court in 30 days. If the internet search reveals no disciplinary history, this Court need not take any action. If the internet search reveals disciplinary proceedings, then this Court can schedule a future hearing for the parties to determine how to proceed.

## CONCLUSION

For the reasons above, the United States respectfully requests that the Court summarily deny defendant's "Motion For Relief Based on Juror Misconduct And Violation of the Sixth Amendment Right To An Impartial Jury" and Supplemental Motion (ECF 126, ECF 135); "Motion to Unseal the Name Of the Presiding Juror or to Obtain an Unredacted Verdict Form For Purposes of Post Conviction Relief Under Rule 33 and 28 U.S.C. 2255" (ECF 127), and "Motion to Reconsider August 4 and August 11, 2025 Sealing Orders" and Supplemental Motion (ECF 137, ECF 138).

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE WESTON
Chief, Special Proceedings Division
MD Bar

THOMAS STUTSMAN
Deputy Chief, Special Proceedings Division
MN Bar


*/s/ Shehzad Akhtar*
SHEHZAD AKHTAR
Assistant United States Attorney
D.C. Bar 493635
Special Proceedings Division
601 D Street NW
Washington, D.C. 20530
(202) 252-7498
Shehzad.Akhtar@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that I caused service of the foregoing to be made through the Court's ECF system on August 18, 2025. I further certify that I mailed a copy of the foregoing to defendant Cindy Young—at the address provided in her "Motion for Relief Based on Juror Misconduct and Violation of the Sixth Amendment Right to an Impartial Jury"—via first-class mail.

       */s/ Shehzad Akhtar*
       SHEHZAD AKHTAR
       Assistant United States Attorney