# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

United States of America,
    Plaintiff,

v.

Cindy Young,
    Defendant.

Case No. 1:23-cr-241

## DEFENDANT'S REPLY TO GOVERNMENT'S SEPTEMBER 22, 2025 FILING REGARDING SEALED DOCUMENTS (ECF NOS. 63 & 64)

Defendant Cindy Young, pro se, respectfully submits this Reply to the Government's September 22, 2025 filing regarding the continued sealing of ECF Nos. 63 and 64. Defendant files this Reply on the public docket because it contains no sealed material. Should the Court require filing under seal, Defendant respectfully requests that the Clerk refile accordingly.

### I. The Government Has Conceded That Both ECF 63 and ECF 64 Should Be Unsealed

The Government's September 22, 2025 filing acknowledges that both ECF 63 and 64 may be unsealed, subject only to limited redactions. This concession is dispositive: it confirms that the Hubbard presumption of public access applies, and that sealing in its current form is not justified.

### II. The Hubbard Factors Favor Full Disclosure

The Government itself concedes that the Hubbard analysis weighs in favor of unsealing. Their only counterweight—the asserted privacy interests of law enforcement personnel—does not overcome the strong presumption of transparency where:

1. Portions of the MPD Internal Affairs report have already entered the public domain;
2. The Court has ruled on ECF 64, making it a judicial record of heightened public interest;
3. Defendant's ongoing post-conviction litigation underscores the importance of maintaining public confidence in the fairness of these proceedings.

### III. Redactions Must Be Narrowly Tailored

Even if the Court permits redactions, they must be narrowly tailored to protect only legitimate privacy interests (such as names or specific identifiers). Wholesale redactions of substantive content would defeat the very purpose of unsealing.

Defendant respectfully requests that any proposed redactions be submitted for in camera review and that Defendant be given an opportunity to respond prior to final release.

### IV. Related Transcripts Must Also Be Unsealed

Defendant further requests that the Court order the unsealing of any related transcript passages that reference or discuss ECF 63 and ECF 64. Without unsealing the transcripts in addition to the filings themselves, the record remains incomplete and the public cannot fully evaluate the Court's consideration of these issues. The same Hubbard presumption of access applies equally to the transcripts of judicial proceedings as to the filings on which those proceedings were based.

### V. Relief Requested

Defendant therefore respectfully requests that this Court:
1. Order both ECF 63 and 64 unsealed, consistent with the Government's concession;
2. Require that redactions be narrowly tailored and subject to in camera review;
3. Permit Defendant to respond to the Government's proposed redactions prior to public docketing; and
4. Order that all transcript passages relating to ECF 63 and 64 be unsealed consistent with the same principles of public access.

Respectfully submitted,

*Cindy Young*
/s/ Cindy Young
Cindy Lou Young, Pro Se

Dated: September 22, 2025

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served by electronic mail upon:

Shehzad Akhtar
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Email: Shehzad.Akhtar@usdoj.gov


/s/ Cindy Young
Cindy Lou Young, Pro Se