UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-00241 (GMH) |
| | : | |
| CINDY YOUNG | : | |
| | : | |
| Defendants. | : | |

NOTICE OF FILING

Consistent with the Court's minutes order on September 23, 2025, the government is filing ECF No. 163 on the public docket.

Respectfully submitted,

JEANINE PIRRO
United States Attorney

KACIE WESTON
Chief, Special Proceedings Division
MD Bar

By:   /s/ Shehzad Akhtar
SHEHZAD AKHTAR
Assistant United States Attorney
D.C. Bar 493635
United States Attorney's Office
601 D Street, N.W., 6th Floor
Washington, DC 20530
Phone: (220) 252-7498
Email: Shehzad.Akhtar@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-241 (GMH) |
| | : | |
| CINDY YOUNG, | : | UNDER SEAL |
| | : | |
| Defendant. | : | |

### UNITED STATES' REPLY TO DEFENDANT'S "MOTION TO RECONSIDER AUGUST 4 AND AUGUST 11, 2025 SEALING ORDERS"

The United States, by and through its attorney, the United States Attorney for the District of Columbia, in response to this Court's order, ECF 158, respectfully submits its reply to defendant Cindy Young's "Motion to Reconsider August 4 and August 11, 2025, Sealing Orders," ECF 137, and Supplemental Motion, ECF 138.

After further review and additional time, the government now concurs in part with defendant that portions of ECF 63 (United States' Objection To Supplemental Defense Exhibit) and ECF 64 (United States' Objection to Supplemental Defense Witness) can be unsealed.[1] ECF 63 is not a judicial record because defendant withdrew her request to enter the defense exhibit, an internal investigation report written by the Metropolitan Police Department's (MPD) Internal Affairs Division (IAD), detailing an investigation into officers.[2] Moreover, ECF 63 was never part of the adjudicatory process as the Court never ruled on the motion. This Court did, however, rule on ECF 64 by sustaining the government's objection and making it part of the adjudicatory process. Therefore, ECF 64 is part of the judicial record in this case. Regardless, the government now

---

[1] Pursuant to the Court's order, ECF 158, the government is filing this matter under seal but has no objection to it being filed on the public docket.

[2] The MPD's IAD investigative report was produced to defendant pursuant to a protective order and was designated as highly sensitive.

asserts that ECF 63 along with its exhibit and ECF 64 can be unsealed based on the *Hubbard* factors, but with redactions of material that references the substantive content of MPD's IAD investigative report.

## OVERVIEW

On August 9, 2024, a jury convicted defendant on four counts: (1) entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); (2) disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2); (3) disorderly conduct in a U.S. Capitol building or grounds in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) parading, demonstrating, or picketing in a U.S. Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G). Fourteen days later, on August 23, 2024, defendant, through counsel, filed a motion for a new trial arguing that she was denied her Sixth Amendment right to an impartial jury. ECF 80 (Defendant's First Rule 33 Motion). Defendant, argued that several jurors, including juror 0374, failed to answer the *voir dire* questions truthfully. *Id.* This Court denied defendant's motion because defendant failed to show "any error on how the *voir dire* was conducted." ECF 96 (Memorandum Opinion and Order). Several months later, defendant was pardoned for the offenses pursuant to an Executive Order dated January 20, 2025. ECF 120.

Defendant continues to seek relief. On August 12, 2025, defendant filed a *pro se* motion asking the Court to reconsider the sealing of ECF 63 and ECF 64, which relate to a potential defense trial exhibit and trial witness. ECF 138. On August 26, 2025, the government responded in ECF 148 arguing for ECF 63 and ECF 64 to remain sealed. On August 29, 2025, this Court issued an Order, ECF 158, that clarified the record and directed the parties to address whether ECF 63 and ECF 64 are in fact "judicial documents" that are entitled to a presumption of public access. Furthermore, the Court directed the parties to determine whether the *Hubbard* factors counsel in

favor or against unsealing all or some of the information included.

