**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.
CINDY LOU YOUNG,
    Defendant, Pro Se.

Case No. 1:23-cr-00241-TSC-GMH

**SUPPLEMENTAL MOTION TO VACATE CONVICTIONS WITH PREJUDICE**
Pursuant to Rule 33 and Brady v. Maryland
(Filed Pro Se)

**INTRODUCTION**

I, Defendant Cindy Lou Young, respectfully move this Court, pro se, to vacate my convictions WITH PREJUDICE under Rule 33 and the Due Process Clause of the Fifth Amendment.

This motion is based on newly discovered evidence unlawfully withheld by the Government, in violation of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and related precedent.

After trial, it has now been disclosed (ECF 63, ECF 64) that there were at least 275 FBI agents, 26 Confidential Human Sources (CHSs), and at least one MPD officer present and active at the Capitol on January 6, 2021. None of this information was disclosed to me before or during trial.

The Government's concealment of this evidence irreparably tainted my trial. No new trial can cure this violation. The only just remedy is to vacate my convictions WITH PREJUDICE.

**PROCEDURAL BACKGROUND**

Trial commenced August 5, 2024. During trial, my attorney repeatedly moved for a mistrial under Rule 33. These motions were denied each time.

Transcript, p. 197:
MR. GROSS: "Your Honor, at this point, given the cumulative effect of the government's evidence and the prejudice created, I must move for a mistrial under Rule 33."

THE COURT: "The motion for mistrial is denied."

Transcript, p. 202:
MR. GROSS: "Your Honor, I need to renew my motion for mistrial under Rule 33. The jury has now been exposed to testimony that is more prejudicial than probative, and the prejudice cannot be undone."
THE COURT: "I am denying the renewed motion."

Transcript, p. 206:
MR. GROSS: "Given the improper argument by the Government, I again move for a mistrial under Rule 33."
THE COURT: "The motion is denied."

These preserved objections underscore that my trial was already infected with prejudice. The newly discovered Brady evidence proves my counsel's warnings were correct.

## NEWLY DISCOVERED EVIDENCE

After trial, the Government disclosed:

- 275 FBI agents were present at the Capitol on January 6.
- 26 Confidential Human Sources were embedded in the crowd.
- At least one MPD officer was undercover.

(ECF 63, ECF 64).

This is not speculation. These are official disclosures.

At trial, the only witnesses with direct knowledge of me were FBI agents. Secret Service and Capitol Police witnesses admitted they could not identify me, yet were used to inflame the jury with generalized testimony. If the jury had known the truth — that the FBI and MPD had saturated the crowd — the Government's narrative would have collapsed.

## LEGAL STANDARD

- Rule 33: Court may grant relief "if the interest of justice so requires."
- Brady/Giglio: Government must disclose exculpatory and impeachment material.
- Dismissal with prejudice: When misconduct is egregious and incurable, dismissal is the only remedy. See United States v. Chapman, 524 F.3d 1073 (9th Cir. 2008); United States v. Struckman, 611 F.3d 560 (9th Cir. 2010).

## ARGUMENT

I. The Government Suppressed Material Brady Evidence
- The presence of hundreds of undercover operatives impeaches the FBI witnesses.
- It destroys the prosecution's narrative of a "purely civilian" mob.
- It supports alternative defense theories and motions that could have changed the outcome.

II. The Prejudice Is Irreversible
- This is not harmless error. It is core due process.
- The jury never knew the full truth.
- No new trial can restore the fairness lost; the case is too tainted.

III. Vacatur With Prejudice Is Required
- My attorney moved for mistrial three times. Each was denied.
- The Government had every chance to meet its Brady obligations. It failed.
- Courts have inherent authority to dismiss convictions with prejudice when misconduct undermines the justice system itself (Hasting, 461 U.S. 499 (1983)).

IV. THIS BRADY VIOLATION IS PART OF A BROADER PATTERN IN JANUARY 6 CASES
The Government's pattern of late disclosures and suppression of exculpatory evidence in January 6 prosecutions has been repeatedly recognized:

- In United States v. Pezzola (No. 1:21-cr-52), Judge Kelly expressed concern when the Government belatedly disclosed thousands of hours of video evidence mid-trial, forcing delays and raising Brady questions.
- In United States v. Hale-Cusanelli (No. 1:21-cr-37), the defense argued that the Government withheld critical video evidence until after conviction, impairing effective defense.
- In United States v. Gieswein (No. 1:21-cr-24), the Government was compelled to acknowledge the late disclosure of informants and undercover operatives.
- Congressional oversight reports and investigative journalism have documented repeated failures by DOJ and FBI to timely disclose CHS and undercover activity.

These examples demonstrate that my case is not an isolated lapse — it is part of a systemic problem. Courts cannot look the other way. Allowing convictions to stand under these circumstances sends the message that Brady obligations are optional in politically sensitive cases.

## RELIEF REQUESTED

I respectfully request that this Court:

1. Vacate all convictions against me with prejudice.
2. Order public disclosure of numbers (not names) of FBI, CHSs, Secret Service, ATF, MPD, and all other operatives present on January 6, 2021.
3. In the alternative, hold an evidentiary hearing on the Government's Brady violations.

## CONCLUSION

The Government cannot secure a conviction while concealing the fact that hundreds of its own operatives were embedded in the very crowd it accuses me of joining.

This is not a mere oversight. It is a deliberate Brady violation and a direct assault on due process.

The only adequate remedy is to vacate my convictions with prejudice.

Respectfully submitted,

*Cindy Lou Young*

Cindy Lou Young
Defendant, Pro Se

20 Central Street, Unit 1
Bristol, NH 03222

Tel: (603) 630-3195
Email: clyoung@breezeline.net

Date: 9/26/25