## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | )  No. 23-cr-241 (GMH) |
|  | ) |
| CINDY YOUNG, | ) |
|  | ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION</u>

Defendant was convicted in August 2024 of four misdemeanors committed at the U.S. Capitol on January 6, 2021, and thereafter received a presidential pardon on January 20, 2025. On August 4, 2025, the Court granted permission for Plaintiff—now representing herself—to file a second motion under Rule 33 of the Federal Rules of Criminal Procedure seeking "relief from the judgment, vacating the conviction, or, in the alternative, a new trial," claiming one of the jurors was dishonest during *voir dire*. ECF No. 128 at 1. (As discussed below, her first Rule 33 motion, which also asserted misconduct during *voir dire* by that same juror, was denied on October 5, 2024, *see United States v. Young*, No. 23-cr-241, 2024 WL 4583101 (D.D.C. Oct. 25, 2024)). She has also filed a request "to unseal the name of the presiding juror," also known as the jury foreperson[1]—whom she believes to be the allegedly dishonest juror—or, in the alternative, to provide her "a copy of the unredacted jury verdict form" filed on August 9, 2024, ECF No. 127; a motion for leave of court to file a bar complaint against that person, who is an attorney,

---

[1] The verdict form used in this case uses the title "presiding juror." *See* ECF No. 74. This Court will generally use the title "jury foreperson" herein, which was the title used in the jury instructions given in this case. *See* ECF No. 86 at 176.

ECF No. 134; and a motion to unseal two documents filed by the government regarding proposed trial evidence.  The motions are fully briefed.[2]

For the reasons that follow, Defendant's Rule 33 motion is denied, as is her request to be provided the name of the jury foreperson.  Defendant's motion for leave to file a bar complaint is granted and her motion to unseal the documents found at ECF No. 63 and ECF No. 64 is granted in part and denied in part.

## I.    BACKGROUND

In July 2023, the government filed an Information charging Defendant with four misdemeanor counts stemming from her participation in the riot at the Capitol on January 6, 2021.  *See* ECF No. 12.  The Court's Pretrial Scheduling Order required the parties to exchange witness lists by May 24, 2024, and exhibit lists by May 31, 2024.  *See* ECF No. 25 at 3.  Nonetheless, on June 27, 2024, Defendant disclosed a new exhibit she planned to introduce at trial and on July 2, 2024, a new witness.  *See* Email from AUSA to Defense Counsel and Chambers dated June 27, 2024 (on file with the Chambers of the undersigned); ECF No. 64 at 1.  Thereafter, the government filed two submissions under seal—one objecting to the potential defense exhibit and one objecting to the potential defense witness Defendant had belatedly disclosed.  *See* ECF No. 63; ECF No. 64.  Defendant filed a motion to unseal those submissions, which the government opposed.  *See* ECF No. 65; ECF No. 66.  Defendant thereafter withdrew her request to enter the proposed exhibit

---

[2] The documents most relevant to this decision are: (1) Defendant's Rule 33 motion, ECF No. 126; (2) Defendant's motion to unseal the name of the presiding juror or to obtain an unredacted verdict form, ECF No. 127; (3) Defendant's motion for leave to file a bar complaint, ECF No. 134; (4) Defendant's supplement to her Rule 33 motion, ECF No. 136 (under seal), ECF No. 160 (redacted version); (5) Defendant's renewed motion to unseal the documents found at ECF No. 63 and ECF No. 64, ECF No. 138; (6) the government's opposition to those motions, ECF No. 148 (under seal), ECF No. 161 (redacted version); (7) Defendant's reply, ECF No. 149; (8) Defendant's supplement to her reply, ECF No. 162-2; (9) the government's supplemental opposition to Defendant's motion to unseal the documents found at ECF No. 63 and ECF No. 64, ECF No. 166; and (10) Defendant's supplemental reply to her motion to unseal the documents found at ECF No. 63 and ECF No. 64, ECF No. 165.

Page numbers cited herein are those assigned by the Court's CM/ECF system.

into evidence and the Court sustained the government's objection to the witness testimony, finding it irrelevant. *See* ECF No. 69 at 6; *see also* ECF No. 100 at 1. The Court did not, however, rule on the motion to unseal at that time. *See* ECF No. 100.

A jury was selected over the course of approximately a day-and-a-half on August 5 and 6, 2024. *See* ECF No. 83 at 15–238; ECF No. 84 at 15–55. *Voir dire* comprised 32 questions asked of the entire venire, with approximately a dozen follow-up questions asked of potential jurors who were questioned individually. *See* ECF No. 83 at 18–28, 35–38. Prior to questioning, potential jurors were instructed to write "yes" on the form they were provided next to the number of any question for which their answer was yes; there was no need to write "no" next to the number of any question for which their answer was no—a blank space would indicate a "no" answer. *See id.* at 16. Questions 30 and 32 are relevant here. Question 30 asked:

> 30.  Do you have strong feelings or opinions about former President Donald Trump or people who support him, whether positive or negative, that would make it difficult for you to serve as a fair and impartial juror in this case?

*See* ECF No. 83 at 27. Question 32 was prefaced by an introduction:

> [M]ost of you have heard, read about or seen media coverage of the events at the Capitol on January 6, 2021, and you may have thoughts and opinions about those events. It's only natural to have opinions about such events. However, understand that I'm going to instruct the jury in this case that every defendant in a criminal case is presumed innocent, and that as jurors you must presume the defendant innocent throughout the trial unless and until the defendant is proven guilty beyond a reasonable doubt by the government.
>
> That burden is on the government to prove the defendant guilty as to each element of the offense that the defendant is charged with and must prove each element beyond a reasonable doubt.
>
> The defendant does not have to produce any evidence at trial. She's not required to prove her innocence, nor is the defendant required to prove any fact in dispute in this case. The law requires that jurors weigh the evidence in a case and reach a verdict fairly and impartially and based solely upon the admitted evidence and the instructions of law, which I will give to you. That will be your duty as a juror in this case.

So the final question is: No matter what you have heard or seen about events at the Capitol on January 6, 2021, no matter what feelings or opinions you may have formed, do you believe you can put all of that aside and decide this case only on the evidence you've received in court, follow the law that I give you, and decide the case in a fair and impartial manner?

*Id.* at 27–28. Juror 0374—the juror at issue here—responded "yes" to question 32 and left question 30 blank. *See id.* at 167. Juror 0374 was not challenged for cause by Defendant or the government and was ultimately seated on the trial jury. *See id.* at 174; ECF No. 84 at 51–53.

On August 9, 2024, Defendant was found guilty on all four counts with which she was charged. *See* ECF No. 87 at 30–32. After trial, Defendant discovered that the law firm where juror 0374 worked filed a brief on behalf of *amici curiae* in *United States v. Trump*, No. 23-3228, and argued (among other things) that juror 0374's work on that case "indicated bias against January 6 defendants" and that juror 0374's answers to question 30 and 32 were dishonest.[3] ECF No. 80 at 4, 7–8. The Court denied that motion on October 25, 2024. *See Young*, 2024 WL 4583101, at *8. As relevant here, the Court noted that "the nature of the questions that Defendant asserts were answered dishonestly"—questions asking for "individuals' *personal views* on former President Trump, his supporters, and election deniers, as well as whether they could put those views aside and fairly and impartially perform their duties" as jurors—"present a prodigious obstacle" because they "are not facts that can be easily proved or disproved." *Id.* at *6. More specifically, Defendant failed to establish

that juror 0374 lied when, in responding to questions 30 and 31, the juror allegedly failed to acknowledge any strong feelings about former President Trump, his followers, election deniers, or January 6 that would interfere with judging

---

[3] Defendant also argued that Juror 0374 dishonestly answered question 31, which asked whether jurors had "strong feelings or opinions about persons who do not accept the validity of the results of the 2020 Presidential Election— whether positive or negative—that would make it difficult for [them] to serve as . . . fair and impartial juror[s] in this case." ECF No. 83 at 27. That argument was rejected along with her other arguments. *See generally Young*, 2024 WL 4583101.

Defendant fairly and impartially. The Court probed juror 0374's affirmative response to question 32 and found no reason to doubt it.

. . . .

In any case, as the Supreme Court has stated, "The trial judge's function at *voir dire* is not unlike that of the jurors later on in the trial. Both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions." The Court did not find any suggestion that juror[] . . . 0374 w[as] anything but truthful and straightforward.

