UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-00241 (GMH) |
| | : | |
| CINDY YOUNG | : | |
| | : | |
| Defendants. | : | |

NOTICE OF FILING

Consistent with the Court's order, ECF No. 171, the government is filing ECF No. 64, with redactions, on the public docket.

Respectfully submitted,

JEANINE PIRRO
United States Attorney

KACIE WESTON
Chief, Special Proceedings Division
MD Bar

By:   /s/ Shehzad Akhtar
SHEHZAD AKHTAR
Assistant United States Attorney
D.C. Bar 493635
United States Attorney's Office
601 D Street, N.W., 6th Floor
Washington, DC 20530
Phone: (220) 252-7498
Email: Shehzad.Akhtar@usdoj.gov

Case 1:23-cr-00241-GMH Document 64 *SEALED* Filed 08/06/24 Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:23-cr-241 (GMH) |
| | : | |
| **CINDY YOUNG,** | : | **UNDER SEAL** |
| | : | |
| **Defendant.** | : | |

# UNITED STATES' OBJECTION TO SUPPLEMENTAL DEFENSE WITNESS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits objections to preclude Defendant Young from soliciting witness testimony from Inv. N.T. On July 2, 2024, the defendant informed via email of an additional defense witness: Inv. N.T. The government objects to soliciting witness testimony from Inv. N.T. because the testimony is irrelevant and only serves to confuse the issues, mislead the jury, and waste time.

Defendant Young proffers that Inv. N.T. is relevant because it authenticates video Inv. N.T. took on January 6, 2021 (Defense Exhibits 401–406). The defendant further proffers that some of the videos show areas at a time she was present or areas she traveled. Finally, the defendant proffers that in one video, Inv. N.T. can be heard saying that he did not see police lines

and can be seen walking into restricted areas.

Again, the government has not disputed the authenticity of the recordings as set forth in Defense Exhibits 401–406. *See* ECF No. 62, Attach. 1, Section II: F (page 10). Rather, as a matter of admissibility, the government highlighted its *potential* relevancy objections of Exhibits 403–405 because until July 2, 2024 the defendant had failed to proffer any basis for their relevance. If it is indeed the case that Exhibits 403–405 show areas at a time Defendant Young was present or areas she traveled, the government does not object to Exhibits 403–405 as to relevance. However, with respect to Exhibits 401, 402, and 406, the government renews its objection based on relevance because the exhibits neither show areas at a time Defendant Young is present nor is it evidence of the path she traveled. Given that the government's objections are not based on authenticity, testimony by Inv. N.T. will not aid in showing the relevance of Defense Exhibits 401–406. Of course, much of this litigation can be averted if Defendant Young would simply provide a robust proffer prior to or at the pre-trial conference as to how she will lay the relevance foundation.

Instead, worse than being irrelevant, testimony by Inv. N.T. confuses the issues, misleads the jury, and wastes time and should be excluded pursuant to Rules of Evidence 402 and 403. Testimony by Inv. N.T. will not be used to prove the admissibility of any other videos; rather, it will risk a diversionary trial-within-a-trial of law enforcement on January 6, 2021. Specifically, eliciting testimony by Inv. N.T. would only serve to further a legally impermissible "entrapment by estoppel" defense that would shift blame for Defendant's criminal conduct to police officers who had nothing to do with her. Consequently, this Court should exclude testimony by Inv. N.T *in limine*. *See* ECF No. 44, at 11–12 (arguing to preclude arguments that Defendant's actions were authorized by law enforcement).

2

As illustrated by Judge Howell in *United States v. Chrestman,* 525 F. Supp. 3d 14, 32–33 (D.D.C. 2021), any purported conduct or inaction by police officers, particularly those who make no show of their authority and who are in plainclothes, cannot make legal the crimes charged in this case, and therefore testimony by Inv. N.T. would be irrelevant.[1] A Metropolitan Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her conduct. *See Chrestman*, 525 F. Supp. 3d at 33. Nor can an officer shield an individual from liability for an illegal act by engaging in misconduct or neglecting to enforce the law.

Upon information and belief, no judge has yet to allow such testimony. As previously explained in a prior sealed filing, this is not the first time a defendant has unsuccessfully sought this tactic. *See* ECF No. 63 (citing *United States v. Warner, et al*, 21-cr-392-RCL 11/03/23 Tr. at 124–131). Moreover, Judge Lamberth addressed this issue in a slightly different context of a Motion for Discovery and *Brady* Motion. *See United States v. Nichols, et al*, 21-cr-117-RCL, ECF No. 266. As described by Judge Lamberth, "[t]he basic idea is that the crisis at the Capitol was an elaborate setup by the United States government designed to ensnare peaceful Trump supporters . . . On this view, shadowy teams of plainclothes government agents orchestrated the attack, leaving a far larger number of innocent Americans to take the fall." *Id.* at *13. But it takes "more than the adverse party's conclusory suspicions to impel the adjudicator to delve behind the government's representation." *Id.* at *14, 20 ("Mr. Nichols has not offered a factually grounded explanation of how information from the alleged informants would help prove him innocent."). Here, the Defendant does not provide any information about how the presence of Inv. N.T. would have or could have prompted the Defendant to commit a crime she would have otherwise not

---

[1] While *Chrestman* dealt with a defendant's reliance on former President Trump's statements, the analysis with respect to reliance on law enforcement is the same.

3

committed. Ultimately, allowing irrelevant testimony by Inv. N.T. invites improper argument.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar No. 481052

By:     */s/ Pavan S. Krishnamurthy*
          PAVAN S. KRISHNAMURTHY
          Assistant United States Attorney
          D.C. Bar No. 252831
          601 D Street NW
          Washington, DC 20001
          (202) 252-7862
          pavan.krishnamurthy@usdoj.gov

          */s/ Rebekah E. Lederer*
          REBEKAH LEDERER
          Assistant United States Attorney
          Pennsylvania Bar No. 320922
          601 D St., NW
          Washington, D.C. 20001
          (202) 252-7012
          rebekah.lederer@usdoj.gov