I. ARGUMENT

The Supreme Court has established that the public has a First Amendment right of access to criminal trials. *Globe Newspaper Co. v. Superior Court*, 448 U.S. 555 (1980); *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980). Moreover, the common law leaves the question of access to judicial documents "'to the sound discretion of the trial court,…to be exercised in light of the relevant facts and circumstances of the particular case.'" *United States v. Amodeo*, 44 F.3d 141, 146 (2nd Cir. 1995) (*Amodeo I*) (*quoting Nixon v. Warner*, *Inc.,* 435 U.S. 589, 599 (1978). However, "[t]he narrow First Amendment right of access to information recognized in *Richmond Newspapers* does not extend to non-judicial documents that are not part of a criminal trial, such as…investigatory documents" *Ctr. For Nat'l Sec. Studies v. United States DOJ*, 331 F.3d 918, 934 (2003).

Court have recognized that "not all documents filed with courts are judicial records." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). Rather, "whether something is a judicial record depends on the role it plays in the adjudicatory process." *Id.* (internal quotation marks and citations omitted). For example, a withdrawn plea agreement that a Court has not ruled on is not a judicial record subject to common law right of access because the "concept of a judicial record 'assumes a judicial decision,' and with no such decision, there is 'nothing judicial to record.'" *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997). However, even if a document is a "judicial record" and is subject to the common law right of access, this right is not absolute as the government's interests in secrecy may outweigh the public's interests in disclosure. *Wash. Legal Found. v. U.S. Sentencing Comm'n ("WLF")*, 89 F.3d 897, 902 (D.C. Cir. 1996).

If a document is a judicial record, there is a "strong presumption" in favor of the public's

3

right to access the record. *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021). Furthermore, the presumption of a right to access applies only to documents "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2nd Cir. 1995). The Court determines the weight of the presumption of access by assessing the document's role in the discharge of Article III powers, as well as the document's value to the public. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d. Cir. 1995) (*Amodeo II*). If a document impacts a litigant's substantive rights it receives a strong weight, and this presumption is stronger "than where [the] filing with the court is unusual or is generally under seal." *Id.* at 1049-1050. In circumstances where the Court has only made a decision whether the document may or may not be kept under seal, the document is not automatically transformed into a judicial record subject to the right of access. *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997).

When determining whether documents require sealing, there is a two-step inquiry. First, the Court must determine whether the materials sought to be unsealed are judicial records. *See Leopold v. United States,* 964 F.3d 1121, 1126-27 (D.C. Cir. 2020) (citing *Hubbard*, 650 F.2d at 317). The second step is to determine whether the documents should remain sealed based on the six-factor test developed in *Hubbard*: "(1) the need for public access to the documents at issue; (2) the extent of the previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

As this Court is aware, there is a "strong presumption in favor of public access to judicial proceedings." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). However, a seal may

4

be maintained "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017) (citing *In re Nat'l Broad. Co.*, 653 F.2d 609, (D.C. Cir. 1981) (internal quotation marks and citation omitted)).

        A.        **ECF 63 (United States' Objection to Supplemental Defense Exhibit) Is Not a Judicial Record while ECF 64 (United States' Objection to Supplemental Defense Witness) Is a Judicial Record.**

This Court never ruled on the sealing question, specifically, on whether the government can litigate the supplemental defense exhibit under seal. Furthermore, the Court never ruled on the substantive issues in ECF 63 as defendant "withdrew her request to enter the proposed exhibit into evidence." ECF 158 (Order) at 1. The supplemental defense exhibit that defendant initially attempted to enter into evidence was MPD's IAD investigative report detailing an investigation into police officers. Because defendant withdrew her request to enter the proposed exhibit into evidence, ECF 63 played no role in the adjudicatory process and thus has no public value. Accordingly, ECF 63 is not a judicial record that is "subject to the right of access because the [Court] made no decisions about them or …otherwise relied on them." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013).

The second document, ECF 64, is a judicial record as this Court made a judicial decision and "sustained the government's objection to the witness testimony, finding it irrelevant." ECF 158 (Order) at 1. In the instant case, defendant's proposed witness was a police officer. By correctly sustaining the government's objection regarding the potential testimony of the defense witness, ECF 64 played a significant role in the adjudicatory process. Had the Court allowed the defense witness to testify, it would have confused the issues and had the potential to mislead the

5

jury or waste time. Therefore, the "presumption of public access" is greater for ECF 64 than for ECF 63.

### B. The *Hubbard* Factors Weigh in Favor of Unsealing ECF 63 (United States' Objection to Supplemental Defense Exhibit) But with Specific Redactions.