*Id.* at *7–8 (citation modified) (quoting *Rosales–Lopez v. United States,* 451 U.S. 182, 188 (1981)).

On November 1, 2024, the Court entered an order denying without prejudice Defendant's motion to unseal the two documents concerning the potential defense exhibit and the potential defense witness, noting that the change in circumstances since the filing of that motion—specifically, Defendant's withdrawal of the potential exhibit and the Court's determination that the proposed witness's testimony would be irrelevant—counseled in favor of requiring the parties to meet and confer to seek to resolve the dispute without further court intervention. *See* ECF No. 100 at 2. The parties were unable to do so, *see* ECF No. 106, and at the Court's request, supplemental briefing was submitted in late November and early December 2024, *see* ECF No. 110; ECF No. 111. Ultimately, the Court sentenced Defendant to four months incarceration to be followed by twelve months of supervised release and judgment of conviction was entered on December 11, 2025. ECF No. 113. Defendant did not appeal the sentence or conviction, which became final fourteen days later pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(b)(1)(A)(i). The Bureau of Prisons ordered Defendant to self-surrender on January 26, 2025. *See* ECF No. 118. She was pardoned via Executive Order issued on January 20, 2025, *see id.*, and the Court granted her unopposed motion to vacate her surrender date on January 23, 2025, *see* ECF No. 120.

Thereafter, Defendant, now representing herself, filed two of the motions at issue here:

(1)     a Rule 33 motion, asserting that she has uncovered new evidence that shows that juror 0374 lied when the juror failed to answer "yes" to *voir dire* question 30 ("Do you have strong feelings or opinions about former President Donald Trump or people who support him, whether positive or negative, that would make it difficult for you to serve as a fair and impartial juror in this case?") and when the juror answered "yes" to *voir dire* question 32 ("No matter what you have heard or seen about events at the Capitol on January 6, 2021, no matter what feelings or opinions you may have formed, do you believe you can put all of that aside and decide this case only on the evidence you've received in court, follow the law that I give you, and decide the case in a fair and impartial manner?").  *See* ECF No. 126.

(2)     a motion seeking "access to the full name of the presiding juror," who Defendant believes to have been juror 0374, to aid her in filing "an accurate and well-supported motion for a new trial under Federal Rule of Criminal Procedure 33 and/or habeas petition under 28 U.S.C. § 2255."  *See* ECF No. 127.

Because Defendant's submissions included the name of the person Defendant believes to be juror 0374, the Court issued an Order reminding Defendant of Local Criminal Rule 24.1, which provides that parties and counsel must maintain the confidentiality of information provided to them about jurors, including names, addresses, telephone numbers, email addresses, and employment information, *see* LCrR 24.1(b)(1); and of the policy of the Judicial Conference of the United States, which mandates that documents "containing identifying information about jurors or potential jurors" in a criminal case "shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access," The Judicial Conference of the United States, Policy on Privacy and Public Access to Electronic Case Files, https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files [https://perma.cc/XJC3-J739].  Minute Order (Aug. 4, 2025).  The Court ordered redacted versions of those two motions to be filed on the public docket.  *See* ECF Nos. 124, 125.  Additionally, because it had come to the Court's attention that Defendant had identified by name the individual she believes to be juror 0374 on social media, a hearing was held on August 5, 2025, during which the Court found that Defendant had unintentionally violated Court policy and Defendant agreed to

delete mentions of that person's name from her social media accounts.[4]  Minute Entry (Aug. 5, 2025).

Then, on August 6, 2025, Defendant filed a motion for leave to file a bar complaint against the person she believes to be juror 0374.[5]  On August 11, 2025, the Court granted Defendant leave to file a supplement to her Rule 33 motion under seal (because it again included the name and other details about the person she believes to be juror 0374), with a redacted version to be filed thereafter.  *See* ECF No. 143.  The next day, Defendant sought leave to file another document, which the Court construed as a renewed request to unseal the filings found at ECF No. 63 and ECF No. 64.  *See* Minute Order (Aug. 13, 2025).  The Court granted leave to file and ordered the government to respond to that request to unseal in its opposition to Defendant's other motions.  *See id.*  The government filed its opposition on August 18, 2025, *see* ECF No. 148; Minute Order (Aug. 20, 2025), and Defendant's reply was filed the next day.  *See* ECF No. 149.  However, those

---

[4] Defendant suggests that the manner in which such information was discovered—a review of a social media account—could indicate that the Court is biased.  *See* ECF No. 136-1 at 13.  She has not, however, sought recusal.  Even had she, the request would be denied.  According to Formal Opinion 478 of the ABA's Committee on Ethics and Responsibility, "[i]ndependent investigation of *adjudicative facts*" by a judge, including research on the internet, "generally is prohibited *unless the information is properly subject to judicial notice*."  ABA Comm. on Ethics & Pro. Resp., Formal Op. 478 at 1 (2017) [hereinafter Formal Op. 478] (emphasis added) (discussing the ethics of independent factual research by judges via the internet).  However, the facts investigated here—whether Defendant had failed to keep confidential the name of the person she believes to be juror 0374 in violation of Local Criminal Rule 24.1(b)—are not "adjudicative facts," which are facts material to a current dispute before the Court.  "They are the facts that normally go to the jury in a jury case," Formal Op. 478 at 5 (quoting 2 Kenneth Culp Davis, Administrative Law Treatise § 15.03 (West 1958)), or facts "of . . . consequence in determining the case," *id.* at 6.  Whether Defendant posted the name of the individual she believes to be juror 0374 is not material to any of the disputes currently before the Court.  More, courts may take judicial notice of material that "indicate[s] what was in the public realm at the time," *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 993–94 (W.D. Wash. 2022), which was precisely the issue here—to determine if Defendant had publicly disseminated the name and other identifying information about the individual she believes to be juror 0374 in violation of a court rule, as she had unwittingly done in her prior filings related to the juror.  Finally, other than the vague assertions that the Court's inquiry raises "concerns about judicial impartiality, potential bias, and the integrity of the proceedings," ECF No. 136-1 at 13, Defendant has not established that any "potential bias" affected any of the Court's decisions.  *See, e.g.*, *United States v. Bracato*, 4 F.4th 296, 305 (5th Cir. 2021) (affirming the denial of a recusal motion where the complaining litigant did not show that the alleged bias affected any relevant court decision); *see also Liteky v. United States*, 510 U.S. 540, 554 (1994) (stating that the presence of extrajudicial facts alone does not establish bias).

[5] At the August 5, 2025, hearing, Defendant asserted that she had already filed such a complaint.  Thus, the motion appears to seek leave *nunc pro tunc*.

submissions did not sufficiently address Defendant's request to unseal ECF Nos. 63 and 64.  *See* ECF No. 158.  Accordingly, the Court ordered supplemental briefing on (1) whether those two documents are "judicial documents" entitled to a presumption of public access and (2) assuming they are, whether the six-factor test adopted in this jurisdiction to determine whether documents should be sealed, set out in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), "counsel[ed] in favor or against unsealing all or some of the information contained therein."  ECF No. 158 at 3.  That briefing has now been submitted.  *See* ECF No. 166; ECF No. 165.

## II.    DISCUSSION

As noted, Defendant has four motions before the Court.  The discussion below addresses them in the following order: (1) Defendant's second motion under Rule 33 of the Federal Rules of Criminal Procedure to vacate her conviction and grant a new trial, (2) her motion to unseal the signed verdict form or, in the alternative, the name of foreperson of the jury that convicted her of the crimes with which she was charged, (3) her motion for leave to file a bar complaint against the individual she believes to be juror number 0374, and (4) her motion to unseal the documents found at ECF No. 63 and ECF No. 64.