The *Hubbard* factors favor unsealing ECF 63 with specific redactions. Weighing the six-factor test developed in *Hubbard*: The first factor, the need for public access to the documents favors sealing as ECF 63 was never ruled on by the Court as defendant withdrew her request to enter the defense exhibit into evidence. The second factor, the extent of the previous public access to the document favors unsealing as some of the content of ECF 63 is publicly available on the internet.[3] The third factor, the objections to disclosure favors unsealing as the government does not object to the unsealing of ECF 63 but asserts that the substantive content of the MPD's IAD internal report should be redacted. The fourth factor, the privacy interest favors sealing for the officers who are the subject of the investigative report, but this can be mitigated by redacting the substantive content of the MPD's IAD internal investigative report referenced in the first two sentences of footnote 1 in ECF 63. The fifth factor, the prejudice factor favors sealing, but this too can be mitigated by redactions that reference the substantive content of the MPD's IAD internal investigative report referenced in the first two sentences of footnote 1 of ECF 63. The sixth factor, the purpose for which the documents were introduced favors sealing because defendant withdrew her request to introduce the defense exhibit and she was subsequently pardoned such that no future trial will occur, therefore, ECF 63 is moot.

---

[3] Publicly available news articles referencing the specific police officer and the results of the internal investigative report are located here: https://headlineusa.com/dc-police-officer-disciplined-j6-riot/ (last accessed on September 17, 2025) and https://washingtoncitypaper.com/article/760611/police-auditor-extremism-white-supremacy/ (last accessed on September 17, 2025).

In summary, although four of the *Hubbard* factors—the need for public access, the privacy interests of the police officer, the prejudice to the police officer, and the purpose for which the documents were introduced—favor sealing, overall, the *Hubbard* factors favor unsealing. Although the officer who is the subject of the MPD's IAD internal investigative report referenced in footnote 1 in ECF 63 has strong privacy interests and could face reputational harm, these concerns can be mitigated if the first two sentences in footnote 1 of ECF 63 are redacted.

    **C.    The *Hubbard* Factors Weigh in Favor of Unsealing ECF 64 (United States' Objection to Supplemental Defense Witness) But with Specific Redactions.**

The *Hubbard* factors favor unsealing ECF 64 with specific redactions. Weighing the six-factor test developed in *Hubbard*: The first factor, the need for public access to the documents favors unsealing because ECF 64, for the reasons set forth above, is a judicial document. The second factor, the extent of the previous public access to the document favors unsealing as some of the content in ECF 64 is publicly available on the internet. The third factor, the objections to disclosure favors unsealing as the government does not object to the unsealing of ECF 64 but asserts that the substantive content of the MPD's IAD report should be redacted. The fourth factor, the privacy interest favors sealing, but this can be mitigated by redacting the substantive content of the MPD's IAD internal investigative report referenced in the second paragraph of the first page. The fifth factor, the prejudice factor favors sealing, but this too can be mitigated by redactions that reference the substantive content of the MPD's IAD internal investigative report referenced in the second paragraph of the first page. The sixth factor, the purpose for which the documents were introduced favors unsealing as ECF 64 is a judicial document and was a significant part of the adjudicatory process.

In summary, overall, the *Hubbard* factors generally favor unsealing ECF 64. As noted,

previously, although, the officer referenced in ECF 64 has strong privacy interests and could face reputation harm, these concerns can be mitigated if the second paragraph of the first page of ECF 64 is redacted in its entirety.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court unseal ECF 63 but redact the first two sentences of footnote 1 on the first page. Similarly, the government requests that the Court unseal ECF 64 but redact the second paragraph of the first page.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE WESTON
Chief, Special Proceedings Division
MD Bar

THOMAS STUTSMAN
Deputy Chief, Special Proceedings Division
MN Bar

*/s/ Shehzad Akhtar*
SHEHZAD AKHTAR
Assistant United States Attorney
D.C. Bar 493635
Special Proceedings Division
601 D Street NW
Washington, D.C. 20530
(202) 252-7498
Shehzad.Akhtar@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I caused service of the foregoing to be made by emailing the pro se defendant at clyoung@atlantiscbb.net on September 22, 2025.

*/s/ Shehzad Akhtar*
SHEHZAD AKHTAR
Assistant United States Attorney

9