### A.    Defendant's Second Rule 33 Motion

Defendant brings her second Rule 33 based on what she claims is newly discovered evidence.  That evidence consists of information culled from Wikileaks and other internet resources indicating that the person she believes to be juror 0374 engaged in "partisan activity," ECF No. 126-1 at 9–11, such as "developing partisan messaging, coordinating digital campaigns, and participating in internal political attacks against President Trump and other Republican officials," ECF No. 136 at 2, and had "strong political views concerning Donald Trump," ECF No. 126-1 at 9.  She also asserts that juror 0374 served as the "presiding juror," or jury foreperson.  *See*

ECF No. 127 at 1.  The Court will assume for the purposes of this decision that the individual she has identified was juror 0374 and that juror 0374 served as the trial jury's foreperson.[6]

As noted in the decision on Defendant's first Rule 33 motion, "[a] defendant 'is entitled to a fair trial but not a perfect one,' for there are no perfect trials."  *Young*, 2024 WL 4583101, at *3 (citation modified) (quoting *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984)).  Vacating a conviction and granting a new trial "is warranted only in those limited circumstances where 'a serious miscarriage of justice may have occurred.'"  *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014) (quoting *United States v. Rogers*, 918 F.2d 207, 213 (D.C. Cir. 1990)).  A Rule 33 motion "is committed to the sound discretion of the trial judge."[7] *United States v. Reese*, 561 F.2d 894, 902 (D.C. Cir. 1977).

Rule 33 provides:

(a)  Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b)  Time to File.

(1)  Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(2)  Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

---

[6] Defendant does not explain why that fact is material to her motion (or to any contemplated future motions).  Nor could she. The trial jury foreperson has only a single vote as to a defendant's guilt or innocence, as does any other trial juror.

[7] Defendant's motion seeks "relief from the judgment, vacat[ur] [of] the conviction, or in the alternative, a new trial." ECF No. 126 at 1.  She cites no support for the proposition that she could be retried for the crimes for which she has been pardoned.  However, that fact does not change the Rule 33 analysis.

Accordingly, whether this motion is timely depends on whether it concerns "newly discovered evidence." *See United States v. Howard*, 267 F. Supp. 2d 1, 3 (D.D.C. 2003) ("The Court must determine whether the defendant's request concerns newly discovered evidence because, if it does not, then the Court is without jurisdiction to consider the merits of defendant's challenge.").[8] "[C]ourts have given a narrow meaning to the phrase 'newly discovered'" that "reflects Rule 33's emphasis on finality." *United States v. Osorio-Pena*, 247 F.3d 14, 19 (1st Cir. 2001) (quoting *United States v. Lema*, 909 F.2d 561, 566 (1st Cir. 1990)); *see also, e.g.*, *United States v. Womack*, 24 F. App'x 429, 433 (6th Cir. 2001) ("Because of the interest in preserving the finality of judgments, . . . motions for a new trial based on newly discovered evidence are 'granted with caution.'" (quoting *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)).   Caselaw establishes that, to be considered "newly discovered evidence" that extends the deadline for a Rule 33 motion from fourteen days after the verdict to three years after the verdict, the material offered must not merely be newly proffered, or even merely newly discovered by the defendant since the verdict; rather it "must satisfy five requirements":

> (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be of such nature that in a new trial it would probably produce an acquittal.

*United States v. Celis*, 608 F.3d 818, 847–48 (D.C. Cir. 2010) (citation modified) (quoting *United States v. Johnson*, 519 F.3d 478, 487 (D.C. Cir. 2008)).   That is "a high bar to cross." *Id.* at 848.

   Defendant does not cross it.  She fails to meet—at least—the second and fifth conditions. As to the second, Defendant must show that she was diligent in attempting to procure the material

---

[8] Later cases have clarified that "the time limitations in Rule 33 are not jurisdictional, [rather] they are inflexible claim-processing rules" that "assure relief to [the] party properly raising them."  *United States v. Bagcho*, 227 F. Supp. 3d 28, 33 (D.D.C. 2017) (citing *Eberhart v. United States*, 546 U.S. 12, 13, 19 (2005)).

that she has provided to the Court, which comprises communications and information that appears to have been created between 2014 and 2021. "Due diligence has not been exercised if the defendant or his counsel could have, without unusual effort, acquired the evidence before or during the trial." *United States v. Stone*, 613 F. Supp. 3d 1, 40 (D.D.C. 2020) (quoting *United States v. DiMattina*, 885 F. Supp. 2d 572, 577 (E.D.N.Y. 2012)). Defendant makes only conclusory statements that the information "[came] to light between July and August 2025" and "was not publicly available or reasonably accessible prior to [that]," but what she appears to mean is that she "uncovered" these sources "[b]etween July 20 and August 7, 2025." ECF No. 136 at 1–2. That may show that she meets the first requirement—that the information was "*discovered* since the trial," but it says little about the second—her diligence.[9] *Celis*, 608 F.3d at 847 (emphasis added) (quoting *Johnson*, 519 F.3d at 487). And she provides no evidence to show that she or her trial counsel, could not have discovered this evidence during trial or before her first Rule 33 motion "without unusual effort." *Stone*, 613 F. Supp. 3d at 40 (quoting *DiMattina*, 885 F. Supp. 2d at 577). Defendant has been aware of the name of juror 0374 since *voir dire* on August 5, 2024 (although only juror numbers were used in open court, the parties were provided the potential

---

[9] In her reply brief, Defendant seems to assert that material discussed or referenced in the sealed filings at ECF No. 63 and ECF No. 64, which related to a single witness Defendant sought to call at trial and an exhibit she sought to introduce, comprises newly discovered evidence. *See* ECF No. 149 at 1–2. She did not make such an argument in her opening submission or her supplement to that submission. *See* ECF No. 126; ECF No. 136. "[T]he precedent in this Circuit is that courts should not address arguments raised for the first time in a reply brief, and the Court declines to do so here." *An v. Mayorkas*, No. 21-cv-385, 2022 WL 522970, at *3 (D.D.C. Feb. 22, 2022). If the Court were to address it, it would not change the outcome. Defendant was clearly aware of the evidence, as she herself proposed it. It is not, therefore, evidence "discovered since trial" and cannot be the basis for a Rule 33 motion based on newly discovered evidence. *See, e.g.*, *United States v. Forbes*, 790 F.3d 403, 408 (2d Cir. 2015) (noting that evidence of which the defendant was aware before or during trial cannot be newly discovered evidence); *United States v. Patton*, No. 11-cr-04, 2011 WL 4349511, at *3 (N.D. Tex. Sept. 16, 2011) ("Testimony that was known to the Defendants but excluded by the Court is not 'newly discovered evidence' under Rule 33(b)(1)."). More, she argues only that the identified material "would have discredited the [g]overnment's narrative of January 6th." ECF No. 149 at 1; *see also id.* at 2 (stating that such evidence would "contradict[] the [g]overnment's storyline"). However, evidence that is only impeaching will not support a Rule 33 motion based on newly discovered evidence. *See, e.g.*, *Celis*, 608 F.3d at 848; *cf.* note 13, *infra* (discussing Defendant's failure to establish that information in ECF No. 63 or ECF No. 64 is newly discovered evidence or that it would have impeached any government witness).

jurors' names). Defendant asserts that she did not have "the benefit of well-resourced outside groups" or "access to institutional tools or investigative networks" to aid her in discovering such material. ECF No. 149 at 1–2. However, it appears that Defendant discovered the material she has supplied to the Court by using widely accessible open-source websites, such as Wikileaks. *See, e.g.*, ECF No. 126-1 at 9–11. And the government avers, without contradiction, that Wikileaks's "most recent publication was from 2021" and that other materials that Defendant has submitted could have been Googled or otherwise accessed prior to trial. ECF No. 148 at 7. Thus, Defendant has failed to show that she could not have discovered this material prior to or during trial had she exercised reasonable diligence. *See Stone*, 613 F. Supp. 3d at 5–6, 41 (stating that only if a defendant filing a Rule 33 motion fails to "establish that the information presented in [the] motion could not have been discovered earlier through the exercise of due diligence" should the court "assess whether the lack of newly discovered evidence affected the conviction" and denying a Rule 33 motion where the defendant did not show that he could have discovered the information merely by searching Google).

There is a reason independent of Defendant's lack of reasonable diligence to deny this motion. A motion under Rule 33 based on newly discovered evidence "is designed to rectify factual injustice, not to correct legal error." *United States v. Blackwell*, 436 F. App'x 192, 198 (4th Cir. 2011) (per curiam) (quoting *United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000)). Thus, "a Rule 33 motion based upon 'newly discovered evidence' is limited to whether the newly discovered evidence refers to the elements of the crime charged." *United States v. Morrow*, No. 04-cr-355, 2006 WL 1147615, at *7 (D.D.C. Apr. 26, 2006) (quoting *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994)); *see also United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010) (asserting that Rule 33(b)(1) applies only when there is a contention that "evidence

discovered after trial shows that the accused is innocent," such as "[t]he recantation of an important witness" or "new DNA analysis or other scientific evidence"). The material Defendant supplies in connection with her Rule 33 motion has nothing to do with whether she was factually innocent of the crimes for which she was convicted. *See, e.g.*, *United States v. Brown*, No. 21-4554, 2022 WL 2914730, at *3 (4th Cir. July 25, 2022) (rejecting a motion under Rule 33(b)(1) based on evidence of alleged juror misconduct because it was not trial evidence and therefore "could in no way 'result in acquittal at a new trial'" (quoting *United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013))); *Morrow*, 2006 WL 1147615, at *7 (denying a motion under Rule 33(b)(1) based on evidence of alleged juror bias because "[s]uch evidence, even if true, is completely unconnected with the underlying crimes, the evidence against Defendants, or Defendants themselves" and therefore "would be insufficient to constitute the kind of 'newly discovered evidence' that would warrant a new trial"). Indeed, Defendant nowhere asserts that the material she has presented to the Court would show that she did not commit those crimes.[10] More, the evidence presented at trial of Defendant's guilt was overwhelming, encompassing (among other things) video that showed Defendant's movements through and conduct within areas that were restricted on January 6, 2021, including inside the U.S. Capitol building. *See, e.g.*, *Celis*, 608 F.3d at 847–48 (denying a Rule 33 motion based on newly discovered evidence "[i]n light of the overwhelming evidence of [the defendant's] guilt"); *United States v. Barroso*, 719 F. App'x 936, 941 (11th Cir. 2018) (similar). That alone is sufficient reason to deny her motion.

---

[10] It is worth noting that "a pardon does not, standing alone, render [a defendant] innocent" of the crimes of which she has been convicted; "[i]n fact, acceptance of a pardon may imply a confession of guilt." *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001); *see also Burdick v. United States*, 236 U.S. 79, 94 (1915) ("[A pardon] carries an imputation of guilt; acceptance a confession of it."). Defendant appears to recognize that fact. *See* ECF No. 126 at 2 (asserting that she "received a presidential pardon in 2025, but the conviction remains on the record").

Finally, although there is no need to inquire into the question because Defendant has not met the five requirements for relief under Rule 33(b)(1), Defendant has failed to establish her foundational allegation—that juror 0374 was dishonest when answering *voir dire* questions 30 and/or 32. The standard will be familiar from the Court's decision on Defendant's first Rule 33 motion:

> In the D.C. Circuit, where a defendant seeks a new trial based on juror dishonesty during *voir dire*, she "bears the burden of showing that: (1) the Juror failed to answer honestly a material question on *voir dire*; (2) a correct response would have provided a valid basis for a challenge for cause; and (3) the Juror's failure to answer honestly demonstrated actual bias."

*Young*, 2024 WL 4583101, at *3 (quoting *United States v. Kelly*, No. 21-cr-708, 2023 WL 5275154, at *5 (D.D.C. Aug. 16, 2023)). Defendant's theory is that the material she has uncovered establishes that the person she believes to have been juror 0374 harbored a bias against Donald Trump that affected the juror's ability to be impartial. *See* ECF No. 126 at 1; ECF No. 136 at 2. The materials show that the person Defendant has identified was active in Democratic Party politics. However, more than a century ago the Supreme Court asserted that "[t]he law assumes that every citizen is equally interested" in the enforcement of the law "and that his political opinions or affiliations will not stand in the way of an honest discharge of his duty as a juror." *Connors v. United States*, 158 U.S. 408, 414 (1895). More recently—and in connection with the trials of participants in the riot at the Capitol on January 6, 2021—other judges on this court have stated that jurors' political leanings "are not, by themselves, evidence that those jurors cannot fairly and impartially consider the evidence presented." *United States v. GossJankowski*, No. 21-cr-123, 2023 WL 395985, at *5 (D.D.C. Jan. 25, 2023) (quoting Order at 6, *United States v. Alford*, No. 21-cr-263 (D.D.C. Apr. 18, 2022), ECF No. 46)).

Defendant has provided no evidence that shows that juror 0374 dishonestly indicated that they could put aside any feelings about Trump and serve as a fair and impartial factfinder in the case. *See, e.g.*, *Young*, 2024 WL 4583101, at *6 (noting that attempting to show that jurors failed to answer honestly a question about whether they could put aside any views on Trump and fairly and impartially perform their duties as jurors "present[s] a prodigious obstacle" because it is not a "fact[] that can be easily proved or disproved"). More, as explained in the decision on Defendant's first Rule 33 motion, "[w]hat the Constitution forbids is for a juror to hold a firmly entrenched view about an *individual defendant's* guilt or innocence before the trial starts." *Id.* at *5 (quoting *United States v. Webster*, 102 F.4th 471, 480 (D.C. Cir. 2024)). Here, nothing suggests that juror 0374 had any such entrenched views. Indeed, juror 0374 answered "yes" to question 32—"'the essential question' in January 6 cases"— asking "whether prospective jurors can 'lay aside their impression or opinion' of the defendant or events on January 6th and 'render a verdict based on the evidence presented in court.'" *Id.* (citation modified) (quoting *Webster*, 102 F.4th at 480). "[A]s the Supreme Court has stated, 'The trial judge's function at *voir dire* is not unlike that of the jurors later on in the trial. Both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions.'" *Id.* at *8 (citation modified) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 188). "The Court probed juror 0374's affirmative response to question 32 and found no reason to doubt it." *Id.* at *7 (citing ECF No. 83 at 171–72). Neither, apparently, did Defendant, as she asked no additional questions and did not challenge juror 0374 either for cause or peremptorily. *See* ECF No. 83 at 174. Under these circumstances, "[t]here is [again] no need to belabor this discussion because

Defendant fails to clear the first hurdle: she has not shown that . . . juror [0374] failed to answer a material question honestly."[11, 12]  *Young*, 2024 WL 4583101, at *6.

Defendant expresses astonishment that the Court has failed to "show[] concern that a juror was not truthful during voir dire," compromising "the integrity of the jury" and of "justice itself." ECF NO. 149 at 1–2.  On the contrary, the Court takes very seriously Defendant's allegations that her trial was fundamentally unfair.  It also takes seriously the "societal and institutional interests in [the] . . . finality" of a criminal conviction, *United States v. Sanchez*, 917 F. Supp. 29, 32 (D.D.C. 1996), *aff'd sub nom. United States v. Torres*, 115 F.3d 1033 (D.C. Cir. 1997), and the laws and rules it has sworn to uphold that govern the analysis of such allegations.  Here, that analysis leads inexorably to the conclusion that the material Defendant has unearthed does not entitle her to vacatur of her conviction.  She has failed to show that the material is "newly discovered" as that phrase has been interpreted in the context of a motion under Rule 33; that the material is "of such nature that in a new trial it would probably produce an acquittal," *Celis*, 608 F.3d at 848; or that the political beliefs of the individual Defendant believes (and the Court assumes) to be juror 0374—however, deeply held—cast doubt on that person's ability to be a fair

---

[11] For that same reason, Defendant's reliance on *McDonough Power*, *see* ECF No. 162, is unavailing.  The case holds that, where a party seeks to invalidate a jury verdict based on juror dishonesty, she must "first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause."  *McDonough Power*, 464 U.S. at 556.  Defendant's showing fails at the first step.  Moreover, as discussed above, under Rule 33(b)(1), Defendant must show that she was diligent in her attempts to discover the new evidence upon which she relies that such evidence shows she is innocent of the crimes of which she was convicted.  She has not done so.

[12] In her opening submission, Defendant also asserts that juror 0374 "failed to disclose that he was a licensed attorney . . . actively involved in a sealed legal matter involving the U.S. Attorney's Office for the District of Columbia—the same office prosecuting [Defendant's] case."  Those are misstatements of fact.  Juror 0374 stated explicitly that they were a practicing attorney and that they were litigating a sealed matter against the government, which was represented by the U.S. Attorney's Office for the District of Columbia.  *See* ECF No. 83 at 167–69.  Nor does Defendant explain how those facts, or the disclosure during *voir dire* that juror 0374 had been the victim of an armed robbery, *see id.* at 169–70; ECF No. 126-1 at 7, suggest juror 0374 had a "firmly entrenched view about [Defendant's] guilt or innocence before the trial start[ed]."  *Young*, 2024 WL 4583101, at *5 (quoting *Webster*, 102 F.4th at 480).

and impartial juror in Defendant's case, which was tested in a thorough *voir dire* process. Defendant is reminded again:

> [P]arties are not entitled to jurors—whether progressive or conservative—who belong to a particular political party or who share their world view. People come to jury service from all walks of life, with different levels of education, a variety of job skills, and a broad range of life experiences. No one is a blank slate. Jury duty requires that jurors be willing to impartially evaluate the evidence, find the facts, and apply the law as instructed whether they agree with it or not.

*Young*, 2024 WL 4583101, at *5 n.2 (quoting *Tourangeau v. Nappi Distribs.*, No. 20-cv-12, 2023 WL 4597031, at *33 (D. Me. July 18, 2023), *aff'd* 110 F.4th 8 (1st Cir. 2024)). Even if she had established that her Rule 33(b)(1) motion was timely, she has not shown that juror 0374 did not faithfully fulfill the duties of a juror in her case.[13]

---

[13] On September 26, 2025, Defendant submitted what she describes as a "supplemental motion" under Rule 33 of the Federal Rules of Criminal Procedure to vacate her conviction based on "newly discovered evidence" that "there were at least 275 FBI agents, 26 Confidential Human Sources (CHSs), and at least one MPD officer present and active at the Capitol on January 6, 2021." ECF No. 168 at 1–2. On September 28, 2025, she filed a "supplemental exhibit" that cites "newly reviewed materials from the FBI" that "reveal[] systematic failures in command, communication, and evidence handling surrounding January 6," such as a lack of training of law enforcement officers, problems with communications and chains of command, and mishandling of leads. ECF No. 169. All of that, she alleges, is evidence the government should have disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). *See id.* Defendant has already been warned that such "supplements" unsanctioned by the Federal Rules of Criminal Procedure or this Court's Local Rules are improper. *See* Minute Order (Sep. 12, 2025). The Court has also already noted that the briefing on Defendant's pending motions was complete on September 23, 2025. *See* Minute Order (Sep. 23, 2025). The Court therefore deems these filings as improperly presented and rejects them on that basis.

Alternatively, the Court rejects them on the merits. First, some of the material Defendant cites is clearly not "newly discovered," as is required for a motion under Rule 33 filed more than fourteen days after entry of judgment. *See* Fed. R. Crim. P 33(b). Defendant's September 26 submission cites only ECF No. 63 and ECF No. 64 as the source of her allegedly new evidence. However, those documents were filed in early July 2024, over one month *before* her trial. Thus, anything in them cannot have been newly discovered.

Second, the material she has presented—whether newly discovered evidence or not—does not make out a *Brady/Giglio* violation. The elements of a post-trial *Brady/Giglio* claims are that:

> "[t]he evidence at issue must [1] be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must [2] have been suppressed by the [government], either willfully or inadvertently; and [3] prejudice must have ensued." For prejudice to have ensued, "there must be a 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"

*United States v. Sitzmann*, 74 F. Supp. 3d 128, 134 (D.D.C. 2024) (alterations in original) (citations omitted) (quoting *United States v. Wilson*, 605 F.3d 985, 1005 (D.C. Cir. 2010)). Defendant has made no attempt to establish any of those elements other than with her unsupported assertions. She has not explained how evidence that there were law enforcement officers in the crowd or that there were "failures in command, communication, and evidence handling," ECF No. 169 at 1, could exculpate her or impeach a testifying witness. Rather, she makes generalized statements,

### B.    Motion to Unseal the Signed Jury Verdict Form or the Name of the Jury Foreperson

There appears to be some confusion about the information Defendant seeks in this motion. The government argues that juror 0374's identity should remain sealed to protect the integrity of the jury system. *See* ECF No. 148 at 9. But Defendant knows the name of juror 0374—she has known it since *voir dire* on August 5, 2024. Rather, she seeks an unredacted copy of the jury verdict form finding her guilty of all charged offenses or general "unseal[ing of] the name of the presiding juror . . . for the limited purpose of pursuing post-conviction relief." ECF No. 127 at 1; *see also id.* at 2 (requesting as relief that the Court "[u]nseal the name of the presiding juror on the verdict form" or "provide a copy of the unredacted version of the verdict form to Defendant"). She reasons that she has "discovered newly available evidence that a specific individual may have served as the presiding juror in this case, and that he failed to disclose relevant ideological or

---

such as, "[i]f the jury had known the truth—that the FBI and MPD had saturated the crowd—the [g]overnment's narrative would have collapsed," "the presence of hundreds of undercover operatives impeaches the FBI witnesses," ECF No. 128 at 2, and "[t]hese findings reinforce Defendant's prior arguments that material exculpatory information was withheld," ECF No. 129 at 1. "Although the Court construes the defendant's *pro se* filings liberally, the Court is not required to construct the defendant's arguments for [her]." *United States v. Kelsey*, No. 16-cr-55, 2024 WL 51131, at *12 n.8 (D.D.C. Jan. 4, 2024) (citation omitted); *see also, e.g., Davidson v. United States Dep't of State*, 206 F. Supp. 3d 178, 202 (D.D.C. 2016) (noting that a "court need not act as an advocate for pro se litigants" and that it "is not the Court's job to canvass the record for [material] supporting a pro se party's position" (first quoting *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998); and then quoting *Sun v. D.C. Gov't*, 133 F.Supp.3d 155, 168 n. 6 (D.D.C.2015))), *aff'd*, 728 F. App'x 7 (D.C. Cir. 2018). More, courts have recognized that the only way such evidence could potentially be exculpatory is if the defendant could show "that [her] actions that day were caused by an informant, undercover agent, or cooperating source, or that [she] was somehow entrapped by the government's actions." *United States v. Brock*, 628 F. Supp. 3d 85, 101 (D.D.C. 2022), *vacated in part on reconsideration on other grounds*, No. 21-cr-140, 2025 WL 57216 (D.D.C. Jan. 9, 2025); *see also, e.g., United States v. Zink*, No. 21-cr-191, 2023 WL 5206143, at *3 (D.D.C. Aug. 14, 2023) ("[I]f an undercover officer or informant directed or encouraged Defendant to enter the Capitol, that could well be relevant."). However, the Court ruled before trial that any entrapment arguments were improper, and Defendant has not and does not now contend, much less demonstrate, that the conduct for which she was convicted was *caused by* any undercover law enforcement agents or failures in command or communication or that any evidence related to her conduct was mishandled. Nor has she shown that the government had any such evidence prior to trial and withheld it or that, had any such hypothetically withheld evidence been disclosed, there is a reasonable probability that she would not have been convicted—a tall order given the overwhelming evidence against her presented at trial. Again, the Court will not construct those arguments for her. *See, e.g., Kelsey*, 2024 WL 51131, at *12 n.8; *Davidson*, 206 F. Supp. 3d at 202. Accordingly, the Court finds Defendant has forfeited her arguments regarding a *Brady/Giglio* violation on the bases she asserts in her "supplements." *See Davidson*, 206 F. Supp. 3d at 202 (deeming perfunctory and undeveloped arguments by a pro se party "waived").

political bias during voir dire." *Id.* at 1.  Learning the name of the jury foreperson, she asserts, is

necessary "to file an accurate and well-supported motion for a new trial under Federal Rule of

Criminal Procedure 33 and/or a habeas petition under 28 U.S.C. § 2255," *id.* at 2, or a writ of

coram nobis, ECF No. 149 at 2.   That is, she wants the name of *the jury foreperson*, presumably

so that she can determine if the foreperson's name is the same as the name of juror 0374—which,

as noted, she already knows.  The Court therefore addresses that targeted request.

> Federal law and policy protect against disclosure of identifying information about jurors:
>
> Arguably, federal law criminalizes the unauthorized disclosure of juror
> information.  Because of [28 U.S.C. § 1867(f), which criminalizes disclosure of the
> "contents of records or papers used by the jury commission or clerk in connection
> with the jury selection process"], as well as concerns for privacy and public
> confidence in judicial integrity, the United States Judicial Conference, through the
> Administrative Office of United States Courts, has authored guidance on this
> subject. Generally, juror information is considered private, and courts are
> encouraged to protect it.  Thus, court reporters are directed to redact juror identities
> from trial transcripts, and judges are asked to preclude public disclosure of jurors'
> names by using a numeric identifier.

*United States v. Bruno*, 700 F. Supp. 2d 175, 180 (N.D.N.Y. 2010) (internal citations omitted)

(citing, among other things, Guide to Judiciary Policy, Vol. 10, Ch. 3, § 330.20, which directs

judges to "make efforts to limit references on the record to potential jurors' names by assigning

and using numbers for each juror").  Indeed, it is the policy of the Judicial Conference of the United

States that documents "containing identifying information about jurors or potential jurors" in a

criminal case "shall not be included in the public case file and should not be made available to the

public at the courthouse or via remote electronic access."  The Judicial Conference of the United

States, Policy on Privacy and Public Access to Electronic Case Files,

https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files

[https://perma.cc/XJC3-J739]; *see also, e.g.*, *Thorne v. United States*, No. 13-cr-293, 2020 WL

3513707, at *15 (W.D.N.C. June 29, 2020) (noting that the signed verdict form was "file[d] under

seal to protect juror identity"); *Lee v. Larkin*, No. Civ. A. 02-3428, 2005 WL 2218370, at *1 (D. Kan. Sept. 12, 2005) (noting that the jury foreperson's signature was redacted from the verdict form filed on the public docket "[f]or privacy purposes"). This concern does not evaporate after the jury is discharged; rather, "[a] judge's authority to protect jurors' privacy does not end when the case ends." *United States v. Williams*, Crim. Action No. 03-0221-11, 2006 WL 3099631, at *4 (S.D. Tex. Oct. 30, 2006) (citing *United States v. Brown*, 250 F.3d 907, 919 (5th Cir. 2001)).

There are, of course, countervailing concerns, such as "the loss of public confidence in our justice system that could arise if criminal juries very often consisted of anonymous persons." *In re Globe Newspaper Co.*, 920 F.2d 88, 97 (1st Cir. 1990). But here, Defendant knows the name of juror 0374; her object is to confirm that juror 0374 was the jury foreperson. She does not explain why that should matter—as noted above, *see* note 6, *supra*, the jury foreperson is merely one of twelve jurors in a criminal trial with a single vote on the issue of the defendant's guilt. Nor would revealing whether juror 0374 was the jury foreperson establish that juror 0374 is the same person as the individual she has investigated through her internet searches, rather than a different person with the same name. That is reason enough to deny her request.

Relatedly, Defendant's notion that confirmation that juror 0374 was the jury foreperson is necessary "to file an accurate and well-supported" Rule 33 motion, Section 2255 petition, or petition for a writ of coram nobis, ECF No. 127 at 2; *see also* ECF No. 149 at 2, fails to take into account the obstacles to any claim for post-conviction relief she might bring based on the alleged dishonesty of juror 0374 during *voir dire*. Two Rule 33 motions on that basis have been unsuccessful—the one at issue here because even if the material she submitted showed juror dishonesty, which it does not, it fails to show or even to suggest that she is actually innocent of the crimes of conviction. *See, e.g., Morrow*, 2006 WL 1147615, at *7 ("[A] Rule 33 motion based

upon newly discovered evidence is limited to whether the newly discovered evidence refers to the elements of the crime charged." (citation modified) (quoting *Hanoum*, 33 F.3d at 1130)).  She seems to acknowledge that she is ineligible for relief under Section 2255 because she fails to meet the custody requirement.  *See* ECF No. 149 at 2; *see also* 28 U.S.C. § 2255(a) ("A *prisoner in custody* under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence [on certain grounds]." (emphasis added)); *United States v. Ausby*, No. 72-cr-67, 2019 WL 2870232, at *3 (D.D.C. July 3, 2019) (noting that a federal court does not have jurisdiction over a Section 2255 petition if the petitioner was not in custody on the conviction being collaterally attacked at the time the petition was filed).  And although she suggests that a writ of coram nobis is available, *see* ECF No. 149 at 2, she does not seem to have grappled with the fact that a court has jurisdiction to grant that extraordinary writ to review errors only "'of the most fundamental character[,]' . . . [which] do not include 'prejudicial misconduct in the course of the trial, *the misbehavior or partiality of jurors*, [or] *newly discovered evidence*.'"[14] *United States v. Mills*, 221 F.3d 1201, 1203–04 (11th Cir. 2000) (emphasis added) (quoting *United States v. Mayer*, 235 U.S. 55, 60 (1914)).

Finally, as a factual matter, Defendant's requested relief will be ineffective.  The Court is unaware of the identity of the jury foreperson.  The Court instructed the jury that its initial duty was to select a foreperson; there was no instruction that the jury must thereafter inform the Court who had been selected.  *See* ECF No. 86 at 176–77.  Nor is there any indication on the docket (or in the Court's recollection) that the jury did so.  Thus, the confirmation Defendant seeks can come only from the verdict form.  The Court has reviewed a copy of that document, as Defendant

---

[14] The Court expresses no opinion on whether any as-yet unfiled request for post-conviction relief will ultimately succeed, as no such request is before the Court at this time.

requested.  *See* ECF No. 149 at 2 (suggesting the Court review the unredacted verdict form *in camera*).  The name of the "presiding juror" is not printed, and the signature is illegible.  That is, the Court does not know the name of the jury foreperson and the verdict form does not reveal it.[15]

Accordingly, the Court denies Defendant's motion to unseal.

## C.    Motion for Leave to File a Bar Complaint

This request is of a different character than the previous two.  The individual Defendant believes to be juror 0374 is an attorney licensed in Texas.  Defendant has admittedly filed a professional misconduct claim against that person and now asks for leave to do so *nunc pro tunc*.  The government suggests that the Court should not decide this issue now but instead should research whether the claim has been accepted by the State Bar of Texas and, if it has not, need not rule on this request at all.  What the government has not addressed is whether this Court has the authority to prohibit Defendant from filing a bar complaint against an attorney she believes to have violated the rules governing the practice of law in the jurisdiction where the attorney is licensed and, if the Court does, whether it is prudent to do so.

Assuming without deciding that this Court has the authority to interfere in a state bar's regulation of the attorneys it has licensed based on concerns about juror privacy, it will not exercise that authority.  According to the government's submission, the State Bar of Texas has a robust grievance procedure that provides sufficient process to attorneys accused of professional misconduct.  *See* ECF No. 148 at 15.  Indeed, the government suggests that Defendant's complaint is unlikely to proceed past the first stage of that procedure.  *See id.*  Defendant asserts, without contradiction from the government, that the grievance process is non-public.  *See*

---

[15] There are also two jury notes that have signatures.  The Court instructed the jury that any communication with the Court must be through a note signed by a jury member.  *See* ECF No. 86 at 178.  The signatures on those two notes are also illegible.

ECF No. 134 at 1. In these circumstances, and without a cogent opposition from the government, the Court is unwilling to interfere in that jurisdiction's regulation of its attorneys. Accordingly, Defendant's request for leave to file a bar complaint against the individual she believes to be juror 0374 is granted *nunc pro tunc*.[16]

### D.    Motion to Unseal the Documents Found at ECF No. 63 and ECF No. 64

As noted, in the run-up to the trial, Defendant disclosed a new trial exhibit and a new witness. The government opposed that evidence in the two sealed filings Defendant now seeks to unseal. *See* ECF No. 63; ECF No. 64. Defendant ultimately withdrew her request to enter the proposed exhibit into evidence and the Court precluded the witness from testifying, finding the testimony irrelevant. *See* ECF No. 69 at 6; *see also* ECF No. 100 at 1. The question now before the Court is whether the two sealed submissions should be unsealed.[17]

Notably, the government has changed its position on the unsealing of these documents. As recently as September 9, 2025, the government opposed unsealing any portion of those filings. *See* ECF No. 161 at 9–11. Now, however, it maintains that both should be made public with limited redactions—specifically, redactions of two lines of a footnote in ECF No. 63 and one paragraph in the text of ECF No. 64—the second paragraph on the first page of the document— both of which outline in general terms the subject of an internal investigation involving the

---

[16] By granting Defendant leave to engage the disciplinary machinery of the State Bar of Texas, this Court in no way suggests that Defendant's grievance is meritorious. The Texas State Bar may come to its own conclusion on that issue. But, in line with the Court's assumption that the person against whom Defendant has filed a bar grievance is the person who served as juror 0374, the Court by separate Order will direct the Clerk of Court to send a copy of this opinion to juror 0374 to provide them fair notice of the grievance and these proceedings.

[17] In her recent reply to the government's submission on this issue, Defendant also asks that the Court "order the unsealing of any related transcript passages that reference or discuss ECF 63 and 64." ECF No. 165 at 2. She did not make that request in any of her prior submissions. The Court need not consider arguments or requests made for the first time in a reply brief. *See, e.g.*, *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008). In any case, all transcripts on the docket are publicly available in their entirety; no portions are sealed.

proposed witness by the Metropolitan Police Department ("MPD") in the wake of the January 6, 2021, riot at the Capitol.[18]  *See* ECF No. 166 at 7–9.

Courts in the United States have "recognized a common law right to inspect and copy public records—that is, those 'government document[s] created and kept for the purpose of memorializing or recording an official action, decision, statement, or other matter of legal significance, broadly conceived.'"  *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 905 (D.C. Cir. 1996)).  "[T]he decision whether a document must be disclosed pursuant to the common law right of access involves a two-step inquiry."  *Wash. Legal Found.*, 89 F.3d at 902.  "First, the court must decide 'whether the document sought is a public record.  If the answer is yes, then the court should proceed to balance the government's interest in keeping the document secret against the public's interest in disclosure.'"  *Id.* (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1451–52 (D.C. Cir. 1994)).  Importantly, only if a court determines that the record at issue is a "public record" must it "appl[y] . . . the second-step balancing test."  *Wash. Legal Found.* 89 F.3d at 905; *see also, e.g.*, *Abdelhady v. George Washington Univ.*, No. 22-cv-1334, 2023 WL 2162061, at *3 (D.D.C. Feb. 22, 2023) (denying a motion to unseal a document that was not a judicial record without engaging in any balancing of interests); *U.S. ex rel. Kammarayil v. Sterling Ops., Inc.*, No. 15-cv-1699, 2018 WL 6839747, at *2 (D.D.C. Dec. 31, 2018) (stating that the D.C. Circuit's balancing test is "inapplicable" where a document is not a public record).

"Judicial records" are public records.  *See Am. Int'l Grp.*, 712 F.3d at 3.  "Yet not all documents filed with courts are judicial records. . . .  [W]hether something is a judicial record depends on 'the role it plays in the adjudicative process.'"  *Id.* (quoting *United States v. El-Sayegh*,

---

[18] The Court notes that the proposed witness is identified only by initials in the filings.

131 F.3d 158, 163 (D.C. Cir. 1997)).  More specifically, "a judicial record 'assumes a judicial decision,' and with no such decision, there is 'nothing judicial to record.'" *Id.* (quoting *El-Sayegh*, 131 F.3d at 162); *see also, e.g.*, *Abdelhady*, 2023 WL 2162061, at *3 ("[A] document is not a public record when it does not eventuate any official action or decision." (citation modified) (quoting *Wash. Legal Found.*, 89 F.3d at 905)).

"[A] finding that material is a judicial record generates a 'strong presumption in favor of public access'"; however, that presumption "may be outweighed by competing interests." *In re Application to Certain Sealed Video Exhibits*, 546 F. Supp. 3d 1, 4 (D.D.C. 2021) (first quoting *In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); and then quoting *MetLife Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).  This Circuit's balancing test, articulated in *United States v. Hubbard*, 650 F.2d 293, 314 (D.C. Cir. 1980), "is intended to 'ensure that courts fully account for the various public and private interests at stake.'" *Kammarayil*, 2018 WL 6839747, at *2 (citation modified) (quoting *Metlife*, 865 F.3d at 666).  It requires courts to consider six factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

The Court commends the government's reconsideration of its position as to the two documents at issue and its proposal for targeted redactions.  However, the government's argument that ECF No. 63—the document related to Defendant's proposed trial exhibit—should be unsealed misapprehends controlling law.  As to ECF No. 64—the document related to Defendant's proposed

trial witness—the government is correct that the *Hubbard* factors favor unsealing with its proposed redaction.

       1.    ECF No. 63

       The document found at ECF No. 63—the government's objection to an exhibit proposed by Defendant and withdrawn before the Court ruled on its admissibility, *see* ECF No. 69 at 6; *see also* ECF No. 100 at 1—is not a judicial record. Because there was no judicial decision relying on ECF No. 63, there was "nothing judicial to record." *Am. Int'l Grp.*, 712 F.3d at 3 (quoting *El-Sayegh*, 131 F.3d at 162). And because it is not a judicial record, it is not subject to the common law right of access. *See El-Sayegh*, 131 F.3d at 161 n.1 ("[B]ecause this document has never been the subject of judicial action, it is not a judicial record and no public right of access exists."); *In re Press Coalition's Motion for Access to Cmty. Serv. Records*, No. 21-mc-155, 2022 WL 227090, at *2 (D.D.C. Jan. 26, 2022) ("[The] records are not judicial records, so that common-law right of access does not apply."). That ends the inquiry.[19] *See, e.g.*, *In re Press Coalition's Motion for*

---

[19] Some right of public access also derives from the First Amendment; however, that right is narrower than the common law right. *See, e.g.*, *In re Application of Pub. Def. Serv. for D.C. to Unseal Certain Records*, 607 F. Supp. 3d 11, 24 (D.D.C. 2022) ("Because the common law right is 'broader, but weaker' than the First Amendment right, it may attach to documents even where the First Amendment does not." (internal citation omitted) (quoting *El-Sayegh*, 131 F.3d at 160)). "[W]hether a qualified right of access exists depends on 'considerations of experience and logic.'" *Id.* at 20 (quoting *Press-Enter. Co. v. Sup. Ct. of Cal.*, 478 U.S. 1, 9 (1986)). Under that "experience and logic test," a litigant seeking disclosure of material in a criminal proceeding must meet "*both* the experience and logic prongs." *Id.* at 20, 23. The "logic" prong requires the litigant to show that "public access plays a significant positive role in the functioning of the proceeding[]." *Id.* at 20 (quoting *United States v. Brice*, 649 F.3d 793, 795 (D.C. Cir. 2011)). It may be met where, for example, material is relied on by a court in making an "evidentiary decision," because public access to such material would "enhance[] both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Id.* (quoting *United States v. Silver*, No. 15-cr-93, 2016 WL 1572993, at *4 (S.D.N.Y. Apr. 14, 2016)). Here, the document at ECF No. 63 had no part in any decision made by the Court; the logic prong is therefore not met. The "experience" prong requires "an 'unbroken, uncontradicted history' of openness" to such a proceeding or document. *Id.* (quoting *Brice*, 649 F.3d at 795). Defendant has not argued that there is an unbroken, uncontradicted history of access to a document that played no role in the adjudication of any issue in a criminal trial and the Court is not aware of any such history. Accordingly, Defendant has not established a First Amendment right of access to ECF No. 63.

*Access to Cmty. Serv. Records*, 2022 WL 227090, at *2 (holding that a finding that materials were not judicial records was "dispositive" on the issue of whether a right to public access existed).

The government recognizes that ECF No. 63 is not a judicial record. It states—correctly—that "[b]ecause [D]efendant withdrew her request to enter the proposed exhibit into evidence, ECF 63 played no role in the adjudicatory process and thus has no public value. Accordingly, ECF 63 is not a judicial record." ECF No. 166 at 6. Inexplicably, however, the government goes on to assess the *Hubbard* factors. *See* ECF No. 166 at 7–8. That is error. *See, e.g.*, *Kammarayil*, 2018 WL 6839747, at *2 ("[T]he *Hubbard* test is inapplicable where a court filing is nonetheless not a judicial record because of its 'role' in the 'adjudicatory process.'" (quoting *MetLife*, 865 F.3d at 666)); *see also Am. Int'l Grp.*, 712 F.3d at 3 ("We need not put the parties' competing interests on the scales because we hold that the [materials at issue] are neither judicial records nor public records."). Accordingly, notwithstanding the government's position that the *Hubbard* factors counsel in favor of unsealing the bulk of ECF No. 63, Defendant's motion will be denied as to that document.

### 2.    ECF No. 64

The document found at ECF No. 64 is a judicial record. That document argued that the testimony of Defendant's proposed witness was irrelevant and should not be admitted. *See* ECF No. 64 at 2. The Court sustained the government's objection. *See* ECF No. 69 at 6. That is, ECF No. 64 is a "document filed with the court (1) that '[could] affect [the] court's decisionmaking process,' (2) 'which the [government] hope[d] to influence the court,' and (3) 'upon which the court . . . base[d] its decision'"; it is therefore a judicial record. *Kammarayil*, 2018 WL 6839747, at *2 (quoting *MetLife*, 865 F.3d at 667). The Court therefore will apply the *Hubbard* factors to that document.

Before that, however, it is worthwhile to examine what precisely is in dispute. As noted, the government no longer urges the Court to maintain a seal over the entire document found at ECF No. 64; instead, it seeks to redact a single paragraph describing an internal MPD investigation. *See* ECF No. 166 at 8–9. Plaintiff, on the other hand, asks that the entire document be unsealed. *See* ECF No. 164. Consequently, the following discussion centers on the issue on which the parties disagree—the redaction of the second paragraph on the first page of ECF No. 64.

A district court weighing the first *Hubbard* factor "should consider the public's need to access the information that remains sealed." *Cable News Network v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021). As noted, here the entire brief is currently sealed, but the government (which filed the brief) seeks to shield only the single paragraph describing an internal MPD investigation. The facts of that investigation were not proffered as the subject of the proposed witness' testimony— he was proposed because he had taken video footage on January 6, 2021. The information about that investigation was irrelevant to the Court's decision to exclude the testimony. Accordingly, the first factor weighs in favor of unsealing the document with the government's proposed redaction. *See, e.g.*, *United States v. Trump*, No. 23-cr-257, 2024 WL 4367035, at *1 (D.D.C. Oct. 2, 2024) (finding "little need for public access" to material that "[did] not bear on the substantive issue the [m]otion addresse[d]").

The second through fifth factors concern the public's previous access to the sealed material and the privacy or property interests at stake; they are often seen as interrelated. *See, e.g.*, *United States v. Lichtenstein*, 769 F. Supp. 3d 32, 39 (D.D.C. 2025) ("The third, fourth, and fifth *Hubbard* factors are interrelated . . . ."); *In re Application of Public Defender Service*, 607 F. Supp. 3d at 27 (finding that the extent of prior public access to the sealed material (the second factor) had an effect on the analysis of the strength of the privacy interest (the fourth factor)). These are a mixed

bag.  As to the second factor, the public has not had access to the document found at ECF No. 64.  However, both parties agree that there has been some disclosure of the investigation outlined in the paragraph the government seeks to redact.  *See* ECF No. 166 at 7 n.3; ECF No. 165 at 1.  Generally, where the public has not had access to sealed material, this factor is neutral; if there is prior public access, this factor weighs in favor of disclosure.  *See All Assets Held at Bank Julius Baer*, 520 F. Supp. 3d at 83; *but see Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 606 (1978) ("The presence of an alternative means of public access tips the scales in favor of denying release.").  However, the fact that there has been prior public access cannot control the decision.  *See Hubbard*, 650 F.2d at 318 ("Determining whether, when and under what conditions the public has already had access to court records in a given case cannot of course guide decision concerning whether, when and under what conditions the public should have access as an original matter.").  Accordingly, this factor is neutral as to unsealing the bulk of ECF No. 64 and weighs slightly in favor of disclosing the information the government proposes to redact.

The third factor asks whether there has been an objection to disclosure and the identity of the objector.  *See Nat'l Children's Ctr.*, 98 F.3d at 1409.  The government has objected to the release of the paragraph described above, citing the privacy interests of the proposed witness.[20]  *See* ECF No. 166 at 7.  Where, as here, a third party's privacy rights are at issue, this factor "provid[es] broader protection from disclosure."  *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d 101, 110 (D.D.C. 2021) (quoting *United States v. Jackson*, No. 21-mj-115, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021)).  Although an objection from that third party will generally weigh more heavily against disclosure than an objection from a party, *see, e.g., True the*

---

[20] The government also cites the privacy interests of others involved in the investigation.  *See* ECF No. 166 at 7.  However, no other individual involved in the investigation is identified or mentioned in the paragraph the government proposes to redact.  The Court therefore does not consider the interests of those individuals.

*Vote, Inc. v. IRS*, No. 13-cv-734, 2024 WL 2803332, at *8 (D.D.C. May 31, 2024), that principle has little application where the third party "is in no position to object" because unaware of the dispute over disclosure, *In re Application of Leopold*, No. 13-mc-712, 2020 WL 7481037, at *4 (D.D.C. Dec. 17, 2020). This factor therefore weighs in favor of the government's proposed redaction. *See, e.g.*, *United States v. Thomas*, 840 F. Supp. 2d 1, 4 (D.D.C. 2011) ("The objection to disclosure made by a party to an action generally is deemed to weigh in favor of denial of public access.").

As to the fourth factor—the strength of the privacy interest at issue—the government asserts that the proposed witness has "strong privacy interests" but does not further elucidate that point. ECF No. 166 at 9. Defendant does not deny that there is some privacy interest at stake. *See* ECF No. 164 at 1 (asserting that the "privacy interests" cited by the government are an insufficient "counterweight" to the *Hubbard* factors that favor unsealing). In light of the lack of development on this factor, the Court finds it neutral. The fifth factor—the risk of prejudice to those opposing disclosure—does not weigh in favor of continued sealing. The government cites "reputation[al] harm," ECF No. 166 at 9, but this factor is concerned with "whether disclosure of the [material] will lead to prejudice in future litigation" to the relevant individual or entity. *All Assets Held at Bank Julius Baer*, 520 F. Supp. 3d at 85. The government has not identified any such possible prejudice.

The final *Hubbard* factor examines "the purpose for which the documents were introduced" and "their relation to the litigation as a whole." *In re Application of Public Defender Service*, 607 F. Supp. 3d at 28. The document—and especially the single paragraph that the government seeks to redact—was only tangentially related to the issues at trial. Indeed, the Court found that the proposed witness had nothing relevant to add to the proceedings. In similar

situations, courts have found that "[s]uch a weak connection to the merits of the case weighs against unsealing." *Id.* at 29. More, when this factor "highlights the fact that a sealed document [or other sealed material] didn't affect a judicial decision, it can be the 'most important' element cutting *against* disclosure." *Cabe News Network*, 984 F.3d at 120 (quoting *Hubbard*, 650 F.2d at 321). So it is here. The material the government seeks to shield did not affect the Court's decision to exclude the proposed witness. This factor thus weighs heavily against disclosure of that material. *See Hubbard*, 650 F.2d at 316, 321 (finding the sixth factor weighed heavily against disclosure where, as here, the only relevance of the sealed material "derived from the [government's] contention that . . . [it was] not relevant to the proceedings").

In sum, the public's need to access the material the government proposes to redact is weak if not nil, there has been an objection to release of that material, and, most importantly, the information in the proposed redaction did not affect the Court's decision. Taken together, these factors weigh heavily in favor of releasing the document with the redaction. They are not counterbalanced by the remaining *Hubbard* factors, which are neutral or weigh less heavily in favor of disclosure of the entire document. Accordingly, the government will be ordered to file a version of the document found at ECF No. 64 with its proposed redaction on the public docket.[21]

## VII.    CONCLUSION

For the foregoing reasons, the Court will contemporaneously issue an Order denying Defendant's motion to vacate her conviction pursuant to Rule 33 of the Federal Rules of Criminal Procedure, ECF No. 126, and her motion to unseal the name of the presiding juror or to obtain an unredacted verdict form, ECF No. 127; granting *nunc pro tunc* her motion to file a bar complaint,

---

[21] Defendant has asked "that any proposed redactions be submitted for in camera review and that Defendant be given an opportunity to respond prior to final release." ECF No. 164 at 2. The Court has reviewed and analyzed the proposed redaction in this section and finds further input on the issue would be unhelpful. Her request is therefore denied.

ECF No. 134; and granting in part and denying in part her request to unseal the documents found at ECF No. 63 and ECF No. 64, *see* ECF No. 138. That Order will dispose of all pending motions before this Court. Any appeal should be taken to the U.S. Court of Appeals for the D.C. Circuit. Rule 4(b) of the Federal Rules of Appellate Procedure governs the time for filing a notice of appeal in a criminal case and provides that, in most cases, the notice must be filed within fourteen days of the entry of the judgment or order being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i).

Date: October 2, 2025

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE